**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00453-KLM

MICHAEL BILINSKY, Individually and on Behalf of All Others Similarly Situated,

     Plaintiffs,

     v.

GATOS SILVER, INC., STEPHEN ORR, ROGER JOHNSON, THOMAS S. KAPLAN, JANICE STAIRS, JEB BURNS, ALI ERFAN, IGOR GONZALES, KARL HANNEMAN, IGOR LEVENTAL DAVID PEAT, BMO CAPITAL MARKETS CORP., GOLDMAN SACHS & CO. LLC, RBC CAPITAL MARKETS, LLC, CANACCORD GENUITY CORP., and CIBC WORLD MARKETS CORP.,

     Defendants.

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KENNETH PIGFORD TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**

---

Kenneth Pigford ("Movant") hereby moves this Honorable Court for an order: (1) appointing Movant as Lead Plaintiff for the Class of all purchasers or acquirers of Gatos Silver, Inc. ("Gatos" or the "Company"): (a) common stock pursuant and/or traceable to the Registration Statement issued in connection with the Company's initial public offering (the "IPO" or "Offering") conducted on or about October 28, 2020; and/or (b) securities between October 28, 2020 and January 25, 2022, inclusive (the "Class Period"); and (2) approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class. This Motion is brought pursuant to pursuant to Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B) (the "Securities Act"), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

1

Movant should be appointed Lead Plaintiff and his selection of counsel should be approved. To Movant's knowledge, Movant is the "most adequate plaintiff" as defined by the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Movant purchased, and retained, 1,076.58 shares of Gatos suffering losses of $12,336.40 and otherwise satisfies the pertinent requirements of Rule 23 of the Federal Rules of Civil Procedure. Additionally, Movant has selected counsel that has extensive experience in securities class actions throughout the country.

## I.   PERTINENT FACTS AND PROCEDURAL HISTORY

This action was commenced on February 22, 2022 against certain of the Company's officers, directors, and underwriter for violations of the Securities Act and Exchange Act. That same day, the requisite PSLRA early notice was disseminated advising class members of, *inter alia*, the pendency of the action and the 60-day deadline for any class member to seek appointment as lead plaintiff in this action. *See* Declaration of Phillip Kim In Support of Motion of Kenneth Pigford to Appoint Lead Plaintiff and Approve Lead Plaintiff's Selection of Counsel, Ex. 1.[1]

The complaint alleges that in the Registration Statement and throughout the Class Period, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors that: (1) the technical report for Gatos's primary mine, the Cerro Los Gatos deposit, contained certain errors; (2) among other things, the mineral reserves had been overestimated by as much as 50%; and (3) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

---

[1] All references to "Ex. __" refers to the exhibits attached to this Declaration.

On October 29, 2020, the Company filed its prospectus on Form 424B4 with the SEC, which forms part of the Registration Statement. In the IPO, the Company sold approximately 24,644,500 shares of common stock at a price of $7.00 per share. The Company received net proceeds of approximately $156.1 million from the Offering. The proceeds from the IPO were purportedly to be used to retire a portion of the Los Gatos Working Capital Facility, repurchase an 18.5% interest in the Los Gatos Joint Venture, fund near-term debt service needs, conduct a feasibility study for a 3,000 tpd production rate expansion of the CLG mine, and working capital and general corporate purposes.

On January 25, 2022, after the market closed, Gatos Silver revealed that "there were errors in the technical report entitled 'Los Gatos Project, Chihuahua, Mexico' with an effective date of July 1, 2020 . . . , as well as indications that there is an overestimation in the existing resource model." On a preliminary basis, the Company estimates a potential reduction of the metal content of the mineral reserve ranging from 30% to 50% of the metal content remaining after depletion.

On this news, the Company's stock price fell $7.02, or 69%, to close at $3.17 per share on January 26, 2022, on unusually heavy trading volume.

By the commencement of this action, Gatos shares were trading as low as $3.20 per share, a nearly 54% decline from the $7.00 per share IPO price.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of Gatos's shares, Movant and other Class members have suffered significant losses and damages.

## ARGUMENT

### II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions

3

brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as

Lead Plaintiff filed by class members in response to a published notice of class action by the

later of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court

decides any pending motion to consolidate. 15 U.S.C. § 77z-1(a)(3)(B); 15 U.S.C. § 78u-

4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to

serve as Lead Plaintiff is the person that:

> (aa) has either filed the complaint or made a motion in response to a
> notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in
> the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules
> of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii); 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Crocs, Inc. Secs. Litig.*,

2008 WL 4298316, at * 1- * 2 (D. Colo. Sept. 17, 2008).

As explained below, Movant satisfies the above criteria and is the most adequate plaintiff

and should be appointed Lead Plaintiff.

### A.      Movant Is Willing to Serve as Class Representative

Preliminarily, in response to the early notice issued on February 22, 2022, Movant made

this motion within the 60-day time period. Movant attests that he has reviewed the complaint and

is willing to serve as a representative of the class. Accordingly, Movant satisfies the first

requirement to serve as Lead Plaintiff for the Class. *See* Ex. 2.

### B.      Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate

plaintiff . . . is the person … that . . . has the largest financial interest in the relief sought by the

class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) (emphasis added); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In*

*re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). While the PSLRA does not specify how to

calculate the "largest financial interest," the approximate losses suffered are the most determinative. *Richardson v. TVIA, Inc.*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2008) (citing cases). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005); *Weiss v. Friedman, Billings, Ramsey, Group, Inc.*, 2006 WL 197036 * 3 (S.D.N.Y. Jan. 25, 2006).

Movant purchased, and retained, 1,076.58 Gatos shares and lost $12,336.40 in connection with his purchases of Gatos securities. *See* Ex. 3. Movant is not aware of any other individual who has suffered greater losses in Gatos securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed Lead Plaintiff for the Class.

**C.      Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Federal Rules of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class

certification -- a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *See In re Fuwei Films Secs. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008) ("At this point, a prospective lead plaintiff need only make a preliminary, prima facie showing that his or her claims satisfy the requirements of Rule 23."); *Cooke v. Equal Energy Ltd.*, Master Docket CIV14-0087-C, 2014 U.S. Dist. LEXIS 63452, *7 (W.D. Okla. May 8, 2014); *Greebel v. FTP Software*, 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Moreover, typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA. *Crocs*, 2008 WL 4298316, at * 2. And of these four prerequisites, only two – typicality and adequacy – affect the analysis of competing motions for appointment as lead plaintiff. *See Wolfe v. Aspenbio Pharma, Inc.*, 275 F.R.D. 625, 628 (D. Colo. 2011).

### 1.    Movant's Claims Are Typical of the Claims of All Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." Typicality is demonstrated where the members of the class are victims of the same course of conduct. *Daigle v. Shell Oil Co.*, 133 F.R.D. 600, 604 (D. Colo. 1990). Typicality is satisfied when the representative plaintiffs' claims arise from the same event, practice or course of conduct that provides the basis of class claims and are grounded in the same legal or remedial theory. *Adamson v. Bowen*, 855 F.2d 668, 676 (10th Cir. 1988). Typicality does not require that every class member's claim be identical to those of the representative plaintiffs. *Anderson v. City of Albuquerque*, 690 F.2d 796, 800 (10th Cir. 1982). According to the Tenth Circuit, "the typicality requirement is ordinarily not argued…It is to be recognized that there may be varying fact situations among individual members of the class and this is all right so long as the claims of the plaintiffs and the other class members are based on the same legal or remedial theory." *Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1189 (10th Cir. 1975).

Here, the typicality requirement is met because Movant's claims are identical, non-competing and non-conflicting with the claims of the other Class Members. Movant and all of the Class Members purchased Gatos securities when the prices were artificially inflated as a result of the Defendants' misrepresentations and omissions, and thus, both Movant and Class Members suffered damages as a result of these purchases. Simply put, Movant like all other Class Members: (1) purchased Gatos securities pursuant and/or traceable to the IPO and/or during the class period; (2) purchased Gatos securities at artificially-inflated prices as a result of Defendants' misrepresentations and omissions; and (3) suffered damages thereby. Moreover, Movant is not subject to any unique or special defenses. Thus, Movant meets the typicality requirement of Rule 23.

### 2.    Movant Will Adequately Represent the Class

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Movant lives in Florida, where he works for the U.S. Navy. Movant has a college degree. Movant has been investing for 10 years. Movant has communicated with competent, experienced counsel concerning this case, and has made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between Movant's claims and those asserted on behalf of the Class. Movant also sustained substantial financial losses from his investments in Gatos securities and is therefore, extremely motivated to pursue claims in this action.

### D.    Movant is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only

upon proof "by a purported member of the Plaintiff's class" that the presumptively most

adequate plaintiff:

> (aa) will not fairly adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of
>
> adequately representing the class.

15 U.S.C. § 77z-1(a)(3)(B)(iii)(II); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore

subject to rebuttal. Movant has suffered substantial financial losses and has the largest financial

interest in this case of any timely lead plaintiff. The ability of Movant to represent the Class

fairly and adequately is discussed above. Movant is not aware of any unique defenses

Defendants could raise against him that would render Movant inadequate to represent the Class.

Accordingly, Movant is presumptively the most adequate plaintiff and should be appointed as

Lead Plaintiff for the Class.

## III. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel,

subject to the approval of the Court. 15 U.S.C. § 77z-1(a)(3)(B)(v); 15 U.S.C. § 78u-

4(a)(3)(B)(v). The Court should only interfere with the Lead Plaintiff's selection when

necessary "to protect the interests of the class." 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa); 15

U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively

researching the Class Plaintiff's claims including reviewing publicly available financial and

other documents while gathering information in support of the claims against the defendants, as

well as filing the initial complaint. Furthermore, the firm is experienced in the area of securities

litigation and class actions, having been appointed as lead counsel in securities class actions in

courts throughout the nation. *See* Ex. 4. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff; (2) approving Lead Plaintiff's selection of Rosen Law. as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:  April 25, 2022                                    Respectfully submitted,


                                                          */s/ Phillip Kim*
                                                          Phillip Kim
                                                          The Rosen Law Firm, P.A.
                                                          275 Madison Avenue, 40th Floor
                                                          New York, NY 10016
                                                          Telephone: (212) 686-1060
                                                          Fax: (212) 202-3827
                                                          Email: pkim@rosenlegal.com

                                                          *[Proposed] Lead Counsel for Plaintiff and Class*

## CERTIFICATE OF SERVICE

I, Phillip Kim, hereby declare under penalty of perjury as follows:

I am an attorney at The Rosen Law Firm, P.A., with offices at 275 Madison Ave, 40th Floor, New York, NY 10016. I am over the age of eighteen.

On April 25, 2022, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF KENNETH PIGFORD TO APPOINT LEAD PLAINTIFF AND APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on April 25, 2022.

*/s/ Phillip Kim*
Phillip Kim

7