**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-00453-KLM

MICHAEL BILINSKY, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

GATOS SILVER, INC.,
STEPHEN ORR,
ROGER JOHNSON,
THOMAS S. KAPLAN,
JANICE STAIRS,
JEB BURNS,
ALI ERFAN,
IGOR GONZALES,
KARL HANNEMAN,
IGOR LEVENTAL
DAVID PEAT,
BMO CAPITAL MARKETS CORP.,
GOLDMAN SACHS & CO. LLC,
RBC CAPITAL MARKETS, LLC,
CANACCORD GENUITY CORP., and
CIBC WORLD MARKETS CORP.,

      Defendants.

---

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF
BARD BETZ FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF HIS SELECTION OF LEAD COUNSEL, [ECF 16]
AND IN OPPOSITION TO THE COMPETING MOTIONS**

---

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Bo Young Cha v. Kinross Gold Corp.*,
No. 12 Civ. 1203(PAE), 2012 WL 2025850 (S.D.N.Y. May, 31, 2012) ................................. 4, 5

*Constance Sczesny Trust v. KPMG LLP*,
223 F.R.D. 319 (S.D.N.Y. 2004) ............................................................................................. 2

*Dura Pharmaceuticals, Inc. v. Broudo*,
544 U.S. 336 (2005) ................................................................................................................ 5

*Ellis v. Spectranetics Corp.*,
No. 15-CV-01857-KLM, 2015 WL 9259928 (D. Colo. Dec. 18, 2015) ................................. 4, 7

*Goldstein v. Puda Coal, Inc.*,
827 F. Supp. 2d 348 (S.D.N.Y. 2011) ..................................................................................... 7

*In re Adobe Sys., Inc. Sec. Litig.*,
139 F.R.D. 150 (N.D. Cal. 1991) ............................................................................................ 8

*In re Bally Total Fitness Sec. Litig.*,
No. 04C3530, 2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ..................................................... 4, 6

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ................................................................................................... 4, 9

*In re Oxford Health Plans, Inc. Sec. Litig.*,
199 F.R.D. 119 (S.D.N.Y. 2001) ............................................................................................. 8

*In re Priceline.com Inc. Sec. Litig.*,
236 F.R.D. 89 (D. Conn. 2006) ............................................................................................... 8

*In re SemGroup Energy Partners, L.P. Sec. Litig.*,
No. 08-cv-425-GKF-PJC, 2008 WL 4826318 (N.D. Okla. Oct. 27, 2008) .............................. 8

*In re Williams Sec. Litig.*,
No. 02-CV-72-H(M), 2002 WL 32153476 (N.D. Okla. July 8, 2002) ...................................... 3

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ............................................................................................... 6

*Kapur v. Usana Health Sciences, Inc.*,
   No. 2:07CV177DAK, 2007 WL 3046664 (D. Utah Oct. 17, 2007) ........................................... 3

*Lax v. First Merchs. Acceptance Corp.*,
   No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ....................................................... 5

*Medina v. Clovis Oncology, Inc.*,
   No. 15-CV-2546-RM-MEH, 2016 WL 660133 (D. Colo. Feb. 18, 2016) ................................. 7

*Scudi v. Mammoth Energy Servs., Inc.*,
   No. CIV-19-522-SLP, 2019 WL 4397340 (W.D. Okla. Sept. 13, 2019).................................... 4

*Takara Trust v. Molex Inc.*,
   229 F.R.D. 577 (N.D. Ill. 2005) ................................................................................................. 4

*Weiss v. Friedman, Billings, Ramsey Group, Inc.*,
   No. 05-CV-04617(RJH), 2006 WL 197036 (S.D.N.Y. Jan. 25, 2006)....................................... 5

*Yellowdog Partners, LP v. CURO Group Holdings Corp.*,
   No. 18-2662-JWL, 2019 WL 1171695 (D. Kan. Mar. 13, 2019) ............................................... 6

**STATUTES**

15 U.S.C. § 78c ................................................................................................................................. 6

15 U.S.C. § 78u.......................................................................................................................... passim

Mr. Bard Betz is the presumptive Lead Plaintiff in this litigation by virtue of the significant loss he incurred—approximately $381,000—on his investments in the securities of Gatos Silver, Inc. ("Gatos" or the "Company") that are at issue in this case.  That loss gives Mr. Betz the largest financial interest in this litigation, which is the metric that Congress stated must be used to identify the "most adequate plaintiff" to serve as Lead Plaintiff.  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(bb).[1]  In this case, the most adequate plaintiff is Mr. Betz.

In addition to Mr. Betz, seven other movants filed motions seeking appointment as Lead Plaintiff.  As shown by the chart below, none of them approach the financial interest of Mr. Betz.

| Movant | Claimed Loss |
|---|---|
| **(1) Bard Betz** | **$380,969.09** |
| | |
| John Teselsky | $97,542.04 |
| Hong Nguyen | $73,266.16 |
| **(2) "Teselsky and Nguyen" Total** | **$170,808.20** |
| | |
| **(3) William Algeo** | **$114,236.23** |
| | |
| Kaan Yazgan | $40,930.83 |
| Scott M. Gelb | $35,199.31 |
| John D. Dockter | $18,189.77 |
| **(4) "Yazan, Gelb, and Dockter" Total** | **$94,319.91** |
| | |
| **(5) Mark Lloyd** | **$63,705.60** |
| | |
| **(6) Richard Kennay** | **$63,207.74** |
| | |
| **(7) Kathleen Marcus** | **$44,252.00** |
| | |
| **(8) Kenneth Pigford** | **$12,336.40** |

---

[1] The Lead Plaintiff provisions of the Securities Exchange Act of 1934 ("Exchange Act") and the Securities Act of 1933 ("Securities Act") are identical.  For ease of reference, the citations herein are to the provisions of the Exchange Act rather than to both parallel provisions.

Indeed, Mr. Betz has the largest financial interest in this case by a substantial margin.  Mr. Betz's loss of roughly $381,000 is approximately *123% greater* than the loss of Teselsky and Nguyen which, as a purported group, incurred the second-largest loss, and is *more than 233%* larger than any other individual investor standing alone.

Mr. Betz also satisfies the adequacy and typicality requirements of Rule 23 and is well situated to represent all members of the Class.  As set forth in the Declaration of Mr. Betz, he is a sophisticated investor and businessperson who serves as the CEO of a healthcare company and has been actively involved in overseeing this case.  *See* ECF No. 16-3 ¶¶2-9.  The Betz Declaration makes clear that Mr. Betz is aware of the fiduciary responsibilities he will assume if appointed as Lead Plaintiff and that he is more than willing and able to fulfill those obligations.  *See id.*

Because Mr. Betz has the largest financial interest in the litigation and has made a *prima facie* showing of his typicality and adequacy, he is entitled to a strong presumption that he is the most adequate plaintiff.  The PSLRA specifically states that this presumption can only be rebutted "upon *proof*" that Mr. Betz is inadequate or atypical.  15 U.S.C. § 78u-4 (a)(3)(B)(iii)(II) (emphasis added).  No such "proof" exists, and there are no grounds to challenge Mr. Betz's typicality or adequacy.  *See Constance Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (rejecting conclusory and speculative assertions of inadequacy as insufficient to rebut the statutory presumption under the PSLRA).

In recognition of Mr. Betz's ability to lead this case, Teselsky and Nguyen, the movant that claimed the second-largest loss, filed a notice of non-opposition to the competing Lead Plaintiff motions acknowledging that they "do not have the largest financial interest in this litigation."  ECF No. 30 at 2.  William Algeo, the movant claiming the third-largest loss, also does not oppose Mr.

Betz's motion.  *See* ECF No. 33.  Nor does Yazgan, Gelb, and Dockter, the movant claiming the fourth-largest loss.  *See* ECF No. 35.  Richard Kennay and Mark Lloyd likewise do not oppose Mr. Betz's appointment and recognized that they do not assert the largest financial interest in this matter.  *See* ECF Nos. 31, 34.  And Kenneth Pigford filed a notice of withdrawal of his motion, stating that he "does not appear to have the largest financial interest."  ECF No. 32 at 2.  Accordingly, Mr. Betz respectfully requests that the Court appoint him Lead Plaintiff and otherwise grant his motion.

## ARGUMENT

### A.    Mr. Betz Should Be Appointed Lead Plaintiff

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest must only make a "preliminary" showing that it satisfies the typicality and adequacy requirements of Rule 23.  *See Kapur v. Usana Health Sciences, Inc.*, No. 2:07CV177DAK, 2007 WL 3046664, at *3 (D. Utah Oct. 17, 2007).  In fact, "a "wide-ranging analysis under Rule 23 is not appropriate and should be left for consideration of a motion for class certification."  *In re Williams Sec. Litig.*, No. 02-CV-72-H(M), 2002 WL 32153476, at *5 (N.D. Okla. July 8, 2002).

Once this presumption is triggered, it can only be rebutted upon "proof" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class—whether another movant might somehow better protect the interests of the Class is irrelevant.  *See Usana*, 2007 WL 3046664, at *3 ("The court need not compare attributes of competing individual and institutional

3

investors because 'so long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job'"); *see also In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) (presumption triggered even if the district court believes another movant may be "more typical, [] more adequate . . . [or] would do a better job").

### 1.    <u>Mr. Betz Has The Largest Financial Interest In The Relief Sought By The Class</u>

Mr. Betz has the largest financial interest in the relief sought by the Class by a wide margin. Courts in this District, within the Tenth Circuit, and throughout the Country are in near unanimous agreement that the size of a movant's loss is the determinative factor in assessing which movant has the largest financial interest. *See, e.g., Ellis v. Spectranetics Corp.*, No. 15-CV-01857-KLM, 2015 WL 9259928, at *2 (D. Colo. Dec. 18, 2015) (Mix, Mag. J.) ("courts routinely look to the movant's financial loss as the most significant factor in assessing his financial interest in the action"); *see also Scudi v. Mammoth Energy Servs., Inc.*, No. CIV-19-522-SLP, 2019 WL 4397340, at *2 (W.D. Okla. Sept. 13, 2019) (same); *Bo Young Cha v. Kinross Gold Corp.*, No. 12 Civ. 1203(PAE), 2012 WL 2025850, at *2 (S.D.N.Y. May, 31, 2012) ("[C]ourts have consistently held that . . . the magnitude of the loss suffered, is the most significant"); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) (in determining financial interest "most courts simply determine which potential lead plaintiff has suffered the greatest total losses"); *In re Bally Total Fitness Sec. Litig.*, No. 04C3530, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005) ("the best yardstick by which to judge 'largest financial interest' is the amount of loss, period").

As illustrated in the table above, Mr. Betz sustained losses of approximately $381,000 on his Class Period transactions in Gatos securities—a loss that is significantly greater than any of the other movants.[2]

Further, Mr. Betz also has the largest financial interest based on *Lax v. First Merchs. Acceptance Corp.*, No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997), which measures "(1) the number of shares purchased; (2) the number of net shares purchased; (3) the total net funds expended by the plaintiffs during the class period; and (4) the approximate losses suffered by the plaintiffs." That said, ***the Lax test is of marginal utility in this case because the first three factors can only be used to compare stock trades, not trades in all securities at issue such as options.*** But even under *Lax*, Mr. Betz has the largest financial interest because he incurred, by far, the largest loss, regardless of the other factors. *See e.g., Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05-CV-04617(RJH), 2006 WL 197036, at *3 (S.D.N.Y. Jan. 25, 2006) (appointing movant with largest loss despite purchasing less shares and net shares, and expending less net funds than opposing movant). Indeed, the fourth factor (losses suffered) is by far the most important, as discussed above. *See, e.g., id.,* ("The amount of financial loss is the most significant of [the *Lax*-style] elements"); *Kinross*, 2012 WL 2025850, at *2 ("Of these [*Lax*] factors, courts have consistently held that the fourth factor, the magnitude of the loss suffered, is

---

[2] As set forth in Mr. Betz's initial brief, Mr. Betz's $381,000 loss represents his recoverable loss as assessed under the U.S. Supreme Court's ruling in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005) using a last-in, first-out ("LIFO") accounting method. Under a first-in, first-out ("FIFO") method, Mr. Betz's recoverable loss is roughly $378,000. When not considering *Dura*, Mr. Betz incurred a loss of approximately $369,000 under LIFO and $367,000 under FIFO. *See* ECF No. 16 at 5-6; 16-6. None of the competing movants' claimed losses approach Mr. Betz's losses under any of these methodologies.

the most significant"); *Yellowdog Partners, LP v. CURO Group Holdings Corp.*, No. 18-2662-JWL, 2019 WL 1171695, at \*2 (D. Kan. Mar. 13, 2019) ("the Court will consider all four factors, but it will give the most weight to the fourth factor, based on its conclusion that the plaintiffs' losses, and thus their claims for damages, are the most important factor in determining the largest financial interest in this litigation"); *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007) ("we, as have other courts, shall place the most emphasis on the last of the four [*Lax*] factors: the approximate loss suffered by the movant"); *Bally*, 2005 WL 627960, at \*4 ("The inquiry need not and should not be complicated by also considering the number of shares or the net expenditures involved because those statistics do not advance the ball").

Significantly, Mr. Betz incurred his losses by taking long positions on both Gatos stock and options—both of which are at issue in this case—and he is therefore well-situated to represent the entire Class.  The PSLRA expressly requires the Court to analyze each movant's financial interest based on "the relief sought by the class."  15 U.S.C. § 78u–4(a)(3)(B)(iii)(I).  Here, the complaint asserts claims on behalf of investors in Gatos "securities" (ECF No. 1 ¶61) which the Securities Exchange Act of 1934 defines to include options.  *See* 15 U.S.C. § 78c(a)(10) ("The term 'security' means any note, stock, . . . put, call, straddle, option").  Accordingly, under any measure, Mr. Betz has the largest financial interest in the litigation.

### 2.     Mr. Betz Otherwise Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, Mr. Betz otherwise satisfies the requirements of Rule 23.  *See* 15 U.S.C. §§ 78u-4(a)(3)(B)(iii)(I)(cc). To overcome the strong presumption entitling Mr. Betz to appointment as Lead Plaintiff, the PSLRA requires ***proof*** that the presumptive Lead Plaintiff is inadequate.  *See* 15 U.S.C. § 78u-

6

4(a)(3)(B)(iii)(II).  No such proof exists in this case, and any arguments to the contrary should be rejected.

Mr. Betz's claims are typical of the claims of other purchasers of Gatos securities.  Like all other Class members, Mr. Betz (1) purchased Gatos securities during the Class Period; (2) at prices allegedly artificially inflated by Defendants' materially false and misleading statements and/or omissions; and (3) was damaged thereby.  *See Spectranetics*, 2015 WL 9259928, at *2 (finding typicality requirement met when "like all of the members of the Class, [movant] purchased [securities] during the Class Period at prices artificially inflated by Defendants' misrepresentations and omissions, and was damaged thereby").

Significantly, Mr. Betz's claims are typical of those of the ***entire*** Class, including the claims of investors in Gatos stock and/or options.  In contrast, the other movants only purchased Gatos stock and cannot by themselves represent the interests of a large portion of the class because they did not purchase any Gatos options.  Indeed, investors that traded in options such as Mr. Betz are frequently appointed Lead Plaintiff and certified as class representatives in securities class actions under the PSLRA in this District and elsewhere.  *See Medina v. Clovis Oncology, Inc.*, No. 15-CV-2546-RM-MEH, 2016 WL 660133, at *3 (D. Colo. Feb. 18, 2016) ("Although [movant] may have held securities that other members of the class did not, such as options . . . the losses allegedly incurred on those securities are still premised on the same factual allegations and legal theories"); *Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 355 (S.D.N.Y. 2011) ("investors who traded in options can be appointed lead plaintiff when the focus of the typicality analysis is, as here, 'whether the same or similar injuries arose out of or were caused by Defendants' alleged

wrongful course of conduct") (citation omitted).[3]    As such, Mr. Betz is a typical Class

representative of all those that transacted in Gatos securities regardless of the type of securities

purchased, whether stock and/or options.

Mr. Betz is also adequate because he is capable of "fairly and adequately protect[ing] the

interests of the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   Indeed, Mr. Betz is the CEO of a

healthcare company and is an experienced investor that has been investing in the stock market for

over a decade.  *See* ECF No. 16-3 ¶2; *see also In re SemGroup Energy Partners, L.P. Sec. Litig.*,

No. 08-cv-425-GKF-PJC, 2008 WL 4826318, at *2 (N.D. Okla. Oct. 27, 2008) (declaration from

movant attesting that it will "oversee the activities of counsel to secure the best possible recovery

for the class" supports finding of adequacy and counsels in favor of appointment).  Mr. Betz has

been overseeing his chosen counsel regarding this case, is well-aware of his responsibilities as

Lead Plaintiff under the PSLRA, and is capable of and devoted to litigating this action in the best

interests of all Class members.  *See* ECF No. 16-3 ¶¶2-10.

Further, Mr. Betz's interests are perfectly aligned with those of the other Class members

and are not antagonistic in any way.  There are no facts to suggest any actual or potential conflict

of interest or other antagonism between Mr. Betz and other Class members.  To the contrary, the

interests of Mr. Betz and absent Class members are squarely aligned because all suffered damages

---

[3] *See also In re Priceline.com Inc. Sec. Litig.*, 236 F.R.D. 89, 98 (D. Conn. 2006) (certifying class representative that traded "almost exclusively in put options"); *In re Oxford Health Plans, Inc. Sec. Litig.*, 199 F.R.D. 119, 123 (S.D.N.Y. 2001) (certifying class representative that was a market maker in the company's option contracts); *In re Adobe Sys., Inc. Sec. Litig.,* 139 F.R.D. 150, 155 (N.D. Cal. 1991) (appointing class representative that traded in options and finding that it was typical because "the value of options is directly related to the value of common stock, [and] defendants had reason to expect that option traders would rely on their alleged misrepresentations").

8

from their transactions in Gatos securities that were artificially inflated by Defendants' misconduct.

Mr. Betz has also demonstrated his adequacy through his selection of BFA as Lead Counsel to represent the Class in this action.  As discussed more fully in Mr. Betz's initial motion, BFA is highly qualified and experienced in the area of securities class action litigation and has repeatedly demonstrated an ability to conduct complex securities class action litigation effectively.  *See* ECF Nos. 16 at 9; 16-7.  As such, Mr. Betz is perfectly typical and adequate to represent the Class.

**B.**     **The Opposing Movants Do Not Trigger The Presumption**

Because Mr. Betz has the largest financial interest in this case and otherwise satisfies the requirements of Rule 23, the competing motions should be denied.  *See Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical").

**CONCLUSION**

For the reasons discussed above, Mr. Betz respectfully requests that the Court: (1) appoint him to serve as Lead Plaintiff; (2) approve his selection of BFA to serve as Lead Counsel for the Class; and (3) grant such other relief as the Court may deem just and proper.

Dated: May 16, 2022                    Respectfully submitted,


                                       /s/ Kathryn A. Reilly
                                       Michael L. O'Donnell
                                       Kathryn A. Reilly
                                       Daniel N. Guisbond
                                       **WHEELER TRIGG O'DONNELL LLP**
                                       370 Seventeenth Street, Suite 4500
                                       Denver, Colorado 80202-5647
                                       Telephone: 303.244.1800
                                       Facsimile:  303.244.1879
                                       Email:  odonnell@wtotrial.com
                                               reilly@wtotrial.com
                                               guisbond@wtotrial.com


                                       *Liaison Counsel for Proposed Lead Plaintiff Bard
                                       Betz*


                                       Javier Bleichmar
                                       Ross Shikowitz
                                       **BLEICHMAR FONTI & AULD LLP**
                                       7 Times Square, 27th Floor
                                       New York, New York 10036
                                       Telephone: (212) 789-1340
                                       Facsimile: (212) 205-3960
                                       Email: jbleichmar@bfalaw.com
                                               rshikowitz@bfalaw.com


                                       *Counsel for Proposed Lead Plaintiff Bard Betz and
                                       Proposed Lead Counsel for the Class*


                                       Brian Schall
                                       **THE SCHALL LAW FIRM**
                                       2049 Century Park East, Suite 2460
                                       Los Angeles, California 90067
                                       Telephone: (424) 303-1964
                                       Email:  brian@schallfirm.com


                                       *Additional Counsel for Proposed Lead Plaintiff
                                       Bard Betz*


10

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2022, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

*Kathryn A. Reilly*
Kathryn A. Reilly