UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00453-PAB-KLM

MICHAEL BILINSKY, Individually and On Behalf of All Others
Similarly Situated,

        Plaintiff,

v.

GATOS SILVER, INC.,
STEPHEN ORR,
ROGER JOHNSON,
PHILIP PYLE,
JANICE STAIRS,
ALI ERFAN,
IGOR GONZALES,
KARL HANNEMAN,
DAVID PEAT,
CHARLES HANSARD, and
DANIEL MUÑIZ QUINTANILLA,

        Defendants.

LONG-FORM NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS
ACTION

EXHIBIT A-2

*IF YOU PURCHASED OR OTHERWISE ACQUIRED GATOS SILVER, INC. ("GATOS" OR THE "COMPANY") SECURITIES[1] BETWEEN OCTOBER 28, 2020 AND JANUARY 25, 2022, INCLUSIVE AND WERE ALLEGEDLY DAMAGED THEREBY, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.[2]*

A federal court authorized this Long-Form Notice.  This is not a solicitation from a lawyer.

**PLEASE READ THIS NOTICE CAREFULLY.  This Long-Form Notice explains important rights you may have and what steps you must take if you wish to participate in the Settlement of this class action, wish to object, or wish to be excluded from the Settlement Class. If you are a Member of the Settlement Class, your legal rights will be affected whether or not you act.**

**Securities and Time Period**:  Gatos common stock purchased or otherwise acquired during the period from December 9, 2020 through January 25, 2022 (both inclusive) on the NYSE or purchased or otherwise acquired pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, in domestic transactions or on the NYSE; publicly traded call options on Gatos common stock purchased or otherwise acquired, and publicly traded put options on Gatos common stock sold, during the period from December 9, 2020 through January 25, 2022 (inclusive) in domestic transactions.

**Settlement Fund**: $21,000,000.00 in cash.  Your recovery will depend in part on the type and amount of your transactions in Gatos Securities between October 28, 2020 and January 25, 2022, inclusive, and the timing of your purchases, acquisitions, and any sales.  If claims are submitted for 100% of the eligible Gatos Securities, based on Plaintiffs' expert's estimate of the number of damaged Gatos Securities eligible to recover under the Settlement, the estimated average

---

[1]     "Gatos Securities" means Gatos common stock, call options of Gatos, and put options of Gatos.

[2]     Any capitalized terms used in this Long-Form Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated July 13, 2023 (the "Stipulation"), which is available on the website established for the Settlement at www.gatossecuritieslitigation.com.

recovery per affected Gatos Security is approximately $0.61 per share of Gatos common stock (or $0.54 for stock purchased in or traceable to the IPO or SPO), $0.42 per put option, and $0.09 per call option, each before deduction of Court-approved fees, expenses, and costs.   Settlement Class Members should note, however, that these are only estimates.   The actual amount per share you could receive will depend on a number of factors, including those explained in the Plan of Allocation contained below.

**Settlement Class**:  The Court has conditionally certified a Settlement Class of all Persons and entities who or which either (i) during the period from December 9, 2020 to January 25, 2022, both inclusive (the "Class Period"), purchased or otherwise acquired Gatos common stock listed on the NYSE, or, in domestic transactions, purchased or otherwise acquired publicly traded call options on Gatos common stock, and/or sold publicly traded put options on Gatos common stock, and were damaged thereby; or (ii) purchased or otherwise acquired Gatos common stock pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, in domestic transactions or on the NYSE, and were damaged thereby.  Excluded from the Settlement Class are: Defendants, the current and Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, any entity in which such excluded persons have or had a majority interest, and the Electrum Group, LLC; *provided*, *however*, that any "Investment Vehicle" shall not be excluded from the Settlement Class.  "Investment Vehicle" means any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange traded funds, funds of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which the Underwriter Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity, but in which any of the

Underwriter Defendants alone or together, with its, his, or her respective affiliates, is not a majority owner or does not hold a majority beneficial interest.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court.

**Reasons for Settlement**:  The Settlement resolves claims by Lead Plaintiff Bard Betz and Named Plaintiff Jude Sweidan that have been asserted on behalf of the Settlement Class against Defendants Gatos Silver, Inc., Stephen Orr, Roger Johnson, Philip Pyle, Janice Stairs, Ali Erfan, Igor Gonzales, Karl Hanneman, David Peat, Charles Hansard, and Daniel Muñiz Quintanilla.  It avoids the costs and risks associated with continued litigation, including the danger of no recovery, and provides a substantial benefit to the Settlement Class now.  It also releases Defendants and their Related Parties (as defined below) from liability.

**Statement on Potential Outcome If the Case Had Not Settled**:  The Settlement must be compared to the risk of no recovery after contested motions, trial, and likely appeals.  Litigation is a risky proposition and Plaintiffs might not have prevailed.  The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony.  The parties disagree on both liability and damages.  Among the many key issues about which the two sides do not agree are: (1) whether Defendants made any statements that were materially false or misleading, or made material omissions in violation of a duty to disclose or that are otherwise actionable, under the federal securities laws; (2) whether any such statements or omissions were made with the requisite level of intent or recklessness; (3) whether the alleged misstatements and omissions influenced the trading prices of Gatos Securities during the relevant period; and (4) the amount of damages (if any) that could be recovered at trial, including the average amount of damages per share that would be recoverable if Plaintiffs prevailed on each claim alleged.  Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted

- 3 -

in the Litigation, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Attorneys' Fees and Expenses**:  Lead Counsel has not received any payment for its work investigating the facts, conducting this Litigation, and negotiating the Settlement on behalf of Plaintiffs and the Settlement Class.  Lead Counsel will ask the Court for attorneys' fees not to exceed 28% of the Settlement Amount and expenses in an amount not to exceed $325,000, plus interest, to be paid from the Settlement Fund.  In addition, Plaintiffs may request awards not to exceed $15,000 in the aggregate pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with their representation of the Settlement Class.  If the Court approves Lead Counsel's Fee and Expense Application in full, and if claims are submitted for 100% of the Gatos Securities estimated to be eligible to recover under the Settlement, the average amount of fees and expenses is estimated to be approximately $0.18 per share of Gatos common stock (or $0.16 for stock purchased in or traceable to the IPO or SPO), $0.13 per put option and $0.03 per call option.  A copy of the Fee and Expense Application will be posted on www.gatossecuritieslitigation.com after it has been filed with the Court.

| Claims Administrator: | Lead Counsel: |
|---|---|
| Epiq Class Action and Claims Solutions, Inc.<br>*Gatos U.S. Securities Litigation*<br>P.O. Box 5768<br>Portland, OR 97228-5768 | Joseph A. Fonti, Esq.<br>Bleichmar Fonti & Auld LLP<br>Times Square Tower<br>7 Times Square, 20th Floor<br>New York, NY 10036<br>Telephone: 212-789-1340<br>gatossettlement@bfalaw.com |

- **Your legal rights are affected whether you act or don't act.  Read this Long-Form Notice carefully.**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

**SUBMIT A CLAIM**     This is the only way to be eligible to receive a payment.  If you are a Settlement Class Member, and do not exclude yourself from the

- 4 -

Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any "Released Claims" (as defined below) that you have against the Defendants and their "Related Parties" (as defined below).  **Proof of Claim and Release forms ("Proof of Claim") are available at www.gatossecuritieslitigation.com and must be postmarked (if mailed) or received (if submitted online) on or before _____, 2023.**

**EXCLUDE YOURSELF**

If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that potentially allows you to participate in another lawsuit against the Defendants or their Related Parties relating to the Released Claims being released in this case.  Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and their Related Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Exclusions must be received on or before _____, 2023.**

**OBJECT**

You may write to the Court if you do not like this Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses.  You will still be a Member of the Settlement Class.  **Objections must be received by the Court and counsel for the Parties on or before _____, 2023.**

**GO TO A HEARING ON _____, 2023, at _____ _.m.**

**Submitting a written objection and notice of intention to appear by _____, 2023 allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses**.  If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection.[3]

**DO NOTHING**

**If you are a Member of the Settlement Class and you do not submit a Proof of Claim by _____, 2023, you will not be eligible to receive any payment from the Net Settlement Fund.**  You will, however, remain a Member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will still be bound by any judgments or orders entered by the Court in the Litigation.

- These rights and options – ***and the deadlines to exercise them*** – are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement.  Payments to Authorized Claimants (described below) will be made if the Court approves the

---

[3]     The Court may change this date to a later date and/or time without further written notice to you. However, any different date or time will be posted on the Settlement website: www.gatossecuritieslitigation.com.

Settlement, after Proofs of Claim are processed, and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 1.     Why Did I Receive This Long-Form Notice?

The Court authorized that this Long-Form Notice be disseminated because you or someone in your family has been identified as a potential Settlement Class Member who may have purchased certain Gatos Securities (and/or sold put options on Gatos common stock).  The Court directed that this Long-Form Notice be made available to Settlement Class Members to explain the Litigation, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

**Receipt of this Long-Form Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The Parties do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to timely submit the Proof of Claim available at www.gatossecuritieslitigation.com.**

The Court in charge of the case is the United States District Court for the District of Colorado, and the case is known as *Bilinsky v. Gatos Silver Inc. et al.*, No. 1:22-cv-00453-PAB-KLM.  The individuals that sued, Bard Betz and Jude Sweidan, are called the Plaintiffs.  Gatos and the individuals that the Plaintiffs sued, Stephen Orr, Roger Johnson, Philip Pyle, Janice Stairs, Ali Erfan, Igor Gonzales, Karl Hanneman, David Peat, Charles Hansard, and Daniel Muñiz Quintanilla, are called the Defendants.

### 2.     What Is This Lawsuit About?

This case was brought as a class action alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") as well as §§ 11 and 15 of the Securities Act of 1933 (the "Securities Act") on behalf of a class of all Persons and entities who either (i) during the

Class Period (December 9, 2020 through January 25, 2022, both inclusive) purchased or otherwise acquired Gatos common stock listed on the NYSE, or, in domestic transactions, purchased or otherwise acquired publicly traded call options on Gatos common stock and/or sold publicly traded put options on Gatos common stock, and were damaged thereby; or (ii) purchased or otherwise acquired Gatos common stock pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, in domestic transactions or on the NYSE, and were damaged thereby. Among other things, the Amended Complaint alleges violations of the Exchange Act and the Securities Act premised on certain statements and omissions that Plaintiffs claim were false or misleading because they, *inter alia*, reported mineral resource and mineral reserve estimates for Gatos' Cerro Los Gatos mine that were allegedly materially inflated at the time the statements were made without disclosing the allegedly materially inflated resources and reserves. Plaintiffs contend that these allegedly false and misleading statements and/or omissions artificially inflated Gatos' stock price and when the alleged truth was eventually disclosed, the price of Gatos stock declined, resulting in substantial damages to the Settlement Class. Thus, Plaintiffs allege that Settlement Class Members overpaid for Gatos common stock (and traded in options on Gatos common stock at prices that allegedly were distorted by the allegedly inflated prices of Gatos common stock) during the relevant time period. Defendants have vigorously denied and continue to vigorously deny that they did anything wrong.

### 3.     What Has Happened So Far in This Case?

On February 22, 2022, the initial Class Action Complaint for Violations of the Securities Laws (the "Complaint") was filed. On June 3, 2022, the Court entered an order appointing Bard Betz as Lead Plaintiff and approving Lead Plaintiff's selection of Bleichmar Fonti & Auld LLP as Lead Counsel.

The operative complaint in the Litigation, Plaintiffs' Amended Class Action Complaint for Violations of the Securities Laws (the "Amended Complaint"), was filed on August 15, 2022. On October 14, 2022, Defendants moved to dismiss the Amended Complaint. Plaintiffs opposed the motion, which was fully briefed as of December 23, 2022.

On April 13, 2023, the Parties submitted a Joint Motion to Stay Ruling on Defendants' Motion to Dismiss that among other things asked that the Court stay any disposition on the pending motion to dismiss while the Parties considered a path forward for the Litigation. On April 26, 2023, the Court granted the Parties' Joint Motion and agreed to postpone a ruling on the motion to dismiss until on or after June 16, 2023.

On June 13, 2023, the Parties participated in a full-day mediation session before Robert Meyer of JAMS. After arm's-length negotiations and the Parties' exchange of multiple demands and counteroffers, the same day, Mr. Meyer made a formal mediator's proposal that the case settle for $21 million. The Parties accepted the proposal and agreed to settle the Litigation for $21 million.

**4.      Why Is This a Class Action?**

In a class action, a class representative (in this case, the Court-appointed Lead Plaintiff Bard Betz) sues on behalf of people who have similar claims. Here, all these people are called the Settlement Class or Settlement Class Members. One court resolves the issues for all class members at the same time, except for those who timely and validly exclude themselves from the class (the process for which is described more fully in Question 14 below). Chief Judge Philip A. Brimmer is presiding over this class action.

**5.      Why Is There a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way they avoid the cost and uncertainty of further litigation and a trial, and eligible Settlement Class Members who submit valid claims will receive compensation. Particularly in light

of the possibility that continued litigation could result in no greater recovery than the Settlement—or no recovery at all—Plaintiffs and Lead Counsel believe the settlement is in the best interest of all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a Settlement Class Member.

### 6.    How Do I Know if I Am Part of the Settlement?

The Settlement Class includes *all Persons and entities who or which either (i) during the period from December 9, 2020 to January 25, 2022, both inclusive (the "Class Period"), purchased or otherwise acquired Gatos common stock listed on the NYSE, or, in domestic transactions, purchased or otherwise acquired publicly traded call options on Gatos common stock, and/or sold publicly traded put options on Gatos common stock, and were damaged thereby; or (ii) purchased or otherwise acquired Gatos common stock pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, in domestic transactions or on the NYSE, and were damaged thereby.* Certain Persons and entities are excluded from this definition, as described below.

### 7.    What Are the Exceptions to Being Included?

You are not a Settlement Class Member if you are a Defendant, a current or Class Period officer or director of the Company, a member of the immediate family or the legal representative, affiliate, heir, successor-in-interest, or assign of any such excluded person, any entity in which such excluded persons have or had a majority interest, or the Electrum Group, LLC.   However, any "Investment Vehicle" is not excluded from the Settlement Class.  "Investment Vehicle" means any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange traded funds, funds of funds, private equity funds, real

estate funds, hedge funds, and employee benefit plans) in which the Underwriter Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity, but in which any of the Underwriter Defendants alone or together, with its, his, or her respective affiliates, is not a majority owner or does not hold a majority beneficial interest. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court.

**8.      I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator at www.gatossecuritieslitigation.com or by phone at 877-757-6172, or you can fill out and return the Proof of Claim described in Question 11, to see if you qualify.

**PLEASE DO NOT CALL THE COURT OR DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT**

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**9.      What Does the Settlement Provide?**

Gatos has agreed to cause to be paid $21 million in cash. This amount, plus any interest earned thereon, constitutes the Settlement Fund. The balance of this fund after payment of Court-approved attorneys' fees and expenses and any awards to Plaintiffs and the costs of claims administration, including the costs of distributing the Notice and the cost of publishing newspaper notice, and Taxes and Tax Expenses, is the "Net Settlement Fund." The Net Settlement Fund will be divided among all eligible Settlement Class Members who send in timely and valid Proofs of Claim in accordance with the Plan of Allocation described below.

**10.     How Much Will My Payment Be?**

Your payment (if any) will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Settlement Class Members submit; the number

of Gatos Securities you purchased or acquired; how much you paid for those securities; when you purchased or acquired them; and if and when you sold your Gatos Securities and for how much. The Claims Administrator will apply the Plan of Allocation (appended below as Appendix A) to calculate the amount of your Recognized Claim, and your payment (if any) will be a portion of the Net Settlement Fund equal to your Recognized Claim divided by the total of all Authorized Claimants' Recognized Claims.

### 11.      How Will I Obtain a Payment?

To qualify for payment, you must be an eligible Settlement Class Member, send in a timely and valid Proof of Claim, and properly document your claim as requested in the Proof of Claim. A Proof of Claim may be downloaded at www.gatossecuritieslitigation.com and is also available in paper form by contacting the Claims Administrator at www.gatossecuritieslitigation.com, by phone at 877-757-6172, or at *Gatos U.S. Securities Litigation*, P.O. Box 5768, Portland, OR 97228-5768. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it such that it is postmarked no later than _____, 2023, or submit it online by no later than _____, 2023.   Proofs of Claim may be completed and submitted online at www.gatossecuritieslitigation.com.

### 12.      When Will I Receive My Payment?

The Court will hold a hearing on _____, 2023, at __:__ _.m., to decide whether to approve the Settlement. If Chief Judge Brimmer approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time. It also takes time for all the Proofs of Claim to be processed. Please be patient.

### 13.      What Am I Giving Up to Receive a Payment or Stay in the Settlement Class?

Unless you timely and validly exclude yourself, you are a Settlement Class Member, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or

any of their Related Parties about the Released Claims in this case.  It also means that all of the Court's orders, including a judgment ("Judgment") dismissing the Litigation with prejudice on the merits, will apply to you and legally bind you and you will release all Released Claims in this case against the Defendants and their Related Parties.

"**Released Claims**" means any and all claims (including Unknown Claims as defined below), rights, demands, losses, suits, debts, obligations, damages, judgments, controversies, liabilities, or causes of action of every nature and description whatsoever, in law, equity, or otherwise (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether asserted or unasserted, accrued or unaccrued, fixed or contingent, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, to the fullest extent that the law permits their release in this Litigation against any of the Defendants or their Related Parties, which arise out of, are based on, or relate to both: (i) the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, statements, filings, events, representations, or omissions involved, set forth, alleged, or referred to in the Complaint, Amended Complaint, or the Litigation, or which could have been alleged in the Litigation; and (ii) the purchase, sale, holding, or other acquisition, disposition, or holding of Gatos Securities, whether on the NYSE or otherwise within the United States, between October 28, 2020 and January 25, 2022, both inclusive.  Released Claims also include any and all claims (including Unknown Claims as defined below), rights, demands, losses, suits, debts, obligations, damages, judgments, controversies, liabilities, or causes of action of every nature and description whatsoever, in law, equity, or otherwise (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether asserted or unasserted, accrued or unaccrued, fixed or contingent, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or

regulation, whether class or individual in nature, which arise out of, are based on, or relate to the institution, prosecution, or settlement of the Litigation or the Released Claims against Defendants or their Related Parties.  Released Claims shall not include claims to enforce the Settlement.  For avoidance of doubt and without limitation to other claims or potential claims not released hereby, Released Claims do not include any breach of fiduciary duty, unjust enrichment, or waste claims by or on behalf of Gatos against the Individual Defendants or other individuals, which claims are referenced in or may arise from the litigation demand sent by Kathleen Marcus on April 27, 2023.

"**Unknown Claims**" means collectively (i) any Released Claims that Plaintiffs or Settlement Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected such Settlement Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement; and (ii) any Released Claims that Defendants and their Related Parties do not know or suspect to exist in his, her, or its favor at the time of the release, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of Plaintiffs, Plaintiffs' Counsel, and/or Settlement Class Members.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs, Defendants, and Defendants' Related Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

- 13 -

Plaintiffs, Settlement Class Members, Defendants, and Defendants' Related Parties may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs, Defendants, and Defendants' Related Parties shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs, Defendants, and Defendants' Related Parties acknowledge, and Settlement Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

"**Released Parties**" means each and all of Defendants, each and all of their respective Related Parties, Plaintiffs, Settlement Class Members, and Plaintiffs' Counsel.

"**Related Parties**" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a majority interest, any member of a Defendant's immediate family, any trust of which a Defendant is the

settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a majority interest (directly or indirectly).

"**Plaintiffs' Counsel**" means Lead Counsel Bleichmar Fonti & Auld LLP; Wheeler Trigg O'Donnell LLP; and The Schall Law Firm.

The Judgment will also provide that upon the Effective Date, without any further action by anyone, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims (including, without limitation, Unknown Claims) against Defendants and their Related Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim or participates in the Settlement Fund.  It is an important element of the Defendants' participation in the Settlement, which Plaintiffs have acknowledged, that Defendants and their Related Parties obtain the fullest possible legally enforceable release from further liability to any Settlement Class Member relating to the Released Claims, and it is the intention of the Parties that all further liability of the Defendants and each of their Related Parties relating to the Released Claims hereby be eliminated.  These releases and waivers were separately bargained for and are essential elements of the Stipulation and the Settlement.

Moreover, upon the Effective Date, Plaintiffs and all Settlement Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Defendants and their Related Parties, and each of them.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this Settlement, and you want to keep the right to sue or continue to sue the Defendants or any of their Related Parties on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

**If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.**

**If you are excluded from the Settlement Class and pursue your own individual action, you may also have to produce information and/or documents upon the Defendants' request (a process known as "discovery"), which could include, but not be limited to, providing testimony under oath.**

### 14. How Do I Get Out of the Settlement Class?

To exclude yourself from the Settlement Class, you must submit a written request for exclusion to the Claims Administrator online at www.gatossecuritieslitigation.com or by mail to the following address:

*Gatos U.S. Securities Litigation*
P.O. Box 5768
Portland, OR 97228-5768

You cannot exclude yourself by telephone or email. Your request for exclusion must state that you want to be excluded from *Bilinsky v. Gatos Silver Inc. et al.*, No. 1:22-cv-00453-PAB-KLM, and must: (i) include your or an entity's name, address, and telephone number; (ii) state that you or the entity wish to be "excluded from the Settlement Class" in this Litigation; (iii) include proof (such as stockbroker confirmation slips, stockbroker statements, or other documents)

adequately evidencing the date(s), price(s), and number(s) of all Gatos Securities purchased and/or sold during the Class Period or purchased or acquired pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement; and (iv) be signed by you or the entity requesting exclusion or their authorized representative (accompanied by proof of authorization).  No request for exclusion will be considered valid unless it is timely and provides all of the information described above.

**Your exclusion request must be submitted online or received by the Claims Administrator no later than _____, 2023.**

Do not submit a request for exclusion as well as an objection and/or Proof of Claim.  If you do so, your objection and/or Proof of Claim will be disregarded and you will be excluded from the Settlement Class.

**15.     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.  Unless you timely and validly exclude yourself, you give up any right to sue the Defendants and their Related Parties for the Released Claims in this Settlement.  If you have a pending lawsuit against any of these parties, including the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2023.

**16.     If I Exclude Myself, Can I Receive Money From This Settlement?**

No.  If you exclude yourself, you are not a Settlement Class Member and cannot submit a Proof of Claim.

## THE LAWYERS REPRESENTING YOU

**17.     Do I Have a Lawyer in This Case?**

The Court appointed the law firm of Bleichmar Fonti & Auld LLP to represent you and other Settlement Class Members.  These lawyers are called Lead Counsel.  You will not be directly charged for these lawyers.  They will be paid from the Settlement Fund to the extent the Court

approves their application for fees and expenses.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18.     How Will the Lawyers Be Paid?

Lead Counsel will ask the Court for attorneys' fees not to exceed 28% of the Settlement Amount, and for expenses in an amount not to exceed $325,000, plus interest that is incurred on these amounts at the same rate as earned by the Settlement Fund.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for its efforts in achieving this Settlement and for its risk in undertaking this representation on a wholly contingent basis.  Lead Counsel has committed a substantial amount of time and significant expenses in litigating this case for the benefit of the Settlement Class.  To date, Lead Counsel has not been paid for its services in conducting this Litigation on behalf of Plaintiffs and the Settlement Class, nor for its expenses.  The fees requested will compensate counsel for its work in achieving the Settlement Fund for the benefit of the Settlement Class.

### OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 19.     How Do I Tell the Court That I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees or expenses.  You can state the reasons why you think the Court should not approve it.  The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Bilinsky v. Gatos Silver Inc. et al.*, No. 1:22-cv-00453-PAB-KLM, which must (1) include the objector's name, address, and telephone number; (2) provide documentation establishing the objector's membership in the Settlement Class, including documents showing the type and number of Gatos Securities purchased,

acquired, and sold during the Class Period or purchased or acquired pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, as well as the dates and prices of each such purchase, acquisition, and sale; (3) contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (4) identify any other class action settlement(s) in which the objector or the objector's attorney has objected; (5) include copies of any papers or other documents upon which the objection is based; and (6) include the objector's signature, even if represented by counsel.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.

Any objection ***must*** be mailed or delivered such that it is ***received*** by ***each*** of the following (not simply postmarked) ***no later than _____, 2023***:

> *Court:*
>
> Clerk of the Court
> UNITED STATES DISTRICT COURT
> DISTRICT OF COLORADO
> Alfred A. Arraj United States Courthouse
> 901 19th Street
> Denver, CO 80294
>
> *Lead Counsel*
>
> Joseph A. Fonti
> BLEICHMAR FONTI & AULD LLP
> Times Square Tower
> 7 Times Square, 27th Floor
> New York, NY 10036
>
> Emailed copy to gatossettlement@bfalaw.com
>
> *Counsel for Gatos and the Individual Defendants*:
>
> Michael S. Flynn
> DAVIS POLK & WARDWELL LLP
> 450 Lexington Avenue
> New York, NY 10017

*Counsel for the Underwriter Defendants*:

Audra J. Soloway
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses.  Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

### 20.      What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object *only if* you stay in the Settlement Class.  Excluding yourself is telling the Court that you do not want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to.

### 21.      When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a fairness hearing at __:__ .m., on _____, *2023*, at the Alfred A. Arraj United States Courthouse, in Courtroom A701, 901 19th Street, Denver, Colorado.  At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate, consider any objections, and listen to people who have asked to speak at the hearing.[4]  The Court may move

---

[4]      The papers in support of approval of the Settlement, the Plan of Allocation, and Lead Counsel's Fee and Expense Application will be submitted to the Court no later than [thirty-five (35) calendar days] before the fairness hearing, and posted on the Settlement website, www.gatossecuritieslitigation.com.

the date or time of the fairness hearing to a later date and/or time without further written notice to you.  If the date or time of the fairness hearing is changed, the new date and/or time will be posted at www.gatossecuritieslitigation.com.

**22.     Do I Have to Come to the Hearing?**

No.  Lead Counsel will answer any questions the Court may have, and Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.  If you send an objection or statement in support of the settlement, you are not required to go to Court to discuss it; you may pay your own lawyer to attend, or attend at your own expense, but you are not required to do so.

**23.     May I Speak at the Hearing?**

If you have timely filed an objection, you may ask the Court for permission to speak at the fairness hearing.  To do so, your written objection must (in addition to the information specified in Question 19 above) state your intention to appear at the hearing, and must include the identity of any witnesses you may call to testify and copies of any exhibits you intend to introduce into evidence at the fairness hearing.  You cannot speak at the hearing if you exclude yourself from the Settlement Class.

**IF YOU DO NOTHING**

**24.     What Happens If I Do Nothing at All?**

If you do nothing, you will be a Settlement Class Member.  However, you will not receive any money from this Settlement unless you submit a Proof of Claim.  Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or their Related Parties about the Released Claims.

## GETTING MORE INFORMATION

**25.     How Do I Get More Information?**

This Long-Form Notice summarizes the proposed Settlement and does not describe all of the details of the Settlement.  More details are in the Stipulation dated July 13, 2023.  You can obtain a copy of the Stipulation by going to www.gatossecuritieslitigation.com or by calling or writing the Claims Administrator at 877-757-6172 or *Gatos U.S. Securities Litigation*, P.O. Box 5768, Portland, OR 97228-5768; by contacting Lead Counsel at gatossettlement@bfalaw.com, Joseph A. Fonti, Bleichmar Fonti & Auld LLP, Times Square Tower, 7 Times Square, 27th Floor, New York, NY 10036, (888) 879-9418; or by visiting the Clerk's office at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, during regular business hours.

*DO NOT TELEPHONE THE DEFENDANTS OR THE COURT*

*REGARDING THIS NOTICE*

If you have questions about the Settlement, you can contact the Claims Administrator by going to www.gatossecuritieslitigation.com, calling 877-757-6172, or writing to *Gatos U.S. Securities Litigation*, P.O. Box 5768, Portland, OR 97228-5768 or contact Lead Counsel at gatossettlement@bfalaw.com, Joseph A. Fonti, Bleichmar Fonti & Auld LLP, Times Square Tower, 7 Times Square, 27th Floor, New York, NY 10036, (888) 879-9418.

### APPENDIX A – PLAN OF ALLOCATION OF NET SETTLEMENT FUND

1. In developing the Plan of Allocation, Plaintiffs' damages consulting expert calculated the estimated amount of artificial inflation in the per share closing price of Gatos common stock and Gatos call options, and calculated the estimated amount of artificial deflation in the per share closing price of Gatos put options (together, "Gatos Securities"), which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.

2. The calculations made pursuant to this Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended

to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3.  A "**Recognized Loss Amount**" will be calculated as set forth below (i) under the Exchange Act for each purchase of Gatos common stock between December 9, 2020 and January 25, 2022, both dates inclusive (the "Class Period"); (ii) under the Securities Act for certain purchases of Gatos common stock between October 28, 2020 and August 18, 2021 (both dates inclusive); and (iii) under the Exchange Act for each purchase of Gatos call options and each sale of Gatos put options during the Class Period, in each case to the extent that such transactions are listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to zero.

4.  The **Recognized Loss Amount** for each qualifying purchase or acquisition of Gatos common stock is *the greater of* (a) the Securities Act Recognized Loss Amount calculated below, *or* (b) the Exchange Act Recognized Loss Amount calculated below.

## I.   Securities Act Recognized Loss Amount Calculations

5.  For shares of Gatos common stock purchased or acquired in or traceable to the 2020 Registration Statement for the October 28, 2020 Initial Public Offering of Gatos common stock (the "IPO") in a domestic transaction or on the NYSE, and:[5]

   a.  sold prior to January 26, 2022, the Securities Act Recognized Loss Amount shall be zero.

   b.  sold from January 26, 2022 through February 21, 2022, the Securities Act Recognized Loss Amount shall be *the lesser of*: (i) the purchase price per share (not to exceed the offering price of $7.00) *minus* the sale price; or (ii) $6.90.

   c.  sold from February 22, 2022[6] through [the mailing date of the Notice], the Securities Act Recognized Loss Amount shall be *the lesser of*: (i) the purchase price per share (not to exceed the offering price of $7.00) *minus* the sale price per share (not to be less than $3.18, the closing price on the date the lawsuit was filed); or (ii) $6.90.

   d.  held as of the closing on [the mailing date of the Notice], the Securities Act Recognized Loss Amount shall be *the lesser of*: (i) the purchase price per share (not to exceed the offering price of $7.00) *minus* $3.18, the closing price on the date the lawsuit was filed; or (ii) $6.90.

---

[5] Purchases and acquisitions of Gatos common stock will be considered to have been made in or traceable to the IPO only if they occurred between October 28, 2020 and July 14, 2021, both dates inclusive.

[6] February 22, 2022, the date of filing of the initial Section 11 complaint in the Action, is the date of suit.

6. For shares of Gatos common stock purchased or acquired in or traceable to the 2021 Registration Statement for the July 15, 2021 Secondary Public Offering of Gatos common stock (the "SPO") in a domestic transaction or on the NYSE, and:[7]

   a. sold prior to January 26, 2022, the Securities Act Recognized Loss Amount shall be zero.

   b. sold from January 26, 2022 through February 21, 2022, the Securities Act Recognized Loss Amount shall be *the lesser of*: (i) the offering price of $14.00 *minus* the sale price; or (ii) $6.90.

   c. sold from February 22, 2022[8] through [the mailing date of the Notice], the Securities Act Recognized Loss Amount shall be *the lesser of*: (i) the offering price of $14.00 *minus* the sale price (not to be less than $3.18, the closing price on the date the lawsuit was filed); or (ii) $6.90.

   d. held as of the closing on [the mailing date of the Notice], the Securities Act Recognized Loss Amount shall be *the lesser of*: (i) the offering price of $14.00 *minus* $3.18, the closing price on the date the lawsuit was filed; or (ii) $6.90.

7. To reflect the differences in the standard of proof under Securities Act claims and Exchange Act claims, the Securities Act Recognized Loss Amounts calculated in the previous paragraphs shall be multiplied by 1.10.

## II.     Exchange Act Recognized Loss Amount Calculations

8. In order to have recoverable damages under the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the removal of artificial inflation (or deflation) from Gatos Securities.  In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the price of Gatos common stock and call options and deflating the price of Gatos put options.  Plaintiffs further allege that corrective information was released to the market on January 25, 2022 (after market close), which removed artificial inflation (artificial deflation) from the share prices of Gatos Securities on January 26, 2022.

9. Exchange Act Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation (deflation) in the prices of Gatos Securities at the

---

[7] Purchases and acquisitions of Gatos common stock will be considered to have been made in or traceable to the SPO only if they occurred between July 15, 2021 and August 18, 2021 (both dates inclusive), and were made (i) at the SPO offering price of $14.00 and/or (ii) directly from an underwriter for the SPO (BMO Capital Markets Corp., Goldman Sachs & Co. LLC, RBC Capital Markets, LLC, Canaccord Genuity Corp., and CIBC World Markets Corp.). Claimants must provide adequate documentation of these conditions.

Gatos's Q32021 Form 10-Q states: "On July 19, 2021, the Company completed a public offering of 8,930,000 shares of common stock at a price of $14.00 per share . . . . On August 18, 2021, the Company issued an additional 286,962 shares of common stock at a price of $14.00 per share, through the exercise of the over-allotment option . . . ."

[8] As stated in footnote 6, February 22, 2022, the date of filing of the initial Section 11 complaint in the Action, is the date of suit.

time of purchase or acquisition and at the time of sale, not to exceed the difference between the actual purchase/acquisition price and sale price.

### A.  Common Stock Calculations

10. For each share of Gatos common stock purchased or otherwise acquired on the NYSE from December 9, 2020 through and including January 25, 2022, and:

    a.  sold before January 26, 2022, the Exchange Act Recognized Loss Amount will be zero.

    b.  sold from January 26, 2022 through and including the close of trading on April 25, 2022, the Exchange Act Recognized Loss Amount will be *the least of*: (i) $6.90; (ii) the purchase/acquisition price *minus* the sale price; or (iii) the purchase/acquisition price *minus* the average closing price between January 26, 2022 and the date of sale as stated in Table A below.

    c.  held as of the close of trading on April 25, 2022, the Exchange Act Recognized Loss Amount will be *the lesser of*: (i) $6.90; or (ii) the purchase/acquisition price *minus* $4.04.[9]

---

[9] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Gatos common stock during the "90-day look-back period," January 26, 2022 through and including April 25, 2022.  The mean (average) closing price for Gatos common stock during this 90-day look-back period was $4.04.

## B.  Options Calculations

11. Exchange-traded options are traded in units called "contracts," which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is Gatos common stock.  Throughout this Plan of Allocation, all price quotations of exchange-traded options are per share of the underlying security (i.e., 1/100 of a contract).

12. Each option contract specifies a strike price and an expiration date. Contracts with the same strike price and expiration date are referred to as a "series."  Under the Plan of Allocation, the dollar artificial inflation per share (i.e., 1/100 of a contract) for each series of Gatos call options and the dollar artificial deflation per share (i.e., 1/100 of a contract) for each series of Gatos put options has been calculated by Plaintiffs' damages consulting expert.

13. Table B sets forth the dollar artificial inflation per share in Gatos call options during the Class Period.  Table C sets forth the dollar artificial deflation per share in Gatos put options during the Class Period. Tables B and C list only series of Gatos options that had open interest on the alleged corrective disclosure date, had reported trading volume during the Class Period, and expired on or after corrective disclosure date.  Any option position that was closed or expired prior to the market reaction to the alleged corrective disclosure has a Recognized Loss of zero.

14. For each exchange-traded Gatos call option purchased or acquired in domestic transactions from December 9, 2020 through and including January 25, 2022, and:

   A. closed (through sale, exercise, or expiration) prior to January 26, 2022, the Recognized Loss Amount for each such share shall be zero.

   B. open as of the close of trading on January 25, 2022, the Recognized Loss Amount for each such share shall be *the lesser of*:

      1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table B below; or

      2. the actual purchase/acquisition price of each such share *minus* the closing price on January 26, 2022 (i.e., the "Holding Price") as set forth in Table B below.

15. For each exchange-traded Gatos put option sold (written) in domestic transactions from December 9, 2020 through and including January 25, 2022, and:

   A. closed (through purchase, exercise, or expiration) prior to January 26, 2022, the Recognized Loss Amount for each such share shall be zero.

   B. open as of the close of trading on January 25, 2022, the Recognized Loss Amount for each such share shall be *the lesser of*:

      1. the dollar artificial deflation applicable to each such share on the date of sale (writing) as set forth in Table C below; or

      2. the closing price on January 26, 2022 (i.e., the "Holding Price") as set forth in Table C below *minus* the sale (writing) price.

## ADDITIONAL PROVISIONS

16. **Calculation of Claimant's "Recognized Claim":** A claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to Gatos common stock, call options, and put options. As stated above, the Recognized Loss Amount for each purchase or acquisition of Gatos common stock during the Class Period is *the greater of* the Securities Act Recognized Loss Amount (if any) *or* (b) the Exchange Act Recognized Loss Amount (if any).

17. **FIFO Matching:** If a Class Member made more than one purchase/acquisition or sale of a Gatos Security during the Class Period, all purchases/acquisitions and sales will be matched on a First-In, First-Out ("FIFO") basis. For Gatos common stock, sales after October 28, 2020 will be matched first against any holdings at October 28, 2020 and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made after October 28, 2020. For Gatos call options, Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. For Gatos put options, purchases made during the Class Period will be matched first to close positions open as of the beginning of the Class Period and then against put options sold (written) in chronological order, beginning with the earliest put options sold (written) during the Class Period.

18. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Gatos Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Gatos Securities shall not be deemed a purchase, acquisition, or sale of Gatos Securities for the calculation of a claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Gatos Securities unless (i) the donor or decedent purchased or otherwise acquired or sold those Gatos Securities between October 28, 2020 and January 25, 2022 (both dates inclusive); (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Gatos Securities.

19. **Short Sales:** In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a transaction that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered is also zero.

20. In the event that a claimant has an opening short position in Gatos common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

21. If a claimant has "written" Gatos call options, thereby having a short position in the call options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the call option. The date on which the call option was written is deemed to be the date of sale of the call option. In accordance with the Plan of Allocation, the earliest purchases or acquisitions of like call options during the Class Period shall be matched

against such short positions in accordance with the FIFO matching described above and any portion of such purchases or acquisitions that cover such short positions will not be entitled to recovery.

22. If a claimant has purchased or acquired Gatos put options, thereby having a long position in the put options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the put option. The date on which the put option was sold, exercised, or expired is deemed to be the date of sale of the put option. In accordance with the Plan of Allocation, the earliest sales or dispositions of like put options during the Class Period shall be matched against such long positions in accordance with the FIFO matching described above and any portion of the sales that cover such long positions shall not be entitled to a recovery.

23. **Common Stock Purchased/Sold Through the Exercise of Options:** With respect to Gatos common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

24. **Domestic Transactions:** Solely for purposes of the Settlement and the Plan of Allocation, transactions in Gatos Securities denominated in U.S. dollars are deemed domestic transactions.

25. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, *multiplied* by the total amount in the Net Settlement Fund.

26. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

27. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

**TABLE A**
**90-Day Look-Back Table for Gatos Common Stock**
**Closing Price and Average Closing Price**
**January 26, 2022 through April 25, 2022**

| Date | Closing Price | Average Closing Price Between January 26, 2022 and Date Shown | Date | Closing Price | Average Closing Price Between January 26, 2022 and Date Shown |
|---|---|---|---|---|---|
| 1/26/2022 | $3.17 | $3.17 | 3/11/2022 | $4.63 | $3.53 |
| 1/27/2022 | $2.81 | $2.99 | 3/14/2022 | $4.42 | $3.55 |
| 1/28/2022 | $3.06 | $3.01 | 3/15/2022 | $4.69 | $3.59 |
| 1/31/2022 | $3.11 | $3.04 | 3/16/2022 | $4.94 | $3.63 |
| 2/1/2022 | $3.23 | $3.08 | 3/17/2022 | $5.18 | $3.67 |
| 2/2/2022 | $3.25 | $3.11 | 3/18/2022 | $5.27 | $3.71 |
| 2/3/2022 | $2.99 | $3.09 | 3/21/2022 | $4.95 | $3.74 |
| 2/4/2022 | $3.11 | $3.09 | 3/22/2022 | $4.68 | $3.77 |
| 2/7/2022 | $3.40 | $3.13 | 3/23/2022 | $4.60 | $3.79 |
| 2/8/2022 | $3.45 | $3.16 | 3/24/2022 | $4.73 | $3.81 |
| 2/9/2022 | $3.31 | $3.17 | 3/25/2022 | $4.36 | $3.83 |
| 2/10/2022 | $3.30 | $3.18 | 3/28/2022 | $4.13 | $3.83 |
| 2/11/2022 | $3.36 | $3.20 | 3/29/2022 | $4.39 | $3.84 |
| 2/14/2022 | $3.52 | $3.22 | 3/30/2022 | $4.24 | $3.85 |
| 2/15/2022 | $3.57 | $3.24 | 3/31/2022 | $4.32 | $3.86 |
| 2/16/2022 | $3.46 | $3.26 | 4/1/2022 | $4.44 | $3.88 |
| 2/17/2022 | $3.39 | $3.26 | 4/4/2022 | $4.64 | $3.89 |
| 2/18/2022 | $3.20 | $3.26 | 4/5/2022 | $4.49 | $3.90 |
| 2/22/2022 | $3.18 | $3.26 | 4/6/2022 | $4.40 | $3.91 |
| 2/23/2022 | $3.21 | $3.25 | 4/7/2022 | $4.49 | $3.93 |
| 2/24/2022 | $3.36 | $3.26 | 4/8/2022 | $4.72 | $3.94 |
| 2/25/2022 | $3.35 | $3.26 | 4/11/2022 | $4.56 | $3.95 |
| 2/28/2022 | $3.37 | $3.27 | 4/12/2022 | $4.76 | $3.97 |
| 3/1/2022 | $3.70 | $3.29 | 4/13/2022 | $5.13 | $3.99 |
| 3/2/2022 | $3.77 | $3.31 | 4/14/2022 | $5.01 | $4.01 |
| 3/3/2022 | $3.82 | $3.33 | 4/18/2022 | $4.70 | $4.02 |
| 3/4/2022 | $3.84 | $3.34 | 4/19/2022 | $4.69 | $4.03 |
| 3/7/2022 | $4.17 | $3.37 | 4/20/2022 | $4.61 | $4.04 |
| 3/8/2022 | $4.25 | $3.40 | 4/21/2022 | $4.32 | $4.04 |
| 3/9/2022 | $4.72 | $3.45 | 4/22/2022 | $4.03 | $4.04 |
| 3/10/2022 | $4.77 | $3.49 | 4/25/2022 | $3.84 | $4.04 |

**TABLE B**
**Gatos Call Option Artificial Inflation per Share and Holding Prices**

| Expiration Date | Strike Price | Artificial Inflation per Share | Holding Price |
|---|---|---|---|
| 2/18/2022 | $2.50 | $6.66 | $0.88 |
| 2/18/2022 | $5.00 | $4.94 | $0.18 |
| 2/18/2022 | $7.50 | $2.68 | $0.03 |
| 2/18/2022 | $10.00 | $0.88 | $0.03 |
| 2/18/2022 | $12.50 | $0.12 | $0.03 |
| 2/18/2022 | $15.00 | $0.07 | $0.03 |
| 2/18/2022 | $17.50 | $0.02 | $0.03 |
| 2/18/2022 | $20.00 | $0.02 | $0.03 |
| 2/18/2022 | $22.50 | $0.02 | $0.03 |
| 2/18/2022 | $25.00 | $0.02 | $0.03 |
| 2/18/2022 | $30.00 | $0.02 | $0.03 |
| 3/18/2022 | $7.50 | $2.65 | $0.15 |
| 3/18/2022 | $10.00 | $1.11 | $0.13 |
| 3/18/2022 | $12.50 | $0.34 | $0.08 |
| 5/20/2022 | $2.50 | $6.46 | $1.18 |
| 5/20/2022 | $5.00 | $4.74 | $0.43 |
| 5/20/2022 | $7.50 | $2.90 | $0.20 |
| 5/20/2022 | $10.00 | $1.60 | $0.13 |
| 5/20/2022 | $12.50 | $0.86 | $0.05 |
| 5/20/2022 | $15.00 | $0.32 | $0.13 |
| 5/20/2022 | $22.50 | $0.05 | $0.03 |
| 5/20/2022 | $25.00 | $0.05 | $0.03 |
| 8/19/2022 | $7.50 | $3.09 | $0.30 |
| 8/19/2022 | $10.00 | $1.94 | $0.20 |
| 8/19/2022 | $12.50 | $1.23 | $0.18 |
| 8/19/2022 | $15.00 | $0.74 | $0.10 |
| 8/19/2022 | $17.50 | $0.12 | $0.38 |
| 8/19/2022 | $20.00 | $0.15 | $0.20 |
| 12/16/2022 | $5.00 | $4.40 | $0.83 |
| 12/16/2022 | $7.50 | $3.27 | $0.43 |
| 12/16/2022 | $10.00 | $2.21 | $0.30 |
| 12/16/2022 | $12.50 | $1.38 | $0.38 |
| 12/16/2022 | $15.00 | $1.13 | $0.15 |
| 12/16/2022 | $17.50 | $0.76 | $0.10 |
| 12/16/2022 | $25.00 | $0.27 | $0.20 |

**TABLE C**
**Gatos Put Option Artificial Deflation per Share and Holding Prices**

| Expiration Date | Strike Price | Artificial Deflation per Share | Holding Price |
|---|---|---|---|
| 2/18/2022 | $7.50 | $4.25 | $4.40 |
| 2/18/2022 | $10.00 | $6.07 | $6.90 |
| 2/18/2022 | $12.50 | $6.88 | $9.45 |
| 2/18/2022 | $15.00 | $6.73 | $11.65 |
| 2/18/2022 | $17.50 | $6.68 | $14.15 |
| 3/18/2022 | $7.50 | $4.25 | $4.50 |
| 3/18/2022 | $10.00 | $5.35 | $6.50 |
| 5/20/2022 | $7.50 | $3.95 | $4.50 |
| 5/20/2022 | $10.00 | $5.28 | $6.90 |
| 5/20/2022 | $12.50 | $6.09 | $9.40 |
| 5/20/2022 | $15.00 | $6.58 | $11.95 |
| 5/20/2022 | $17.50 | $6.39 | $14.00 |
| 8/19/2022 | $7.50 | $3.78 | $4.65 |
| 8/19/2022 | $12.50 | $5.35 | $9.10 |
| 8/19/2022 | $17.50 | $6.53 | $14.45 |
| 12/16/2022 | $5.00 | $2.09 | $2.43 |
| 12/16/2022 | $7.50 | $3.59 | $4.70 |
| 12/16/2022 | $10.00 | $4.54 | $6.95 |
| 12/16/2022 | $12.50 | $5.45 | $9.60 |
| 12/16/2022 | $25.00 | $6.68 | $21.95 |

DATED:_____

BY THE COURT:

_____

Chief Judge Philip A. Brimmer