UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00453-PAB-KLM

MICHAEL BILINSKY, Individually and On Behalf of All Others Similarly Situated,

        Plaintiff,

v.

GATOS SILVER, INC.,
STEPHEN ORR,
ROGER JOHNSON,
PHILIP PYLE,
JANICE STAIRS,
ALI ERFAN,
IGOR GONZALES,
KARL HANNEMAN,
DAVID PEAT,
CHARLES HANSARD, and
DANIEL MUÑIZ QUINTANILLA,

        Defendants.


[PROPOSED] FINAL JUDGMENT APPROVING SETTLEMENT

EXHIBIT B

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, on the application of the Parties for approval of the settlement set forth in the Stipulation of Settlement dated September 12, 2023 (the "Stipulation").  Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all Members of the Settlement Class.

2. All defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

3. For settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of Plaintiffs are typical of the claims of the Settlement Class; (iv) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: that the claims of Settlement Class Members in the Litigation are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there

is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for settlement purposes only, a Settlement Class defined as: all Persons and entities who or which either (i) during the period from December 9, 2020 to January 25, 2022, both inclusive (the "Class Period"), purchased or otherwise acquired Gatos common stock listed on the NYSE, or, in domestic transactions, purchased or otherwise acquired publicly traded call options on Gatos common stock, and/or sold publicly traded put options on Gatos common stock, and were damaged thereby; or (ii) purchased or otherwise acquired Gatos common stock pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, in domestic transactions or on the NYSE, and were damaged thereby.  Excluded from the Settlement Class are: Defendants, the current and Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, any entity in which such excluded persons have or had a majority interest, and the Electrum Group, LLC; *provided*, *however*, that any "Investment Vehicle" shall not be excluded from the Settlement Class. "Investment Vehicle" means any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange traded funds, funds of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which the Underwriter Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity, but in which any of the Underwriter Defendants alone or together, with its, his, or her respective affiliates, is not a majority owner or does not hold a majority beneficial interest.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from

the Settlement Class pursuant to the Notice Order. Pursuant to Rule 23, and for purposes of settlement only, the Court hereby affirms its determination in the Notice Order and finally certifies Plaintiffs as Settlement Class Representatives, and finally appoints the law firm of Bleichmar Fonti & Auld LLP as Settlement Class counsel.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects fair, reasonable, and adequate, having considered and found that: (i) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (ii) the proposal was negotiated at arm's length; (iii) the relief provided for the Settlement Class is adequate, having taken into account (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; (c) the terms of any proposed award of attorneys' fees, including timing of payment; and (d) any agreement required to be identified under Rule 23(e)(2); and (iv) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

6. The Court hereby dismisses the Litigation and all Released Claims of Plaintiffs and the Settlement Class with prejudice, without costs as to any of the Released Parties, except as and to the extent provided in the Stipulation and herein.

7. All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Order, pursuant to their terms.

8. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any

individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9. Upon the Effective Date, Plaintiffs and each of the Settlement Class Members, and their heirs, executors, administrators, successors, and assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims (including, without limitation, Unknown Claims) against Defendants and their Related Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release or participates in the Settlement Fund.

10. Upon the Effective Date, each of the Defendants and their Related Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, Plaintiffs' Counsel, each and all of the Settlement Class Members, and their employees, successors, and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of (i) the Litigation; or (ii) the Released Claims, except for those claims brought to enforce the Settlement.

11. Upon the Effective Date, Plaintiffs and each of the Settlement Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Defendants and their Related Parties from all Released Claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Litigation or the Released Claims.  Claims to enforce the terms of the Stipulation are not released. For avoidance of doubt and without limitation to other claims or potential claims not released hereby, Released Claims do not include any breach of fiduciary duty, unjust enrichment, or waste

claims by or on behalf of Gatos against the Individual Defendants or other individuals, which claims are referenced in or may arise from the litigation demand sent by Kathleen Marcus on April 27, 2023.

12. Upon the Effective Date, Plaintiffs and each of the Settlement Class Members who have not validly opted out of the Settlement Class, and anyone claiming through or on behalf of them, are forever barred and enjoined from commencing, instituting, intervening in, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Defendants and their Related Parties, and each of them.

13. Upon the Effective Date, (i) all Persons shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any of the Defendants or their Related Parties of any claims for contribution or indemnity where the alleged injury to that Person is that Person's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Litigation, arising from or related to the claims and allegations asserted by Plaintiffs in the Litigation, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and (ii) the Defendants and their Related Parties shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Person of any claims for contribution or indemnity where the alleged injury to any of the Defendants or their Related Parties is such Person or entity's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Litigation, arising from or related to the claims and allegations asserted by Plaintiffs in the Litigation, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or

other forum in the United States or elsewhere; provided, however, that nothing herein shall release or alter the contractual rights, if any, under the terms of any bylaws or other written agreement between any of the Individual Defendants, Gatos, and/or the Underwriter Defendants.

14. Notwithstanding paragraphs 9 through 13 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

15. The dissemination of the Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class ("Notice"), Long-Form Notice of Pendency and Proposed Settlement of Class Action, and Summary Notice in accordance with the Notice Order entered on _____, 2023 complied with the terms of the Stipulation and the Notice Order and was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Members of the Settlement Class are bound by this Order and Final Judgment, except those persons listed on Exhibit 1 to this Final Judgment.

16. Gatos has complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA"). Gatos timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Gatos has complied in all respects with the notice requirements of CAFA.

17. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

18. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Litigation, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of Defendants; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any Defendant; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, proceeding or other forum or tribunal.

19. Defendants and their Related Parties may file the Stipulation and/or this Judgment in any action in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20. The Court shall retain jurisdiction for the purposes of enforcing the terms of this Judgment. Except as necessary to enforce the terms of this Judgment, this Litigation and the Amended Complaint, as well as all of the Released Claims, are hereby dismissed with prejudice.

21. The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

22. Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Settlement.

23. If the Settlement is terminated as provided in the Stipulation, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, all of whom shall revert to their respective positions in the Litigation as of June 13, 2023.

24. The Claims Administrator shall administer the claims administration process, including the calculation of claims submitted by Settlement Class Members and distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Court-approved Plan of Allocation. All Settlement Class Members shall submit a Proof of Claim and Release ("Proof of Claim") under penalty of perjury by the date set forth in the Notice sent to Settlement Class Members. Lead Counsel may, in its discretion, accept for processing any late-submitted Proof of Claim so long as the distribution of the Net Settlement Fund is not materially delayed.

25. If a Proof of Claim is deficient, the Claims Administrator shall send the Settlement Class Member a deficiency letter which will give the Settlement Class Member twenty calendar (20) days to cure the deficiency. If the Settlement Class Member fails to cure the deficiency within the

twenty (20) calendar-day period, the Claims Administrator shall send the Settlement Class Member a letter notifying the Settlement Class Member that the Proof of Claim has been rejected.  The rejection letter will advise the Settlement Class Member of the reason (s) for the rejection of the Claim and his, her, or its right to review the determination of the Proof of Claim.  If the Proof of Claim is still rejected, the Settlement Class Member must move this Court within twenty (20) days to have the Proof of Claim accepted by Lead Counsel and the Claims Administrator; this deadline may be extended at Lead Counsel's discretion to facilitate resolving any disputes before their presentation to the Court.

26. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED:_____

BY THE COURT:

_____

Chief Judge Philip A. Brimmer