UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00453-PAB-KAS

MICHAEL BILINSKY, Individually and On Behalf of All Others
Similarly Situated,

        Plaintiff,

v.

GATOS SILVER, INC.,
STEPHEN ORR,
ROGER JOHNSON,
PHILIP PYLE,
JANICE STAIRS,
ALI ERFAN,
IGOR GONZALES,
KARL HANNEMAN,
DAVID PEAT,
CHARLES HANSARD, and
DANIEL MUÑIZ QUINTANILLA,

        Defendants.

[PROPOSED] ORDER AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND
REASONABLE COSTS AND EXPENSES TO PLAINTIFFS

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated February 29, 2024, on Lead Counsel and Wheeler Trigg O'Donnell LLP's ("WTO's") motion for the award of: (1) attorneys' fees, (2) litigation expenses, and (3) reasonable costs and expenses to Plaintiffs pursuant to the Private Securities Litigation Reform Act of 1995. Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement dated September 12, 2023 (the "Stipulation") (ECF No. 85-1), and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2.      This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all Members of the Settlement Class.

3.      The Court finds that Settlement Class Members received the best notice practicable under the circumstances of these proceedings and of the requested awards, and that this notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act, due process, and any other applicable law.

4.      Lead Counsel and WTO are awarded attorneys' fees in the amount of 28% of the Settlement Fund, which includes interest at the same rate and for the same period as earned by the Settlement Fund (until paid), to be paid from the Settlement Fund.

- 1 -

5.      Lead Counsel shall allocate the attorneys' fees and expenses among other Plaintiffs' counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the institution, prosecution, and resolution of the Litigation.

6.      Lead Counsel and WTO are awarded litigation expenses in the amount of $226,314, plus interest at the same rate and for the same period as earned by the Settlement Fund (until paid), to be paid from the Settlement Fund.

7.      In making these awards of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a)      Plaintiffs' counsel's efforts on behalf of the Settlement Class have created a common fund of $21 million in cash.

(b)      The requested attorneys' fees are consistent with awards in similar cases;

(c)      The requested attorneys' fee has been reviewed and approved as reasonable by Plaintiffs, who oversaw the prosecution and resolution of the Litigation, as detailed in the Declaration of Lead Plaintiff Bard Betz and the Declaration of Named Plaintiff Jude Sweidan;

(d)      Plaintiffs' counsel secured the Settlement through skilled advocacy and heavy investment of time and resources, including investigating and drafting the Amended Complaint, opposing Defendants' motion to dismiss the Amended Complaint, and preparing for and successfully mediating the Litigation;

(e)      The Litigation involved a number of complex factual and legal issues, and, absent the Settlement, would involve lengthy further proceedings, leaving the Settlement Class exposed to significant risks of recovering less or nothing from Defendants;

- 2 -

(f)    Plaintiffs' counsel devoted more than 2,200 hours to prosecuting the Litigation, with a lodestar value of over $1.85 million, on a fully contingent basis;

(g)    Plaintiffs' counsel worked efficiently, and the fee awarded results in a lodestar multiplier of 3.17, which is reasonable in light of comparable settlements and the risk and uncertainty of the Litigation; and

(h)    The requested expenses are fair and reasonable, and they were reasonably and necessarily incurred to prosecute the Litigation.

8.    Consistent with the Stipulation, the fees and expenses awarded pursuant to this Order are payable immediately upon entry of this Order, notwithstanding any appeals.

9.    All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.

10.    In accordance with 15 U.S.C. § 78u-4(a)(4), the Court awards reasonable costs and expenses to Plaintiffs in the amounts of $10,000 to Lead Plaintiff Bard Betz and $5,000 to Named Plaintiff Jude Sweidan, to be paid from the Settlement Fund.

11.    [All objections to the awards are overruled.]

12.    There is no just reason for delay in the entry of this Order, and the Court directs immediate entry of this Order by the Clerk of the Court.

- 3 -

- 4 -

IT IS SO ORDERED.


DATED:_____


                              BY THE COURT:


                              _____

                              Chief Judge Philip A. Brimmer