# EXHIBIT C

**Declaration of Robert A. Meyer in Support of the Settlement**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00453-PAB-KLM

MICHAEL BILINSKY, Individually and on Behalf of All Others
Similarly Situated,

        Plaintiff,

v.

GATOS SILVER, INC.,
STEPHEN ORR,
ROGER JOHNSON,
PHILIP PYLE,
JANICE STAIRS,
ALI ERFAN,
IGOR GONZALES,
KARL HANNEMAN,
DAVID PEAT,
CHARLES HANSARD, and
DANIEL MUÑIZ QUINTANILLA,

        Defendants.

---

**DECLARATION OF ROBERT A. MEYER IN SUPPORT OF SETTLEMENT**

---

ROBERT A. MEYER declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

1.    I submit this Declaration in my capacity as the mediator in the above-captioned action (the "Action") and in connection with the proposed settlement of the Action.[1]  I make this Declaration based on personal knowledge and am competent to testify.

## I.    BACKGROUND AND QUALIFICATIONS

2.    I currently serve at JAMS in Los Angeles, California as a mediator in complex business litigation pending throughout the United States, including securities class actions, derivative and stockholder actions, professional liability lawsuits against accounting and law firms, litigation involving banking and complex financial instruments, cases arising under ERISA, intellectual property disputes, consumer class actions, high-profile employment matters, and other commercial disputes.

3.    Prior to joining JAMS, I was a partner and Chair of Professional Services Litigation and General Counsel at Loeb & Loeb LLP, where I practiced from 1975 to 2017.

4.    I am a Fellow of the American College of Trial Lawyers and have represented both plaintiffs and defendants in derivative litigation, securities and class action suits, intellectual property litigation (including copyright, trademark, and right of publicity lawsuits), attorneys' and accountants' professional liability lawsuits, and claims involving breach of contract and commercial fraud.

---

[1] Capitalized terms not defined herein have the meanings stated in the Complaint (ECF 54), or the Amended Stipulation of Settlement (ECF 85-1).

5.     I earned my Bachelor of Arts degree from the American University School of International Service in 1972 and my Juris Doctor degree from Georgetown University Law Center in 1975.

## II.     THE ARM'S-LENGTH SETTLEMENT NEGOTIATIONS

6.     On June 13, 2023, the parties, their counsel, and representatives of Defendants' insurers attended an in-person, full-day mediation session in Los Angeles, California. The attendees included counsel for Plaintiff (Bleichmar Fonti & Auld LLP and The Schall Law Firm) and counsel for Gatos and the Individual Defendants (Davis Polk & Wardwell LLP).

7.     Prior to that mediation conference, the parties exchanged confidential mediation statements, addressing issues of liability and the strength of the allegations in the Amended Complaint and the pending motion to dismiss.

8.     During the June 13, 2023 mediation conference, the parties separately conferred with me regarding the strengths and weaknesses of the parties' claims and defenses. In separate discussions with Plaintiff's counsel and Defendants' counsel, the parties exchanged several rounds of demands and counter-offers, but the parties were not able to independently reach a resolution. At the conclusion of the session, in an effort to resolve the case, I issued a mediator's proposal that the case settle for $21 million. The parties accepted this proposal.

9.     The mediation process was conducted with a high degree of professionalism from beginning to end and was conducted by experienced and able counsel on both sides. Throughout the mediation process, the negotiations between the parties were vigorous and conducted at arm's-length and in good faith. Because the parties submitted their mediation statements and arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I

cannot reveal their content. I can say, however, that the arguments and positions asserted by all involved were the product of substantial work, they were complex and reflected a detailed and in-depth understanding of the strengths and weaknesses of the claims and defenses in this case, and the negotiations were extremely hard-fought.

## III.    CONCLUSION

10.    Based on my experience as a litigator and a mediator, I believe that it was in the best interests of the parties that they avoid the burdens and risks associated with further litigation and that the settlement represents a recovery and outcome that is reasonable and fair for all parties involved. I support the Court's approval of the settlement in all respects, except that I do not take a position on any application for attorney's fees, litigation expenses, or Plaintiffs' costs and expenses.

Dated: April 16 2024

s/ Robert A. Meyer

Robert A. Meyer

3