UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00453-PAB-KAS

MICHAEL BILINSKY, Individually and on Behalf of All Others
Similarly Situated,

       Plaintiff,

v.

GATOS SILVER, INC.,
STEPHEN ORR,
ROGER JOHNSON,
PHILIP PYLE,
JANICE STAIRS,
ALI ERFAN,
IGOR GONZALES,
KARL HANNEMAN,
DAVID PEAT,
CHARLES HANSARD, and
DANIEL MUÑIZ QUINTANILLA,

       Defendants.

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF:
(I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AND
APPROVAL OF THE PLAN OF ALLOCATION; AND
(II) LEAD COUNSEL AND WTO'S MOTION FOR AWARDS OF
ATTORNEYS' FEES, LITIGATION EXPENSES, AND
<u>REASONABLE COSTS AND EXPENSES TO PLAINTIFFS</u>**

---

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

I.      NO SETTLEMENT CLASS MEMBER HAS OBJECTED ............................................. 1

II.     THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT
        AND APPROVE THE PLAN OF ALLOCATION .............................................................. 2

III.    THE REQUESTED FEE AND EXPENSE AWARDS SHOULD BE
        APPROVED ....................................................................................................................... 5

CONCLUSION ...................................................................................................................... 7

i

Plaintiffs, Lead Counsel, and WTO respectfully submit this combined reply in further support of (I) Plaintiffs' Motion for Final Approval of the Settlement and Approval of the Plan of Allocation (ECF No. 89); and (II) Lead Counsel and WTO's Motion for Awards of Attorneys' Fees, Litigation Expenses, and Reasonable Costs and Expenses to Plaintiffs (ECF No. 90).[1]

## PRELIMINARY STATEMENT

On April 26, 2024, Plaintiffs, Lead Counsel, and WTO filed memoranda of law and declarations detailing Plaintiffs' Counsel's extensive effort that culminated in the proposed $21 million Settlement and the grounds for the requested fees and expenses.  (*See* ECF Nos. 89-1, 90-1, and 91.)  No objections have been submitted.  This uniformly positive response from the Settlement Class confirms that the Settlement is fair, reasonable, and adequate, and that the requested fee and expense awards are appropriate.

## I.    NO SETTLEMENT CLASS MEMBER HAS OBJECTED

No Settlement Class Member has objected to the proposed Settlement, the Plan of Allocation, or the requested fee and expense awards.

The Settlement Class was apprised of the proposed Settlement through a robust notice program that has included the individual transmission of 29,900 Notices, wide-reaching publication of the Summary Notice, online advertisement of the Settlement, a Settlement Website, and a dedicated telephone line.  (*See* ECF 91-4 (Kimball Decl.) ¶¶11-23; Ex. A (Supp. Kimball Decl.) ¶¶5-9, submitted herewith.)  In response, numerous Settlement Class Members have submitted claims or inquired about the Settlement, with 320 claims filed, 5,755 unique visitors to

---

[1] Capitalized terms not defined herein have the meanings stated in the opening briefs and Joint Declaration filed on April 26, 2024 (ECF Nos. 89-1, 90-1, and 91).  Citations are omitted unless otherwise stated.

the Settlement Website, and 99 calls to the Claims Administrator as of May 24, 2024. (Ex. A (Supp. Kimball Decl.) ¶¶7-10.)

The deadlines for exclusion requests (May 5) and objections (May 10) have now passed and no Settlement Class Member has sought exclusion or objected to the Settlement, the requested awards of fees and expenses, or any other matter.  (*Id.* ¶¶12-14.)

The absence of objections strongly supports final approval.  "[I]n litigation involving a large class, such as that here, it [is] extremely unusual not to encounter objections."  *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 478 (S.D.N.Y. 1998).  Indeed, even where several class members object, "it counsels in favor of the settlement's fairness and reasonableness."  *Chipotle Mexican Grill, Inc. v. Ells*, No. 16-CV-2011-WJM-KLM, 2018 WL 1621166, at *8 (D. Colo. Apr. 4, 2018); *see also Elna Sefcovic, LLC v. TEP Rocky Mountain, LLC*, 807 F. App'x 752, 762 (10th Cir. 2020) (affirming final approval where, "of 607 class members, only the four Objectors in this case challenged the reasonableness" of settlement); *In re Crocs, Inc. Sec. Litig.*, 306 F.R.D. 672, 691-92 (D. Colo. 2014) (reaction of class supported final approval where only two parties objected); *Ryskamp v. Looney*, No. 10-CV-00842-WJM-KLM, 2012 WL 3397362, at *4 (D. Colo. Aug. 14, 2012) (same).

## II.    THE COURT SHOULD GRANT FINAL APPROVAL OF THE SETTLEMENT AND APPROVE THE PLAN OF ALLOCATION

Plaintiffs' April 26 opening papers demonstrate that the proposed Settlement is fair, reasonable, and adequate under Rule 23(e)(2) and *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002), and that the Plan of Allocation should likewise be approved as fair, reasonable, and adequate.  (*See* ECF No. 89-1 at 7-19 of 20.)

In particular, the proposed Settlement was achieved after Plaintiffs' Counsel conducted a meticulous investigation, with the assistance of consulting experts on mining and forensic accounting; filed a detailed Amended Complaint and a robust opposition to Defendants' motion to dismiss; and participated in a mediation under the auspices of Robert A. Meyer, culminating in Mr. Meyer's recommendation, after the parties were unable to reach agreement, that this action settle for $21 million.  (*See* ECF 91 ¶¶10-24.)

"The reaction of the class to the proffered settlement is perhaps the most significant factor to be weighed in considering its adequacy."  *Ryskamp*, 2012 WL 3397362 at *4.

Here, the absence of objections and exclusion requests—with over 29,000 Notices disseminated—confirms that the $21 million Settlement is an excellent result.  "The fact that no class member objects shows that the class also considers this settlement fair and reasonable." *Diaz v. Lost Dog Pizza, LLC*, No. 17-CV-2228-WJM-NYW, 2019 WL 2189485, at *3 (D. Colo. May 21, 2019); *see also In re DaVita Healthcare Partners, Inc.*, No. 12-CV-2074-WJM-CBS, 2015 WL 3582265, at *3 (D. Colo. June 5, 2015) ("utter absence of objections" and "nominal number of shareholders who have exercised their right to opt out . . . militate strongly in favor of approval of the settlement"); *Voulgaris v. Array Biopharma Inc.*, No. 17-cv-02789-KLM, 2021 WL 6331178, at *9 (D. Colo. Dec. 3, 2021) ("[T]he fact that just one objection was received in response to more than 46,000 notices to potential Class members suggests that the settlement was widely received as a favorable and positive outcome for the case.").

The Settlement Class's reaction also supports approval of the Plan of Allocation, which provides an appropriate mechanism for the fair and equitable distribution of the Net Settlement

3

Fund. *See* ECF No. 89-1 at 17-19 of 20; *Crocs*, 306 F.R.D. at 692 ("the favorable reaction of the Class supports approval of the proposed Plan of Allocation").

One individual, William Natbony, contacted Lead Counsel to request that he appear remotely at the Fairness Hearing on May 31. If the Court wishes to permit telephonic participation, Lead Counsel is willing to provide a dial-in number to facilitate Mr. Natbony's participation.

In all events, Mr. Natbony confirmed that he is not objecting to the proposed Settlement.[2] Mr. Natbony also had questions about the $21 million Settlement amount, which Lead Counsel addressed by speaking to him and following up by email, attached as Exhibit B.

As summarized in Exhibit B and Plaintiffs' prior submissions, the $21 million Settlement is an excellent result:  it represents 9.4% to 63% of estimated damages, which are a range of approximately $33.2 million to $224.5 million as a result of several complex risks and variables. (ECF 91 ¶¶38-41.)  Notably, the 63% figure represents more than half of estimated damages, while the low end of 9.4% is nearly double the 4.8% median recovery in Exchange Act class actions. (*Id.* ¶41.)  This Court and others have approved securities class settlements that recovered comparable or lower percentages.  *See Crocs*, 306 F.R.D. at 691 & n.20 (overruling objection to settlement that recovered 1.3% of estimated damages); *Voulgaris v. Array Biopharma, Inc.*, 60 F.4th 1259, 1264 (10th Cir. 2023) (recovery exceeded "median settlement as a percentage of overall damages [of] 7.6% for similar cases" in the "Tenth Circuit between 2010 and 2019").

---

[2] For the avoidance of doubt, Mr. Natbony did not comply with the May 10 deadline and other requirements to object (described in the Court-approved Long-Form Notice, ECF No. 85-2 at 19-21), such as objecting in writing and providing documentation of membership in the Settlement Class.  As a result, any objection is "waived" and "forever foreclosed."  *Id.* at 21; *cf. Crocs*, 306 F.R.D. at 682-83 (objection "deemed waived" where objector failed to provide proof of securities transactions during class period).

Moreover, the Settlement is a highly favorable result in light of the risk of recovering less or nothing, the inherent delay of further litigation, and Gatos's financial condition.  For example, at the time of the Settlement, Gatos reported a cash balance of $10.5 million and $9 million in outstanding debt (with a 70% interest in a joint venture with additional cash).  (*See* ECF Nos. 89-1 at 13-14 of 20; ECF 91 ¶¶39-42.)[3]

The Company's cash contribution to the proposed Settlement—which Gatos publicly reported as $1.4 million (Ex. B)—further supports final approval.  *See Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, No. 17-CV-0304-WJM-NRN, 2021 WL 1387110, at *4 (D. Colo. Apr. 13, 2021) ("company's contribution 'of its own cash to the Settlement' 'strongly demonstrate[d] the adequacy of the Settlement amount'") (quoting *In re Genworth Fin. Sec. Litig.*, 210 F. Supp. 3d 837, 842 (E.D. Va. 2016)).

In short, the proposed Settlement provides valuable, immediate recovery for the Settlement Class that was negotiated at arm's length and outweighs the possibility of future relief.  No objections have been submitted, and final approval is warranted.

## III.    THE REQUESTED FEE AND EXPENSE AWARDS SHOULD BE APPROVED

On April 26, 2024, Lead Counsel and WTO submitted an extensive record supporting the requested 28% fee, which was also posted to the Settlement Website.  (Ex. A (Supp. Kimball

---

[3] Mr. Natbony noted that Gatos's share price peaked near $20 and declined to the single digits, but potentially recoverable damages are not simply the difference between Gatos's highest and lowest share price.  Instead, damages must be proven based on the amount of decline attributed to the alleged misstatements.  *See Array Biopharma*, 2021 WL 6331178 at *8 (challenge to damages calculation "confuse[d] market capitalization loss with investor damages while only the latter [is] recoverable under the federal securities laws").  In addition, while Mr. Natbony noted that Gatos's share price has improved since the parties agreed to the Settlement last year, that increase—much of which occurred in the last three months—does not increase the amount of damages in this case or directly increase Gatos's ability to fund a settlement.  (*See* Ex. B.)

Decl.) ¶7.)  As the Joint Declaration describes in detail, Plaintiffs' Counsel devoted over 2,200 hours of skilled effort, and surmounted numerous risks, to achieve the $21 million Settlement. (*See* ECF No. 91 ¶¶10-26; 60-87.)

As indicated above, no Settlement Class Members have objected to the requested fees and expenses or the awards to Plaintiffs.  "[T]he fact that none of the class members objected to the requested attorneys' fees is significant and weighs in favor of the requested award."  *In re Crocs, Inc. Sec. Litig.*, No. 07-CV-02351-PAB-KLM, 2014 WL 4670886, at *5 (D. Colo. Sept. 18, 2014).

Moreover, the requested fee percentage is below the typical award in the Tenth Circuit of 33%, *id.* at *3, and similar and higher fee percentages have regularly been awarded in securities class settlements in this Circuit.  (ECF No. 90-1 at 9 of 20.)  And while the Court is "not required to perform a lodestar cross-check," *Array Biopharma*, 60 F.4th at 1265, the 3.17 multiplier here is reasonable.  *See, e.g.*, *In re Qwest Comms. Int'l, Inc. Sec. Litig.*, No. 01-cv-01451-REB-CBS, 2006 WL 8429707, at *4 (D. Colo. Sept. 29, 2006) (appropriate fee awards may "reach as high as five to ten times the lodestar figure").  Plaintiffs' Counsel's hourly rates are also reasonable and align with the rates of "counsel litigating a complex securities class action on a contingent basis."  *Array Biopharma*, 60 F.4th at 1266; *see also* ECF 90-1 at 17 of 20.

Based on the supporting record and the Settlement Class's reaction, Lead Counsel and WTO respectfully submit that the requested attorneys' fees, expenses, and awards to Plaintiffs are reasonable and should be granted.

## CONCLUSION

Plaintiffs, Lead Counsel, and WTO respectfully request that the Court (1) grant final approval of the Settlement and approval of the Plan of Allocation, and (2) grant the attorneys' fees, litigation expenses, and awards to Plaintiffs requested in ECF No. 90.

Dated:  May 24, 2024

s/ Kathryn A. Reilly
Michael L. O'Donnell
Kathryn A. Reilly
Daniel N. Guisbond
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado  80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   odonnell@wtotrial.com
              reilly@wtotrial.com
              guisbond@wtotrial.com

Liaison Counsel for
Lead Plaintiff Bard Betz

s/ Joseph A. Fonti
Joseph A. Fonti
Evan A. Kubota
Bleichmar Fonti & Auld LLP
300 Park Ave., Suite 1301
New York, New York  10022
Telephone:     212.789.1340
Facsimile:      212.205.3960
Email: jfonti@bfalaw.com
            ekubota@bfalaw.com

Counsel for Lead Plaintiff Bard Betz and
Lead Counsel for the Class

Brian Schall
The Schall Law Firm
2049 Century Park East, Suite 2460
Los Angeles, California  90067
Telephone:     424.303.1964
Email: brian@schallfirm.com

Additional Counsel for Lead Plaintiff Bard
Betz and Named Plaintiff Jude Sweidan

7