# EXHIBIT A

**Supplemental Declaration of Morgan Kimball Regarding
(I) Mailing of Notice; (II) the Settlement Website and Contact
Center Services; (III) Claim Filing; and (IV) Requests for Exclusion
and Objections Received to Date,
dated May 24, 2024**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00453-PAB-KAS

MICHAEL BILINSKY, Individually and on Behalf of All Others
Similarly Situated,

        Plaintiff,

v.

GATOS SILVER, INC.,
STEPHEN ORR,
ROGER JOHNSON,
PHILIP PYLE,
JANICE STAIRS,
ALI ERFAN,
IGOR GONZALES,
KARL HANNEMAN,
DAVID PEAT,
CHARLES HANSARD, and
DANIEL MUÑIZ QUINTANILLA,

        Defendants.

**SUPPLEMENTAL DECLARATION OF MORGAN KIMBALL REGARDING
(I) MAILING OF NOTICE; (II) THE SETTLEMENT WEBSITE AND CONTACT
CENTER SERVICES; (III) CLAIM FILING; AND (IV) REQUESTS FOR EXCLUSION
<u>AND OBJECTIONS RECEIVED TO DATE</u>**

MORGAN KIMBALL declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true:

1.    I am a Project Manager for Epiq Class Action and Claims Solutions, Inc. ("Epiq"). I am providing this declaration at the request of Lead Counsel Bleichmar Fonti & Auld LLP ("Lead Counsel"), on behalf of Plaintiffs, in connection with Plaintiffs' Motion for Final Approval of the Settlement and Approval of the Plan of Allocation.[1]  This declaration supplements my prior declarations (ECF No. 82-9; ECF No. 91-4).  I make this declaration based on personal knowledge, and if called to testify, I could and would do so competently.

2.    Pursuant to the Court's February 29, 2024 Preliminary Approval Order (ECF No. 87), Epiq is authorized to act as the Claims Administrator in connection with the Settlement of the above-captioned action (the "Action").  This declaration provides information regarding: (i) the mailing of the Notice; (ii) the Settlement Website and contact center services; (iii) the current status of claim filings; and, (iv) the requests for exclusion and objections received by Epiq to date.

## I.    MAILING OF THE NOTICE

3.    As previously stated, as of April 26, 2024, a total of 29,155 Notices had been disseminated to potential Settlement Class Members, including Notices sent directly to nominees at their request for transmission to investors.  (*See* ECF 91-4 ¶¶8, 11.)

---

[1] Capitalized terms not defined herein have the meanings stated in the Amended Class Action Complaint for Violations of the Securities Laws (ECF No. 54), the Stipulation and Agreement of Settlement dated September 12, 2023 (ECF No. 85-1), and the Joint Declaration of Joseph A. Fonti and Kathryn A. Reilly in Support of: (I) Plaintiffs' Motion for Final Approval of the Settlement and Approval of the Plan of Allocation and (II) Lead Counsel and WTO's Motion for Awards of Attorneys' Fees, Litigation Expenses, and Reasonable Costs and Expenses to Plaintiffs (ECF No. 91).

4.      The majority of these notices were either emailed directly by one nominee, Broadridge, or were mailed as a result of brokers and nominees providing names and addresses of potential Settlement Class Members (or in response to brokers' and nominees' requests for Notices to forward to their customers). (*Id.* ¶¶8-10.) At Lead Counsel's direction, Epiq has taken additional steps to follow up with brokers and nominees who had not responded to the Notice, including by phone and/or email. (*Id.* ¶7.)

5.      Since April 26, 2024, Epiq has continued to receive further information and requests from nominees and intermediaries and has promptly responded to these requests. Epiq disseminated 737 additional copies of the Notice between April 27 and May 3, 2024, and eight (8) additional copies between May 4 and May 24, 2024. Thus, as of May 24, 2024, a total of 29,900 copies of the Notice have been disseminated to potential Settlement Class Members, including copies emailed directly by nominees to potential Settlement Class Members.

6.      A total of 329 Notices have been returned to Epiq by the U.S. Postal Service. Of those 329 returned Notices, Epiq obtained 13 new addresses from the U.S. Postal Service and 13 were successfully remailed. A total of 316 Notices have been deemed undeliverable, meaning either valid replacement addresses were not provided by the U.S. Postal Service or identified by Epiq through its address research services, or if updated addresses were obtained, those updated addresses were ultimately not valid and the Notices were returned again as undeliverable. This represents approximately 2.87% of the total number of Notices mailed, which is below the typical 5% undeliverable rate Epiq typically observes in notice programs like this one.

## II.    THE SETTLEMENT WEBSITE AND CONTACT CENTER SERVICES

7.    As of May 24, 2024, there have been 10,680 pageviews of the Settlement Website, 5,755 unique visitors, and 258 downloads of the Proof of Claim form.  Plaintiffs' and Plaintiffs' Counsel's filings on April 26, 2024 (ECF Nos. 89, 90, and 91) were loaded to the Settlement Website on April 30, 2024.

8.    As of May 24, 2024, Epiq has received a total of 99 calls to the telephone number dedicated to the Settlement, including 67 calls that were handled by a live operator.  Epiq promptly responded to each telephone inquiry and mailing request received by telephone, including messages left by callers, and will continue to do so.

9.    As of May 24, 2024, Epiq has received 102 emails and mailed correspondence from potential Settlement Class Members, and has responded as appropriate.

## III.    CLAIM FILING

10.    As of May 24, 2024, Epiq has received 320 Proof of Claim forms from potential Settlement Class Members and brokerage firms, banks, institutions, and other nominees.  The total number of Proof of Claim forms will continue to be refined as Epiq receives and processes claim forms.

11.    As is typical in claims administration matters of this kind, Epiq will continue to process claims received or postmarked after June 19, 2024, until such time as the receipt and processing of new claims will impact decisions on disbursements.  Class Counsel will present all valid late-filed claims to the Court at the time the distribution motion is made and intends to recommend that such valid claims be paid.

3

## IV.   REQUESTS FOR EXCLUSION AND OBJECTIONS

12.   Potential Settlement Class Members who wished to seek exclusion were required to electronically submit or postmark requests for exclusion on or before May 5, 2024, and any objections were required to be received or filed (not simply postmarked) on or before May 10, 2024.

13.   As of May 24, 2024, Epiq has not received any requests for exclusion.

14.   As of May 24, 2024, Epiq has not received any objections to the Settlement, the proposed Plan of Allocation, or the application for attorneys' fees and expenses, including requests for awards to Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4).

15.   Epiq has monitored (and will continue to monitor) the Settlement Website and all mail delivered to the Settlement-specific P.O. Box for potential requests for exclusion and objections received after May 24, 2024, so that Class Counsel can address them at or before the Fairness Hearing on May 31, 2024.

Dated:  May 24, 2024

By:  _____

Morgan Kimball

4