EXECUTION COPY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00453-PAB-KLM

MICHAEL BILINSKY, Individually and On Behalf of All Others
Similarly Situated,

       Plaintiff,

v.

GATOS SILVER, INC.,
STEPHEN ORR,
ROGER JOHNSON,
PHILIP PYLE,
JANICE STAIRS,
ALI ERFAN,
IGOR GONZALES,
KARL HANNEMAN,
DAVID PEAT,
CHARLES HANSARD, and
DANIEL MUÑIZ QUINTANILLA,

       Defendants.

---

## STIPULATION AND AGREEMENT OF SETTLEMENT

EXECUTION COPY

This Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement Agreement") is made and entered into by and between lead plaintiff Bard Betz ("Lead Plaintiff") along with named plaintiff Jude Sweidan (individually, "Named Plaintiff" and collectively, "Plaintiffs"), on the one hand, and Defendants Gatos Silver, Inc. ("Gatos" or the "Company"); individual defendants Stephen Orr, Roger Johnson, Philip Pyle, Janice Stairs, Ali Erfan, Igor Gonzales, Karl Hanneman, David Peat, Charles Hansard, and Daniel Muñiz Quintanilla (the "Individual Defendants"); and underwriter defendants BMO Capital Markets Corp., Goldman Sachs & Co. LLC, RBC Capital Markets, LLC, Canaccord Genuity Corp., CIBC World Markets Corp. (the "Underwriter Defendants") (collectively, with Gatos and the Individual Defendants, "Defendants"), on the other hand, by and through their counsel of record in the above-captioned litigation (the "Litigation") pending in the United States District Court for the District of Colorado (the "Court"). This Stipulation is intended by Plaintiffs, on behalf of themselves and each of the Settlement Class Members (as defined below), and Defendants (each a "Party," and collectively, the "Parties") to fully, finally, and forever resolve, discharge, and settle the Released Claims (as defined in ¶1.45 hereof), upon and subject to the terms and conditions hereof and subject to the Court's approval.

WHEREAS:

A.      All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶1 hereof entitled "Definitions."

B.      On February 22, 2022, the initial Class Action Complaint for Violations of the Securities Laws (the "Complaint") was filed against all Defendants in the United States District Court for the District of Colorado, styled *Bilinsky v. Gatos Silver Inc. et al.*, No. 1:22-cv-00453-PAB-KLM.  ECF No. 1.

C.      On April 25, 2022, Lead Plaintiff moved to serve as lead plaintiff.  ECF No. 16.  In the motion, Lead Plaintiff proposed that Bleichmar Fonti & Auld LLP be selected as Lead Counsel

for the class.  That same day, Kenneth Pigford (ECF No. 6); Richard Kennay (ECF No. 8); Mark

Lloyd (ECF No. 11); John Teselsky and Hong Nguyen (ECF No. 12);  William Algeo (ECF No. 13);

John D. Dockter, Scott Gelb, and Kaan Yazgan (ECF No. 14); and Kathleen Marcus (ECF No. 17)

also moved to serve as lead plaintiffs.

      D.      On June 3, 2022, the Court entered an order appointing Lead Plaintiff as lead plaintiff

and approving Lead Plaintiff's selection of Bleichmar Fonti & Auld LLP as lead counsel ("Lead

Counsel").  ECF No. 49.

      E.      On August 15, 2022, Plaintiffs filed an Amended Class Action Complaint for

Violations of the Securities Laws (the "Amended Complaint"), which is the operative complaint in

the Litigation.  ECF No. 54.  The Amended Complaint asserted claims against Gatos and the

Individual Defendants, specifically: (1) against the Securities Act Defendants for violations of

Section 11 of the Securities Act of 1933 (the "Securities Act"); (2) against the Individual Defendants

for violations of Section 15 of the Securities Act; (3) against the Exchange Act Defendants for

violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule

10b-5 promulgated thereunder; and (4) against the Exchange Act Defendants for violations of

Section 20(a) of the Exchange Act.[1]  Plaintiffs asserted the Securities Act claims on behalf of all

persons who, in domestic transactions or on the New York Stock Exchange ("NYSE"), purchased or

acquired Gatos common stock pursuant or traceable to the 2020 Registration Statement or the 2021

Registration Statement during a Class Period of December 9, 2020 through January 25, 2022, both

inclusive, and were damaged thereby.  Plaintiffs asserted the Exchange Act claims on behalf of all

persons who purchased or acquired Gatos common stock listed on the NYSE, or who, in domestic

transactions, purchased or acquired publicly traded call options on Gatos common stock, or sold

---

[1]      The Amended Complaint did not assert claims against the Underwriter Defendants.

EXECUTION COPY

publicly traded put options on Gatos common stock, during a Class Period of December 9, 2020 through January 25, 2022, both inclusive, and were damaged thereby.

      F.      On October 14, 2022, Gatos and the Individual Defendants filed a motion to dismiss the Amended Complaint. ECF No. 63. On November 23, 2022, Plaintiffs opposed the motion to dismiss. ECF No. 67. On December 23, 2022, Gatos and the Individual Defendants filed a reply in further support of their motion to dismiss. ECF No. 70.

      G.      On April 13, 2023, certain Parties submitted a Joint Motion to Stay Ruling on Defendants' Motion to Dismiss (1) asking that the Court stay any disposition on the pending motion to dismiss while those Parties considered a path forward for the Litigation and (2) stating that the Parties would submit a joint status report to the Court on or before June 15, 2023. ECF No. 78. On April 26, 2023, the Court granted the Parties' Joint Motion, noted that those Parties would file a joint status report on or before June 15, 2023, and agreed to postpone a ruling on the motion to dismiss until on or after June 16, 2023. ECF No. 79.

      H.      On June 13, 2023, Gatos, the Individual Defendants, and Plaintiffs participated in a full-day mediation session before Robert Meyer of JAMS (the "Mediator"). In advance of that session, those parties provided detailed mediation statements to the Mediator addressing issues of liability and the strength of the pending motion to dismiss. After arm's-length negotiations and the Parties' exchange of multiple demands and counteroffers, the same day, the Mediator made a formal mediator's proposal that the case settle for $21 million. Gatos, the Individual Defendants and Plaintiffs accepted this proposal and the Parties subsequently began negotiating this Settlement Agreement. This Stipulation, together with the exhibits hereto and the Opt-Out Agreement defined in ¶1.35 below, constitute the final and binding agreement between the Parties.

      I.      Plaintiffs and Lead Counsel believe that the claims and allegations in the Litigation have merit and that the information developed to date supports the claims and allegations asserted.

EXECUTION COPY

However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Plaintiffs and Lead Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and Lead Counsel are also mindful of the problems of proof and possible defenses to the securities law violations asserted in the Litigation. Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon Settlement Class Members in light of the circumstances here, is in the best interests of Plaintiffs and Settlement Class Members, and is fair, reasonable, and adequate.

J.      Defendants are entering into this Stipulation solely to avoid and eliminate the burden, expense, uncertainty, and risk of further litigation, as well as the business disruption associated therewith. Defendants have expressly denied and continue to deny any wrongdoing or liability against them arising out of any statements or omissions alleged, or that could have been alleged, in the Litigation. Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation to avoid the further expense, inconvenience, and burden of this Litigation, to end the distraction and diversion of personnel and resources, and to obtain the conclusive and final dismissal and/or release of this Litigation, as to them, and the Released Claims.

NOW THEREFORE, without any concession by Plaintiffs that the Litigation lacks merit, and without any concession by the Defendants of any liability or wrongdoing or lack of merit in their defenses, it is hereby STIPULATED AND AGREED, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that in consideration of the benefits flowing to the Parties hereto, all Released Claims as against all Released Parties shall be fully, finally, and forever compromised,

settled, released, waived, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## 1.  Definitions

As used in this Stipulation, as well as any exhibits attached hereto and made part hereof and the Opt-Out Agreement as defined below, the following terms have the meanings specified below:

1.1    "2020 Registration Statement" means Gatos's registration statement for its initial public offering (including the documents incorporated by reference therein), filed by Gatos on Form S-1 on October 27, 2020, and declared effective on October 27, 2020.

1.2    "2021 Registration Statement" means Gatos's registration statement for its secondary offering in July 2021 (including the documents incorporated by reference therein), filed by Gatos on Form S-1 on July 12, 2021, and declared effective on July 15, 2021.

1.3    "Amended Complaint" means Plaintiffs' Amended Class Action Complaint for Violations of the Securities Laws, filed in the Litigation on August 15, 2022.  ECF No. 54.

1.4    "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.5    "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.6    "Claims Administrator" means Epiq Class Action and Claims Solutions, Inc.

1.7    "Class Period" means the period between December 9, 2020 and January 25, 2022, both inclusive.

1.8    "Complaint" means the Class Action Complaint for Violations of the Federal Securities Laws, filed in the Litigation on February 22, 2022.  ECF No. 1.

1.9    "Court" means the United States District Court for the District of Colorado.

EXECUTION COPY

1.10    "Defendants" means Gatos Silver, Inc., Stephen Orr, Roger Johnson, Philip Pyle, Janice Stairs, Ali Erfan, Igor Gonzales, Karl Hanneman, David Peat, Charles Hansard, Daniel Muñiz Quintanilla, BMO Capital Markets Corp., Goldman Sachs & Co. LLC, RBC Capital Markets, LLC, Canaccord Genuity Corp., and CIBC World Markets Corp.

1.11    "Defendants' Counsel" means Davis Polk & Wardwell LLP for Gatos and the Individual Defendants, and Paul, Weiss, Rifkind, Wharton & Garrison LLP for the Underwriter Defendants.

1.12    "Effective Date" means the first date by which each of the conditions specified in ¶8.1 of the Stipulation have occurred or have been waived.

1.13    "Escrow Accounts" means the segregated and separate escrow accounts designated and controlled by Lead Counsel into which the Settlement Amount will be deposited for the benefit of the Settlement Class.

1.14    "Escrow Agents" means The Huntington National Bank and Esquire Bank, National Association.

1.15    "Exchange Act Defendants" means Defendants Gatos Silver, Inc., Stephen Orr, Roger Johnson, and Philip Pyle.

1.16    "Exchange Act Settlement Class" means, for the purpose of settlement only: (i) all Persons and entities who purchased or otherwise acquired Gatos common stock listed on the NYSE, from December 9, 2020 through January 25, 2022, both inclusive, and were damaged thereby; (ii) all Persons and entities who, in domestic transactions, purchased or otherwise acquired publicly traded call options on Gatos common stock, from December 9, 2020 through January 25, 2022, both inclusive, and were damaged thereby; and/or (iii) all Persons and entities who, in domestic transactions, sold publicly traded put options on Gatos common stock, from December 9, 2020 through January 25, 2022, both inclusive, and were damaged thereby.

- 6 -

EXECUTION COPY

1.17    "Fee and Expense Application" shall have the meaning set forth in ¶7.1 of this Stipulation.

1.18    "Fee and Expense Award" shall have the meaning set forth in ¶6.2(c) of this Stipulation.

1.19    "Final," with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, means when the last of the following shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken, which date shall be deemed to be thirty (30) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the thirtieth (30th) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirtieth (30th) day; (iii) if a motion to alter or amend the Judgment is timely filed, and the motion is denied; and (iv) if an appeal is taken, either: (a) the appeal has been dismissed and the time, if any, for commencing any further appeal has expired; or (b) the Judgment has been affirmed in its entirety and the time, if any, for commencing any further appeal has expired.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ or request for judicial review that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal that concerns only the issue of attorneys' fees or expenses or the Plan of Allocation of the Settlement Fund.

1.20    "Final Approval Hearing" means the hearing to determine whether the proposed Settlement embodied by this Stipulation is fair, reasonable, and adequate to the Settlement Class, and whether the Court should enter a Judgment approving the proposed Settlement.

1.21    "Gatos" or the "Company" means Gatos Silver, Inc.

EXECUTION COPY

1.22    "Gatos's Counsel" means Davis Polk & Wardwell LLP.

1.23    "Gatos Securities" means Gatos common stock, call options of Gatos, and put options of Gatos.

1.24    "Individual Defendants" means Defendants Stephen Orr, Roger Johnson, Janice Stairs, Ali Erfan, Igor Gonzalez, Karl Hanneman, David Peat, Charles Hansard, and Daniel Muñiz Quintanilla.

1.25    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B, or such other substantially similar form mutually agreed to by the Parties.

1.26    "Lead Counsel" means Bleichmar Fonti & Auld LLP.

1.27    "Lead Plaintiff" means Bard Betz.

1.28    "Litigation" means the civil action captioned *Bilinsky v. Gatos Silver Inc. et al.*, No. 1:22-cv-00453-PAB-KLM, pending in the United States District Court for the District of Colorado, before Chief Judge Philip A. Brimmer, United States District Judge, Magistrate Judge Kristin K. Mix, or any judge previously or subsequently assigned, including any and all civil actions consolidated therewith.

1.29    "Long-Form Notice" shall have the meaning set forth in ¶4.1 of this Stipulation.

1.30    "Named Plaintiff" means Jude Sweidan.

1.31    "Net Settlement Fund" shall have the meaning set forth in ¶6.2(d) of this Stipulation.

1.32    "Notice" shall have the meaning set forth in ¶4.1 of this Stipulation.

1.33    "Notice and Administration Costs" shall have the meaning set forth in ¶2.8 of this Stipulation.

1.34    "Notice Order" means the preliminary approval order as entered by the Court for mailing and publication of notice.

EXECUTION COPY

1.35    "Opt-Out Agreement" shall have the meaning set forth in ¶8.4 of this Stipulation.

1.36    "Parties" means, collectively, Plaintiffs, on behalf of themselves and each of the Settlement Class Members, and Defendants.

1.37    "Party" means, individually, any Plaintiff, on behalf of himself and each of the Settlement Class Members, or any Defendant.

1.38    "Person" means a natural person, individual, corporation (including all divisions and subsidiaries thereof), partnership, limited partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, executors, administrators, guardians, conservators, predecessors, successors, agents, trustees, estates, representatives, or assignees.

1.39    "Plaintiffs" means Lead Plaintiff Bard Betz and Named Plaintiff Jude Sweidan.

1.40    "Plaintiffs' Counsel" means Lead Counsel; Wheeler Trigg O'Donnell LLP; and The Schall Law Firm.

1.41    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses, and such attorneys' fees, expenses, and interest as may be awarded by the Court, and any award to Plaintiffs. Any Plan of Allocation is not part of this Stipulation and Defendants and their Related Parties shall have no responsibility therefore or liability with respect thereto.

1.42    "Proof of Claim" shall have the meaning set forth in ¶5.3 of this Stipulation.

1.43    "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

EXECUTION COPY

      1.44   "Related Parties" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a majority interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a majority interest (directly or indirectly).

      1.45   "Released Claims" means any and all claims (including Unknown Claims as defined in ¶1.59 hereof), rights, demands, losses, suits, debts, obligations, damages, judgments, controversies, liabilities, or causes of action of every nature and description whatsoever, in law, equity, or otherwise (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether asserted or unasserted, accrued or unaccrued, fixed or contingent, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, to the fullest extent that the law permits their release in this Litigation against any of the Defendants or their Related Parties, which arise out of, are based on, or relate to both: (i) the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, statements, filings, events, representations, or omissions involved, set forth, alleged, or referred to in the Complaint, Amended Complaint, or the Litigation, or which could have been alleged in the Litigation; and (ii) the purchase, sale, holding, or other acquisition, disposition, or holding of Gatos Securities, whether on the NYSE or otherwise within the United States, between October 28, 2020 and January 25, 2022,

EXECUTION COPY

both inclusive. Released Claims also include any and all claims (including Unknown Claims as defined in ¶1.59 hereof), rights, demands, losses, suits, debts, obligations, damages, judgments, controversies, liabilities, or causes of action of every nature and description whatsoever, in law, equity, or otherwise (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether asserted or unasserted, accrued or unaccrued, fixed or contingent, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, which arise out of, are based on, or relate to the institution, prosecution, or settlement of the Litigation or the Released Claims against Defendants or their Related Parties. Released Claims shall not include claims to enforce the Settlement. For avoidance of doubt and without limitation to other claims or potential claims not released hereby, Released Claims do not include any breach of fiduciary duty, unjust enrichment, or waste claims by or on behalf of Gatos against the Individual Defendants or other individuals, which claims are referenced in or may arise from the litigation demand sent by Kathleen Marcus on April 27, 2023.

1.46    "Released Parties" means each and all of Defendants, each and all of their respective Related Parties, Plaintiffs, Settlement Class Members, and Plaintiffs' Counsel.

1.47    "Releases" means the releases set forth in ¶5.1 through ¶5.5 of this Stipulation.

1.48    "Securities Act Defendants" means Defendants Gatos Silver, Inc., Stephen Orr, Roger Johnson, Janice Stairs, Ali Erfan, Igor Gonzalez, Karl Hanneman, David Peat, Charles Hansard, and Daniel Muñiz Quintanilla.

1.49    "Securities Act Settlement Class" means, for the purposes of settlement only, all Persons and entities who, in domestic transactions or on the NYSE, purchased or otherwise acquired Gatos common stock pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, and were damaged thereby.

EXECUTION COPY

1.50    "Settlement" means the settlement contemplated by this Stipulation.

1.51    "Settlement Amount" means the principal amount of Twenty-One Million U.S. Dollars ($21,000,000.00).

1.52    "Settlement Class," "Settlement Class Members," or "Members of the Settlement Class" means both the Securities Act Settlement Class and the Exchange Act Settlement Class. Excluded from the Settlement Class are: Defendants, the current and Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, any entity in which such excluded persons have or had a majority interest, and the Electrum Group, LLC; *provided*, *however*, that any "Investment Vehicle" shall not be excluded from the Settlement Class. "Investment Vehicle" means any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange traded funds, funds of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which the Underwriter Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity, but in which any of the Underwriter Defendants alone or together, with its, his, or her respective affiliates, is not a majority owner or does not hold a majority beneficial interest.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court.

1.53    "Settlement Fund" means the Settlement Amount, plus any accrued interest earned thereon.

1.54    "Stipulation" means this Stipulation of Settlement, including the recitals and Exhibits hereto.

EXECUTION COPY

1.55    "Summary Notice" shall have the meaning set forth in ¶4.1 of this Stipulation.

1.56    "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund.

1.57    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in ¶2.9 hereof.

1.58    "Underwriter Defendants" means BMO Capital Markets Corp., Goldman Sachs & Co. LLC, RBC Capital Markets, LLC, Canaccord Genuity Corp., and CIBC World Markets Corp.

1.59    "Unknown Claims" means collectively (i) any Released Claims that Plaintiffs or Settlement Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected such Settlement Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement; and (ii) any Released Claims that Defendants and their Related Parties do not know or suspect to exist in his, her, or its favor at the time of the release, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of Plaintiffs, Plaintiffs' Counsel, and/or Settlement Class Members.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs, Defendants, and Defendants' Related Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

- 13 -

EXECUTION COPY

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Plaintiffs, Settlement Class Members, Defendants, and Defendants' Related Parties may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs, Defendants, and Defendants' Related Parties shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs, Defendants, and Defendants' Related Parties acknowledge, and Settlement Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

2. **The Settlement**

a. **The Settlement Fund**

2.1    In consideration of the terms of the Stipulation, Gatos, on behalf of all Defendants, shall pay or cause to be paid the sum of $21,000,000.00 (the "Settlement Amount") into the Escrow Accounts within the later of thirty (30) calendar days from (i) the date of entry by the Court of an order granting preliminary approval of the Settlement or (ii) receipt by Gatos's Counsel of adequate payment instructions and a Form W-9 providing the tax identification number for the Escrow Accounts. If the entire Settlement Amount is not timely paid to the Escrow Accounts pursuant to the

EXECUTION COPY

above, Lead Counsel may terminate the settlement but only if (a) Lead Counsel has notified Defendants' Counsel in writing of their intention to terminate the settlement, and (b) the entire Settlement Amount is not transferred to the Escrow Accounts within ten (10) calendar days after Lead Counsel has provided such written notice. The Defendants other than Gatos shall have no responsibility or liability to pay any portion of the Settlement Amount.

2.2     The Settlement Amount is an all-in number, meaning it shall include, among other things, payment for all Lead Counsel's attorneys' fees, administration costs, expenses, class member benefits, costs of administration and notice, and reimbursement of Plaintiffs' time and expenses pursuant to the PSLRA, as well as any other costs, expenses, or fees of any kind whatsoever associated with the resolution of this matter. Except as provided in ¶4.3, Defendants and their Related Parties shall have no obligation whatsoever to pay any additional amounts beyond the Settlement Amount.

2.3     The payment described in ¶2.1 is the only payment to be made by or on behalf of Defendants in connection with this Settlement.

**b.     The Escrow Agents**

2.4     The Escrow Agents, with Lead Counsel's prior written consent, shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in United States Agency or Treasury securities or other instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in other such instruments at their then-current market rates. The Settlement Fund shall bear all risks related to the investments of the Settlement Amount.

2.5     The Escrow Agents shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Lead Counsel and Defendants' Counsel.

EXECUTION COPY

2.6     Subject to further order and/or direction as may be made by the Court, the Escrow Agents are authorized to execute such transactions as are consistent with the terms of the Stipulation. Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, any action, omission, or determination of the Escrow Agents or any designees or agents thereof; or any transaction executed by the Escrow Agents or any designees or agents thereof.

2.7     All funds held by the Escrow Agents shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.8     Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may use up to $100,000 from the Settlement Fund to pay the costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, administering and distributing the Net Settlement Fund to Authorized Claimants and processing Proofs of Claim ("Notice and Administration Costs").  Prior to the Effective Date, payment of any Notice and Administration Costs exceeding $100,000 shall be paid from the Settlement Fund subject to prior approval of the Court or agreement of the Parties.  Subsequent to the Effective Date, Lead Counsel may pay all further Notice and Administration Costs from the Settlement Fund, regardless of amount, without further order of the Court or agreement of the Parties.  In the event that the Settlement does not become Final, any money paid or incurred for the above purposes, including any related fees, shall not be returned or repaid to the original funding entity.  Defendants and the Related Parties are not responsible for, and shall not be liable for, any costs incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, administering and distributing the Settlement Fund, or processing Proofs of Claim.

- 16 -

### c.    Taxes

2.9    (a)    The Parties and the Escrow Agents agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Lead Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.9, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Lead Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of § 1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be Lead Counsel. Lead Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in ¶2.9(a) hereof) shall be consistent with this ¶2.9(b) and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.9(c) hereof.

(c)    All (i) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants and their Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes, and (ii) Tax Expenses shall be paid out of the Settlement Fund. In no event shall Defendants or their Related Parties have any responsibility for, or liability whatsoever with respect to, the Taxes or the Tax Expenses. Further, Taxes and Tax

EXECUTION COPY

Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely caused by Lead Counsel to be paid out of the Settlement Fund without prior order from the Court. Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). Defendants and their Related Parties are not responsible therefor, nor shall they have any liability with respect thereto. The Parties agree to cooperate with the Escrow Agents, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this paragraph.

(d)     Except as required by ¶2.1 concerning payment of the Settlement Amount and subject to this ¶¶2.9 and 6.1 below, Defendants and their Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: Taxes, Tax Expenses, Notice and Administration Costs, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim, or paying escrow fees and costs.

### d.     Termination of the Settlement

2.10     In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event that the Settlement is not approved by the Court or the Judgment is reversed or vacated following appeal, the Settlement Amount, including accrued interest, less the expenses and Taxes described in ¶¶2.8 and 2.9 hereof actually incurred, shall be refunded to such Persons that paid the Settlement Amount pursuant to written instructions from Gatos's Counsel, within ten (10) business days of termination of the Settlement.

EXECUTION COPY

**3.    Certification of the Settlement Class**

3.1    Solely for purposes of this Settlement, and subject to approval by the Court, the Parties agree that the Settlement Class shall be certified and Plaintiffs and Lead Counsel shall be appointed as representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23. Should the Settlement Class not be certified, or should any court amend the scope of the Settlement Class, each of the Parties reserves the right to void this Stipulation in accordance with ¶8.5 hereof. If for any reason final approval of the Settlement is not granted, then the certification of the Settlement Class shall become null and void without further order of the Court or any other court, and the Parties shall be restored to their respective positions in the Litigation as of June 13, 2023.

**4.    Notice Order and Final Approval Hearing**

4.1    Once the Stipulation is executed, Plaintiffs shall promptly, and no later than July 13, 2023, submit the Stipulation together with its Exhibits to the Court and shall apply for entry of the Notice Order, substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for mailing a settlement notice ("Notice"), substantially in the form of Exhibit A-1 attached hereto, dissemination of a Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), substantially in the form of Exhibit A-2 attached hereto, through a dedicated website, and publication of a summary notice ("Summary Notice"), substantially in the form of Exhibit A-4 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶7.1 below, and the date of the Final Approval Hearing.

4.2    For purposes of identifying and providing notice to the Settlement Class, within seven (7) business days of filing this Stipulation with the Court, Gatos shall use best efforts to cause its securities transfer agent to provide to the Claims Administrator, a list, in electronic form, of all

EXECUTION COPY

persons or custodians acting on their behalf (or both persons and custodians, where available) who purchased or otherwise acquired Gatos Securities between October 28, 2020 and January 25, 2022, both inclusive.

4.3     Gatos shall no later than five (5) business days following the filing of this Stipulation with the Court serve or cause to be served proper notice of the proposed Settlement upon those who are entitled to receive notice pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA").  Gatos is solely responsible for the costs of the CAFA notice and compliance with CAFA's notice requirements.

4.4     The Parties shall request that after notice is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate Federal official and the appropriate State officials are provided with notice pursuant to CAFA as set forth in ¶4.3 above, the Court hold a Final Approval Hearing and approve the Settlement of the Litigation as set forth herein.  At or after the Final Approval Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**5.     Releases**

5.1     Defendants' obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Litigation as against all Defendants; and (ii) the Releases provided for herein.

5.2     Upon the Effective Date, without any further action by anyone, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims (including, without limitation, Unknown Claims) against Defendants and their Related Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim or participates in the Settlement Fund.

EXECUTION COPY

Plaintiffs and each of the Settlement Class Members are aware of California Civil Code § 1542 and expressly waive and relinquish any rights or benefits available to them under this statute and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. The releases and waivers contained in this section were separately bargained for and are essential elements of this Stipulation and the Settlement. For avoidance of doubt and without limitation to other claims or potential claims not released hereby, this release does not include any breach of fiduciary duty, unjust enrichment, or waste claims by or on behalf of Gatos against the Individual Defendants or other individuals, which claims are referenced in or may arise from the litigation demand sent by Kathleen Marcus on April 27, 2023.

5.3    The Proof of Claim and Release form ("Proof of Claim") to be executed by Settlement Class Members shall release all Released Claims against Defendants and their Related Parties and shall be substantially in the form contained in Exhibit A-3 attached hereto.

5.4    Upon the Effective Date, Plaintiffs, all Settlement Class Members, and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting, intervening in, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Defendants and their Related Parties, and each of them.

5.5    Upon the Effective Date, without any further action by anyone, each of the Defendants and their Related Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, Plaintiffs' Counsel, Settlement Class Members, and their employees, successors, and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with the institution,

prosecution, assertion, settlement or resolution of: (i) the Litigation; or (ii) the Released Claims, except for those claims brought to enforce the Settlement. Defendants and their Related Parties are aware of California Civil Code § 1542 and expressly waive and relinquish any rights or benefits available to them under this statute and any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

**6.      Administration and Calculation of Claims, Final Awards and Supervision and Distribution of the Settlement Fund**

6.1      The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The Claims Administrator will be subject to such supervision and direction from the Court and/or Lead Counsel as may be necessary or as circumstances may require. Defendants and their respective Related Parties shall have no responsibility for, or interest whatsoever with respect to, the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Plaintiffs, Settlement Class Members, or Lead Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Counsel, the Escrow Agents, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management or investment of the Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

6.2      The Settlement Fund shall be applied as follows:

EXECUTION COPY

(a)     to pay all the fees and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim, and paying escrow fees and costs, if any;

(b)     to pay the Taxes and Tax Expenses described in ¶2.9 hereof;

(c)     to pay Lead Counsel's fees and expenses to the extent allowed by the Court (the "Fee and Expense Award") and to pay any award to Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with their representation of the Settlement Class to the extent allowed by the Court; and

(d)     after the Effective Date, to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

6.3     After the Effective Date, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

6.4     Within ninety (90) calendar days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-3 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim.

6.5     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim within the period specified herein, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments

EXECUTION COPY

pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment, and will be barred from bringing any action against the Released Parties asserting, concerning, arising out of, or relating to the Released Claims. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims, so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby, and Lead Counsel shall also have the discretion (but not the obligation) to direct the Claims Administrator to waive what Lead Counsel deems to be *de minimis* or formal or technical defects in any claims submitted. No Person shall have any claim against Plaintiffs, Lead Counsel, the Claims Administrator or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

6.6     Each Proof of Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each claim shall be allowed, subject to the review by the Court pursuant to ¶6.8 below.

6.7     Proofs of Claim that do not meet the submission requirement may be rejected. Prior to rejecting a Proof of Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim submitted. The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶6.8 below.

EXECUTION COPY

6.8     If any Claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the mailing of the notice required in ¶6.7 above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If the Claim is still rejected, the Settlement Class Member must move this Court within twenty (20) days to have the Claim accepted by Lead Counsel and the Claims Administrator; this deadline may be extended at Lead Counsel's discretion to facilitate resolving any disputes before their presentation to the Court.

6.9     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment.  All proceedings with respect to the administration, processing, and determination of claims, and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.   All Settlement Class Members, other Claimants, and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

6.10    Following the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator shall, if feasible, reallocate such balance (which may occur on multiple occasions) among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.

EXECUTION COPY

These redistributions shall be repeated so long as they are economically feasible.  Any balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate shall be donated to a non-profit, charitable organization serving the public interest and unaffiliated with the Parties or their counsel, selected by Lead Counsel.

6.11     This Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no portion of the Settlement Fund will be returned to the Defendants or their insurers.  The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

6.12     No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, the Released Parties, the Claims Administrator, or any other entity designated by Lead Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.  This does not include any claim by any Party for breach of this Stipulation.

6.13     It is understood and agreed by the Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect or delay the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein (including the releases contained herein), or any other orders entered pursuant to this Stipulation.

EXECUTION COPY

7. **Lead Counsel's Fees and Expenses**

7.1     Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for: (i) an award of attorneys' fees; plus (ii) payment of expenses or charges in connection with prosecuting the Litigation; plus (iii) any interest on such fees and expenses at the same rate and for the same time periods as earned by the Settlement Fund (until paid), as may be awarded by the Court.  In addition, Plaintiffs may request awards pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with their representation of the Settlement Class. Lead Counsel reserves the right to make additional applications for distributions from the Settlement Fund for fees and expenses incurred.  The application or applications described in this paragraph are not the subject of any agreement between Plaintiffs and Defendants other than what is set forth in this Stipulation.

7.2     The Fee and Expense Award, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses, notwithstanding any pending appeals of such Fee and Expense Award.  Lead Counsel may thereafter allocate the attorneys' fees and expenses among other Plaintiffs' counsel in a manner in which it in good faith believes reflects the contributions of such counsel to the institution, prosecution, and resolution of the Litigation.  In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified by final non-appealable order, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Counsel shall be obligated, within ten (10) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, to refund to the Settlement Fund the fees and expenses previously paid to Lead Counsel from the Settlement Fund plus interest earned thereon in an amount consistent with such reversal or modification.  Lead Counsel, as a condition of receiving the Fee and Expense

- 27 -

Award, agrees that Lead Counsel's law firm and its respective partners are subject to the jurisdiction of the Court for the purpose of enforcing this provision, and are severally liable and responsible for any required repayment.

7.3    The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Litigation set forth herein (including the releases contained herein).

7.4    Defendants and their respective Related Parties shall not take any position concerning, have no responsibility for, and have no liability whatsoever with respect to, any Fee and Expense Application, the payment of any Fee and Expense Award to Lead Counsel, and/or the allocation by Lead Counsel of any attorneys' fees or the Fee and Expense Award among other Plaintiffs' Counsel.  Defendants, their respective Related Parties, and Defendants' Counsel are not entitled to any award of fees or expenses from the Settlement Fund.

**8.    Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

8.1    The Effective Date of this Stipulation shall be conditioned, and shall be deemed to have occurred, upon the occurrence or waiver of all of the following events:

(a)    the Court has entered the Notice Order, as required by ¶4.1 hereof;

(b)    the Settlement Amount has been deposited by Defendants or their insurers into the Escrow Accounts maintained by the Escrow Agents, as required by ¶2.1 hereof;

EXECUTION COPY

(c)  Gatos has not exercised its option to terminate the Stipulation pursuant to ¶8.4 hereof;

(d)  the Court has entered the Judgment, substantially in the form of Exhibit B attached hereto, or such other substantially similar form mutually agreed to by the Parties; and

(e)  the Judgment has become Final, as defined in ¶1.19 hereof.

8.2  Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of Defendants or their insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.5 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Stipulation.

8.3  Any decision or proceeding, whether in this Court or any appellate court, with respect to the Fee or Expense Application or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment and shall not be grounds for termination of the Settlement.

8.4  Gatos shall have the option to terminate the Settlement in the event that Persons who otherwise would be Members of the Settlement Class and timely choose to exclude themselves from the Settlement Class in accordance with the provisions of the Notice Order and Notice given pursuant thereto purchased more than a certain number of shares of Gatos common stock during the Settlement Class Period ("Opt-Out Threshold"), as set forth in a separate agreement (the "Opt-Out Agreement") executed between Lead Counsel and Gatos's Counsel, which is incorporated by reference into this Stipulation.  The Parties shall not file the Opt-Out Agreement with the Court unless instructed to do so by the Court.  The Opt-Out Threshold may be disclosed to the Court for purposes of approval of the Settlement, as may be required by the Court, but such disclosure shall be

EXECUTION COPY

carried out to the fullest extent possible in accordance with the practices of the Court so as to maintain the Opt-Out Threshold as confidential.

8.5     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, then within ten (10) business days after written notification of such event is sent by Defendants' Counsel or Lead Counsel to the Escrow Agents, the Settlement Fund (including accrued interest), less any expenses and costs reasonably and actually incurred pursuant to ¶2.8 and Taxes and Tax Expenses pursuant to ¶2.9 hereof, which have either been disbursed from the Settlement Fund or are chargeable to the Settlement Fund pursuant to these provisions, shall be refunded by the Escrow Agents based upon written instructions from Lead Counsel pursuant to written instructions from Defendants' Counsel.  At the request of Defendants' Counsel, Lead Counsel or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written direction from Defendants' Counsel.

8.6     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms or the terms of the Opt-Out Agreement, the Parties shall be restored to their respective positions in the Litigation as of June 13, 2023.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶2.8-2.10, 8.1-8.2, 8.5-8.7, 9.4-9.5, 9.8, and 9.11-9.15 hereof, shall have no further force and effect with respect to the Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or any Fee and Expense Award shall constitute grounds for cancellation or termination of the Stipulation.

EXECUTION COPY

8.7      If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed for notice costs and Taxes and Tax Expenses pursuant to ¶¶2.8-2.9 hereof.  In addition, any expenses already incurred and chargeable pursuant to ¶2.8 hereof at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agents in accordance with the terms of the Stipulation prior to the remaining balance being refunded in accordance with ¶¶2.10 and 8.5 hereof.

## 9.      Miscellaneous Provisions

9.1      The Parties: (i) acknowledge that it is their intent to consummate this Settlement; and (ii) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2      The Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense.  The Parties agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and the Judgment will contain a statement that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  In addition, Plaintiffs shall not make applications against Defendants and/or their counsel, and Defendants shall not make applications against Plaintiffs and/or their counsel, for fees, costs, or sanctions.

9.3      Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be used as an admission of, or concession or evidence of, the validity of any

EXECUTION COPY

Released Claim, the truth of any fact alleged in the Litigation, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of Defendants; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any Defendant in any civil, criminal, or administrative proceeding in any court, administrative agency, proceeding, or other forum or tribunal.  Defendants and their Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of, without limitation, claim preclusion or issue preclusion or similar defense or counterclaim.

     9.4     The Released Parties are intended third-party beneficiaries of this Stipulation, and this Stipulation may be enforced by such Persons.

     9.5     All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation, pursuant to their terms.

     9.6     All of the Exhibits to the Stipulation as well as the Opt-Out Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

     9.7     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and that all Parties have contributed substantially and materially to the preparation of this Stipulation.

     9.8     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

EXECUTION COPY

9.9     The Stipulation and the Exhibits attached hereto and the Opt-Out Agreement constitute the entire agreement among the Parties hereto and no representations, warranties, or inducements have been made to any Party concerning the Stipulation or its Exhibits or the Opt-Out Agreement other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each Party shall bear its own costs.

9.10    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class that it deems appropriate.

9.11    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Party hereto hereby warrants that such Person has the full authority to do so.

9.12    The Stipulation may be executed in one or more counterparts, including by signature transmitted by email in pdf format.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

9.13    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

9.14    Subject to entry of the Judgment, substantially in the form of Exhibit B hereto, the Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.15    The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New York, and the rights and obligations of the Parties to the Stipulation shall be construed and enforced in accordance with, and

EXECUTION COPY

governed by, the internal, substantive laws of the State of New York without giving effect to any choice-of-law principles that would result in applying substantive laws other than those of the State of New York.

9.16    Pending approval of the Court of this Stipulation and its Exhibits, all non-settlement-related proceedings in this Litigation shall be stayed and all Members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Defendants and their Related Parties.

9.17    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

9.18    Unless otherwise provided, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated September 12, 2023.

WHEELER TRIGG O'DONNELL LLP

*s/ Kathryn A. Reilly*
Michael L. O'Donnell
Kathryn A. Reilly
Daniel N. Guisbond
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:  303.244.1800
Facsimile:    303.244.1879
Email:  odonnell@wtotrial.com
             reilly@wtotrial.com
             guisbond@wtotrial.com

*Liaison Counsel for Lead Plaintiff Bard*
*Betz and Named Plaintiff Jude Sweidan*

BLEICHMAR FONTI & AULD LLP

*s/ Joseph A. Fonti*

FOSTER GRAHAM MILSTEIN & CALISHER, LLP

*s/ Michael A. Rollin*
Michael A. Rollin
360 S Garfield Street, #600
Denver, CO 80209
Telephone:    303.333.9810
Fax:              303.333.9786
Email: mrollin@fostergraham.com


*s/ Michael Flynn*
Michael Flynn
Lawrence Portnoy
Isaac M. Gelbfish
Danielle Mullery
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
Telephone:    212.450.4000
Email: michael.flynn@davispolk.com

EXECUTION COPY

Joseph A. Fonti
Evan A. Kubota
7 Times Square, 27th Floor
New York, NY 10036
Telephone:    212.789.1340
Facsimile:    212.205.3960
Email: jfonti@bfalaw.com
          ekubota@bfalaw.com

*Counsel for Lead Plaintiff Bard Betz and
Lead Counsel for the Class*


THE SCHALL LAW FIRM

*s/ Brian Schall*

Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone:    424.303.1964
Email: brian@schallfirm.com

*Additional Counsel for Lead Plaintiff
Bard Betz and Named Plaintiff Jude
Sweidan*

lawrence.portnoy@davispolk.com
isaac.gelbfish@davispolk.com
danielle.mullery@davispolk.com

*Counsel for Gatos and the Individual
Defendants*

*s/ Audra J. Soloway*

Audra J. Soloway
Paul, Weiss, Rifkind, Wharton & Garrison
LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: 212.373.3289
Email: asoloway@paulweiss.com

*Counsel for the Underwriter Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00453-PAB-KLM

MICHAEL BILINSKY, Individually and On Behalf of All Others
Similarly Situated,

        Plaintiff,

v.

GATOS SILVER, INC.,
STEPHEN ORR,
ROGER JOHNSON,
PHILIP PYLE,
JANICE STAIRS,
ALI ERFAN,
IGOR GONZALES,
KARL HANNEMAN,
DAVID PEAT,
CHARLES HANSARD, and
DANIEL MUÑIZ QUINTANILLA,

        Defendants.

[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR CLASS NOTICE

EXHIBIT A

WHEREAS, a class action is pending before the Court entitled *Bilinsky v. Gatos Silver Inc. et al.*, No. 1:22-cv-00453-PAB-KLM (the "Litigation");

WHEREAS, the Parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement, dated July 13, 2023 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation on the merits and with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto;

WHEREAS, the Parties to the Stipulation have consented to the entry of this order; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement**. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of informed, extensive arm's-length, and non-collusive negotiations between experienced counsel, including mediation under the direction of an experienced mediator, Robert Meyer of JAMS; (ii) eliminating risks to the Parties of continued litigation; (iii) falling within a range of reasonableness warranting final approval; (iv) having no obvious deficiencies; and (v) warranting notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the fairness hearing described below.

3.      Pending final determination of whether the Settlement should be approved, Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Claims against Defendants and their Related Parties (other than continuing proceedings related to the Settlement).

4.      **Settlement Hearing**.  A hearing (the "Final Approval Hearing") shall be held before this Court on _____, 2023 [a date that is the later of October 24, 2023 or ninety (90) calendar days from the date of this Order], at __:__ _.m., in Courtroom A701 at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.

(a)      The purposes of the Final Approval Hearing shall be to: (i) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (ii) determine whether a Judgment as defined in ¶1.25 of the Stipulation should be entered herein; (iii) determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified, whether Plaintiffs should be finally certified as Class Representatives for the Settlement Class, and whether Lead Counsel should be finally appointed as counsel for the Settlement Class; (iv) determine whether the proposed Plan of Allocation for the Net Settlement Fund is fair and reasonable and should be approved; (v) consider Lead Counsel's application for an award of attorneys' fees and expenses (which may include an application for an award to Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); (vi) hear any objections by Settlement Class Members to the Settlement, Plan of Allocation, or Lead Counsel's or Plaintiffs' application(s); and (viii) consider such other matters the Court deems appropriate.

        (b)     The Court may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Final Approval Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

        5.     **Class Certification**.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a Settlement Class of all Persons and entities who or which either (i) during the period from December 9, 2020 to January 25, 2022, both inclusive (the "Class Period"), purchased or otherwise acquired Gatos common stock listed on the NYSE, or, in domestic transactions, purchased or otherwise acquired publicly traded call options on Gatos common stock, and/or sold publicly traded put options on Gatos common stock, and were damaged thereby; or (ii) purchased or otherwise acquired Gatos common stock pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, in domestic transactions or on the NYSE, and were damaged thereby.  Excluded from the Settlement Class are: Defendants, the current and Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, any entity in which such excluded persons have or had a majority interest, and the Electrum Group, LLC; *provided*, *however*, that any "Investment Vehicle" shall not be excluded from the Settlement Class.  "Investment Vehicle" means any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange traded funds, funds of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which the Underwriter

Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity, but in which any of the Underwriter Defendants alone or together, with its, his, or her respective affiliates, is not a majority owner or does not hold a majority beneficial interest. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court. Pursuant to Rule 23, and for purposes of settlement only, the Court hereby preliminarily certifies Plaintiffs as Settlement Class Representatives and Bleichmar Fonti & Auld LLP as Settlement Class Counsel.

6. **Settlement Class Findings**. With respect to the Settlement Class, the Court preliminarily finds, for purposes of effectuating this Settlement only, that (i) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (iv) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that: the claims of Settlement Class Members in the Litigation are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

7.    **Approval of Form and Content of Notice**.  The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and the Summary Notice ("Summary Notice"), annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that they: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the Due Process Clause of the United States Constitution, 15 U.S.C. §78u-4(a)(7) and 15 U.S.C. §77z-1(a)(7), as amended by the PSLRA, and the rules of this Court.

8.    **Retention of Claims Administrator and Manner of Notice**.  Lead Counsel is hereby authorized to retain Epiq Class Action and Claims Solutions, Inc. ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a)    No later than _____, 2023 (the "Notice Date") [a date that is twenty-one (21) calendar days from the date of this Order], the Claims Administrator shall commence mailing a copy of the Notice, substantially in the form annexed hereto, by First-Class Mail to (i) all Settlement Class Members who can be identified with reasonable effort, and (ii) brokers and nominees on the Claims Administrator's list of brokers and nominees that commonly hold securities for the benefit of investors.  Further, on the Notice Date, the Notice, Long-Form Notice, Proof of Claim, and the Stipulation and its Exhibits shall be posted on the website to be

established by the Claims Administrator for the purpose of providing information concerning the Settlement to Settlement Class Members and for online claim submission by Settlement Class Members;

(b)　　No later than _____, 2023 [a date that is fourteen (14) calendar days after the Notice Date], the Claims Administrator shall cause the Summary Notice to be published once in a national news publication, and once over a national newswire service; and

(c)　　On or before _____, 2023 [a date that is seven (7) calendar days prior to the Final Approval Hearing], Lead Counsel shall cause to be served on Defendants' Counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting.

9.　　All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts incurred and/or disbursed from the Settlement Fund in connection with administering the Settlement, as provided in the Stipulation.

10.　　**Nominee Procedures**.  The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons and entities that purchased or otherwise acquired Gatos Securities during the Class Period as record owners but not as beneficial owners.  Such nominees shall (1) send the Notice to such beneficial owners of such Gatos Securities within seven (7) calendar days after receipt thereof, or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator within seven (7) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice to such beneficial owners.  If you choose the first option, you must send a statement to the Claims

Administrator confirming that the mailing was made and you must retain your mailing records for use in connection with any further notices that may be provided in the Litigation. Upon nominees' full and timely compliance with these directions, such nominees may seek reimbursement out of the Settlement Fund solely of their reasonable out-of-pocket expenses actually incurred in providing notice to beneficial owners by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought, subject to further order of this Court with respect to any dispute concerning such compensation.

11. **Participation in the Settlement**. All Members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

(a) Settlement Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically **no later than _____, 2023 [a date that is ninety (90) calendar days after the Notice Date]**. Any Settlement Class Member who does not submit a Proof of Claim within the time provided for (a) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Settlement Class, including, without limitation, the Judgment and the releases provided for therein; (b) shall be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Defendants and their Related Parties, as more fully described in the Stipulation; and (c) shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise

- 7 -

ordered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

(b)     A Proof of Claim must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of their current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

12.     **Exclusion from the Settlement Class**.  Any Person who desires to request exclusion from the Settlement Class shall do so by submitting a written request for exclusion to the Claims Administrator, which must be timestamped (for online submissions) or received by the Claims Administrator **no later than ___, 2023 [a date that is forty-five (45) calendar days after the Notice Date]**.  The request for exclusion must: (i) include the person's or entity's name, address, and telephone number; (ii) state that the person or entity wishes to be "excluded from the

Settlement Class" in this Litigation; (iii) include proof (such as stockbroker confirmation slips, stockbroker statements, or other documents) adequately evidencing the date(s), price(s), and number(s) of all Gatos Securities purchased and/or sold during the Class Period or purchased or acquired pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement; and (iv) be signed by the person or entity requesting exclusion or their authorized representative (accompanied by proof of authorization). No request for exclusion shall be effective unless it is timely and provides the required information. Upon receiving any request(s) for exclusion, the Claims Administrator shall promptly notify Lead Counsel and Gatos's Counsel of such request(s) and provide them copies of such request(s) and the documentation accompanying them by facsimile or electronic mail. All Persons who submit valid and timely requests for exclusion shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation. Lead Counsel shall cause to be provided to Gatos's Counsel copies of all requests for exclusion promptly upon receipt and as expeditiously as possible and, in any event, not more than five (5) calendar days after receipt by the Claims Administrator.

13.     **Appearance and Objections at Final Approval Hearing**. Any Member of the Settlement Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If he, she, or it does not enter an appearance, he, she, or it will be represented by Lead Counsel.

(a)     Any Settlement Class Member may file a written objection to the proposed Settlement and show cause why the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate, why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel or awards granted to Plaintiffs;

provided, however, that no Settlement Class Member or any other Person shall be heard or entitled
to contest such matters, unless that Person has mailed or delivered said objections, papers, and
briefs to the Clerk of the United States District Court for the District of Colorado, **on or before
_____, 2023 [a date that is twenty-one (21) calendar days prior to the Final
Approval Hearing]**, and delivered copies of any such papers to Bleichmar Fonti & Auld LLP,
Joseph A. Fonti, Times Square Tower, 7 Times Square, 27th Floor, New York, NY 10036, Davis
Polk & Wardwell LLP, Michael S. Flynn, 450 Lexington Avenue, New York, NY 10017, and
Paul, Weiss, Rifkind, Wharton & Garrison LLP, Audra J. Soloway, 1285 Avenue of the Americas,
New York, NY 10019, with emailed copies to gatossettlement@bfalaw.com such that they are
received on or before the same date.  To object, a Settlement Class Member must send a letter
saying that he, she, or it objects to the Settlement in *Bilinsky v. Gatos Silver Inc. et al.*, No. 1:22-
cv-00453-PAB-KLM, which must (1) include the objector's name, address, and telephone number;
(2) provide documentation establishing the objector's membership in the Settlement Class,
including documents showing the type and number of Gatos Securities purchased, acquired, and
sold during the Class Period or purchased or acquired pursuant or traceable to the 2020
Registration Statement or the 2021 Registration Statement, as well as the dates and prices of each
such purchase, acquisition, and sale; (3) contain a statement of reasons for the objection, including
whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire
Settlement Class; (4) identify any other class action settlement(s) in which the objector or the
objector's attorney has objected; (5) include copies of any papers or other documents upon which
the objection is based; and (6) include the objector's signature, even if represented by counsel.
Any Settlement Class Member who does not make his, her, or its objection in the manner provided
in this Order shall be deemed to have waived such objection and shall forever be foreclosed from
making any objection to the fairness or adequacy of the proposed Settlement as set forth in the

Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or awards to Plaintiffs, unless otherwise ordered by the Court.

(b)     Attendance at the Final Approval Hearing is not necessary.  However, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the Fee and Expense Application and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Final Approval Hearing.

(c)     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

(d)     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or expenses, shall be approved.

14.     **Settlement Fund**.  The Court approves the establishment of the Escrow Accounts into which the Settlement Amount will be deposited for the benefit of the Settlement Class.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.  No person who is not a Settlement Class Member or Lead Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

15. **Supporting Papers**. All opening papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees and expenses shall be filed and served **on or before** _____, 2023 [a date that is thirty-five (35) calendar days prior to the Final Approval Hearing]. Any reply papers in response to objections shall be filed and served **on or before** _____, 2023 [a date that is seven (7) calendar days prior to the Final Approval Hearing].

16. Defendants shall not have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

17. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed or incurred pursuant to ¶¶2.8 or 2.9 of the Stipulation.

18. **Use of this Order**. Neither this Order nor the proposed Settlement (including the Stipulation), nor any of the negotiations or proceedings connected with it: (a) shall be offered against any Defendants or their Related Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by Plaintiffs, or the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any Defendants or their Related Parties or in any way referred to for any other reason as against any Defendants or their Related Parties, in any arbitration proceeding or other civil,

criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against Plaintiffs, Plaintiffs' Counsel, or Settlement Class Members, and/or their employees, successors, and assigns, as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against Plaintiffs, Plaintiffs' Counsel, or Settlement Class Members, and/or their employees, successors, and assigns in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given under the Stipulation represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

19. **Termination**.  In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants pursuant to the Stipulation, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.  The Parties shall be deemed to have reverted to their respective positions in the Litigation as of June 13, 2023.

20. **Stay of Proceedings**.  All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the

terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither Plaintiffs nor any Settlement Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any Defendants or their Related Parties any action or proceeding in any court or tribunal asserting any of the Released Claims.

21.     **Taxes.** Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

22.     **Jurisdiction**.  The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

DATED:_____

                                    BY THE COURT:

                                    _____

                                    Chief Judge Philip A. Brimmer

*Gatos U.S. Securities Litigation*
Claims Administrator
P.O. Box 5768
Portland, OR 97228-5768

**EXHIBIT A-1**

**BARCODE NO-PRINT ZONE**

R    M

D

MAIL ID
NAME 1
NAME 2
ADDRESS LINE 1
ADDRESS LINE 2
ADDRESS LINE 3
ADDRESS LINE 4
ADDRESS LINE 5
CITY, STATE ZIP
COUNTRY

**IMPORTANT NOTICE FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

**NOTICE OF CLASS SETTLEMENT**

If you purchased or otherwise acquired Gatos common stock during the period from October 28, 2020 through January 25, 2022 (both inclusive), or purchased or otherwise acquired publicly traded call options on Gatos common stock and/or sold publicly traded put options on Gatos common stock during the period from December 9, 2020 through January 25, 2022 (both inclusive), you may be affected by a proposed class settlement.

**THE SETTLEMENT MAY AFFECT YOUR LEGAL RIGHTS. YOU MAY BE ELIGIBLE FOR A CASH PAYMENT. PLEASE READ THIS NOTICE CAREFULLY.**

97049408v6

**This Notice provides only limited information about the Settlement. For more information, please visit www.gatossecuritieslitigation.com (the "Settlement Website") or call the Claims Administrator at 877-757-6172**
<u>**Important Settlement Notice**</u>: *Bilinsky v. Gatos Silver Inc. et al.,*
**No. 1:22-cv-00453-PAB-KLM (D. Colo.) (the "Action")**

The Parties have reached a proposed Settlement that, if approved, will resolve the Released Claims against the Defendants and their Related Parties on behalf of the Settlement Class.

Gatos and/or its insurance carriers have agreed to pay  21,000,000.  This amount, plus accrued interest, and after deduction of Court-approved attorneys' fees and expenses (including any awards to Plaintiffs), Notice and Administration Costs, and Taxes, will be allocated, pursuant to the Plan of Allocation in the Long-Form Notice, among Settlement Class Members who submit valid claims.

You may be a Settlement Class Member if you purchased or otherwise acquired Gatos common stock pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement or purchased or otherwise acquired Gatos common stock or publicly traded call options on Gatos common stock and/or sold publicly traded put options on Gatos common stock during the period from December 9, 2020 through January 25, 2022 (both inclusive).

**TO BE ELIGIBLE FOR PAYMENT, YOU MUST SUBMIT A VALID PROOF OF CLAIM ONLINE OR POSTMARKED BY ___, 2023. THE FORM IS AVAILABLE FROM THE SETTLEMENT WEBSITE, WWW.GATOSSECURITIESLITIGATION.COM, OR BY MAIL UPON REQUEST THROUGH THE WEBSITE OR BY CALLING THE CLAIMS ADMINISTRATOR AT 877-757-6172.**

**www.gatossecuritieslitigation.com**

**The Settlement Website contains a Long-Form Notice with additional information that you should review.**

**You must comply with the Long-Form Notice's complete instructions on how to submit a Proof of Claim, exclude yourself, or object.  In summary, you have three options:**

> **Option 1: Submit a Proof of Claim (with further options to object to the Settlement and/or appear at the Final Approval Hearing).**
>
> **Option 2: Exclude yourself from the Settlement Class, as detailed below.**
>
> **Option 3: Do nothing.  You will still be bound by the Settlement and will fully release all Released Claims against Defendants and their Related Parties.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **OPTION 1: SUBMIT A PROOF OF CLAIM SUBMITTED ONLINE OR POSTMARKED BY ___, 2023 [90 calendar days after Notice Date]** | This is the only way to be eligible to get a payment from the Settlement. If you wish to participate in the Settlement, you will need to complete and submit the Proof of Claim, available at www.gatossecuritieslitigation.com or by calling the Claims Administrator at 877-757-6172. Settlement Class Members who do not complete and submit the Proof of Claim in accordance with the instructions on the Proof of Claim and within the time required will be bound by the Settlement and shall have fully released all of the Released Claims against Defendants and their Related Parties, but will not be eligible to participate in any distribution of the Net Settlement Fund. |

**www.gatossecuritieslitigation.com**

| OPTION 2: EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SUBMITTED ONLINE OR POSTMARKED BY __, 2023 [45 calendar days after Notice Date] | If you wish to exclude yourself from the Settlement, you must submit a written request for exclusion that is submitted online or postmarked by __, 2023. You will not be bound by the results of the Litigation, you cannot object to the Settlement, and you will not receive any payment. This is the only option that allows you to ever bring or be part of any other lawsuit against Defendants or their Related Parties related to the issues raised in the Litigation. |
|---|---|
| OPTION 3: DO NOTHING | If you are a Settlement Class Member but do not request exclusion and do not submit a Proof of Claim submitted online or postmarked by __, 2023, you will not be eligible to receive any payment from the Settlement Fund. You will, however, be bound by the Settlement and shall have fully released all of the Released Claims against Defendants and their Related Parties. |

**If you are a Settlement Class Member, you may also object to the Settlement (whether or not you file a Proof of Claim) by submitting a written objection so that it is received or filed no later than ___, 2023 [21 calendar days before the Final Approval Hearing].** If you believe the Settlement is objectionable in any respect, you may write to the Court about why you oppose the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a Settlement Class Member who is bound by the

**www.gatossecuritieslitigation.com**

Settlement and shall have fully released all of the Released Claims against Defendants and their Related Parties.

**You may attend the Final Approval Hearing on ___, 2023 at _____, and provide a notice of intention to appear to Lead Counsel and Defendants' Counsel so that it is received no later than __, 2023 [21 calendar days before the Final Approval Hearing].** You do not need to attend the Final Approval Hearing unless you wish to speak in support of any objection you may have submitted, and have indicated your intention to appear to Lead Counsel and Defendants' Counsel so that it is received no later than __, 2023 [21 calendar days before the Final Approval Hearing]. The Court may postpone the Final Approval Hearing without further notice to you.

**What is this case about? Why is there a settlement?** The Litigation alleges that certain Defendants made material misstatements and omissions regarding, *inter alia*, mineral resource and mineral reserve estimates for Gatos' Cerro Los Gatos mine. Defendants deny any wrongdoing or liability. The Parties disagree on liability and damages. Plaintiffs wish to avoid the risk and delay of further litigation and secure a substantial benefit for the Settlement Class. Defendants wish to avoid the cost and distraction of further litigation.

**How much will I recover?** The estimated average recovery per affected Gatos Security is approximately 0.61 per share of Gatos common stock (or 0.54 for stock purchased in or traceable to the IPO or SPO), 0.42 per put option, and 0.09 per call option, each before deduction of Court-approved fees, expenses, and costs. This amount is an average, and your recovery will vary based on (among other things) the number of valid claims and the size and timing of your transactions in Gatos Securities.

**The Court will hold a hearing on __, 2023 at __** to consider whether to approve the Settlement and Lead Counsel Bleichmar Fonti & Auld LLP's request for attorneys' fees not to exceed 28 of the Settlement

**www.gatossecuritieslitigation.com**

Amount, expenses not to exceed   325,000, and awards to Plaintiffs of no more than   15,000 in the aggregate (an average of approximately   0.18 per affected share of Gatos common stock (or   0.16 for stock purchased in or traceable to the IPO or SPO),   0.13 per affected put option, and   0.03 per affected call option).  You may, but are not required to, attend, and may also appear through counsel of your choice and at your own expense.

**How can I get more information?** Visit the Settlement Website at **www.gatossecuritieslitigation.com**, contact the Claims Administrator at 877-757-6172, or contact Lead Counsel: Joseph A. Fonti, Bleichmar Fonti & Auld LLP, 7 Times Square, 27th Floor, New York, NY 10036, Telephone: (888) 879-9418, Email: gatossettlement@bfalaw.com.

## SPECIAL NOTICE TO NOMINEES

Nominees who purchased or otherwise acquired Gatos common stock pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statemen, or purchased or otherwise acquired Gatos common stock or publicly traded call options on Gatos common stock and/or sold publicly traded put options on Gatos common stock during the period from December 9, 2020 through January 25, 2022 (both inclusive), for the beneficial interest of other Persons or entities shall, within seven (7) calendar days of receipt of this Notice, either: (i) request from the Claims Administrator sufficient copies of the Notice to forward to all such beneficial owners and do so promptly after receipt of those Notices; or (ii) provide a list of the names and addresses of all such beneficial owners to the Claims Administrator at *Gatos U.S. Securities Litigation*, P.O. Box 5768, Portland, OR 97228-5768.

If you choose the first option, you must send a statement to the Claims Administrator confirming that the mailing was made and **you must retain your mailing records for use in connection with any further notices that may**

**be provided in the Litigation**.

If you choose the second option, the Claims Administrator will send a copy of the Notice to the beneficial owners.

Upon full and timely compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.

**For more information, please visit**
**www.gatossecuritieslitigation.com (the "Settlement Website") or**

**Call the Claims Administrator at 877-757-6172.**

**The following QR code links to the Settlement Website:**



**www.gatossecuritieslitigation.com**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00453-PAB-KLM

MICHAEL BILINSKY, Individually and On Behalf of All Others
Similarly Situated,

        Plaintiff,

v.

GATOS SILVER, INC.,
STEPHEN ORR,
ROGER JOHNSON,
PHILIP PYLE,
JANICE STAIRS,
ALI ERFAN,
IGOR GONZALES,
KARL HANNEMAN,
DAVID PEAT,
CHARLES HANSARD, and
DANIEL MUÑIZ QUINTANILLA,

        Defendants.

LONG-FORM NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS
ACTION

EXHIBIT A-2

*IF YOU PURCHASED OR OTHERWISE ACQUIRED GATOS SILVER, INC. ("GATOS" OR THE "COMPANY") SECURITIES[1] BETWEEN OCTOBER 28, 2020 AND JANUARY 25, 2022, INCLUSIVE AND WERE ALLEGEDLY DAMAGED THEREBY, YOU MAY BE ENTITLED TO RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.[2]*

A federal court authorized this Long-Form Notice. This is not a solicitation from a lawyer.

**PLEASE READ THIS NOTICE CAREFULLY. This Long-Form Notice explains important rights you may have and what steps you must take if you wish to participate in the Settlement of this class action, wish to object, or wish to be excluded from the Settlement Class. If you are a Member of the Settlement Class, your legal rights will be affected whether or not you act.**

**Securities and Time Period**: Gatos common stock purchased or otherwise acquired during the period from December 9, 2020 through January 25, 2022 (both inclusive) on the NYSE or purchased or otherwise acquired pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, in domestic transactions or on the NYSE; publicly traded call options on Gatos common stock purchased or otherwise acquired, and publicly traded put options on Gatos common stock sold, during the period from December 9, 2020 through January 25, 2022 (inclusive) in domestic transactions.

**Settlement Fund**: $21,000,000.00 in cash. Your recovery will depend in part on the type and amount of your transactions in Gatos Securities between October 28, 2020 and January 25, 2022, inclusive, and the timing of your purchases, acquisitions, and any sales. If claims are submitted for 100% of the eligible Gatos Securities, based on Plaintiffs' expert's estimate of the number of damaged Gatos Securities eligible to recover under the Settlement, the estimated average

---

[1]  "Gatos Securities" means Gatos common stock, call options of Gatos, and put options of Gatos.

[2]  Any capitalized terms used in this Long-Form Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated July 13, 2023 (the "Stipulation"), which is available on the website established for the Settlement at www.gatossecuritieslitigation.com.

recovery per affected Gatos Security is approximately $0.61 per share of Gatos common stock (or $0.54 for stock purchased in or traceable to the IPO or SPO), $0.42 per put option, and $0.09 per call option, each before deduction of Court-approved fees, expenses, and costs.   Settlement Class Members should note, however, that these are only estimates.   The actual amount per share you could receive will depend on a number of factors, including those explained in the Plan of Allocation contained below.

**Settlement Class**:  The Court has conditionally certified a Settlement Class of all Persons and entities who or which either (i) during the period from December 9, 2020 to January 25, 2022, both inclusive (the "Class Period"), purchased or otherwise acquired Gatos common stock listed on the NYSE, or, in domestic transactions, purchased or otherwise acquired publicly traded call options on Gatos common stock, and/or sold publicly traded put options on Gatos common stock, and were damaged thereby; or (ii) purchased or otherwise acquired Gatos common stock pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, in domestic transactions or on the NYSE, and were damaged thereby.  Excluded from the Settlement Class are: Defendants, the current and Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, any entity in which such excluded persons have or had a majority interest, and the Electrum Group, LLC; *provided*, *however*, that any "Investment Vehicle" shall not be excluded from the Settlement Class.   "Investment Vehicle" means any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange traded funds, funds of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which the Underwriter Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity, but in which any of the

Underwriter Defendants alone or together, with its, his, or her respective affiliates, is not a majority

owner or does not hold a majority beneficial interest.  Also excluded from the Settlement Class are

those Persons who timely and validly request exclusion from the Settlement Class pursuant to the

requirements set by the Court.

**Reasons for Settlement**:  The Settlement resolves claims by Lead Plaintiff Bard Betz and

Named Plaintiff Jude Sweidan that have been asserted on behalf of the Settlement Class against

Defendants Gatos Silver, Inc., Stephen Orr, Roger Johnson, Philip Pyle, Janice Stairs, Ali Erfan, Igor

Gonzales, Karl Hanneman, David Peat, Charles Hansard, and Daniel Muñiz Quintanilla.  It avoids

the costs and risks associated with continued litigation, including the danger of no recovery, and

provides a substantial benefit to the Settlement Class now.  It also releases Defendants and their

Related Parties (as defined below) from liability.

**Statement on Potential Outcome If the Case Had Not Settled**:  The Settlement must be

compared to the risk of no recovery after contested motions, trial, and likely appeals.  Litigation is a

risky proposition and Plaintiffs might not have prevailed.  The claims in this case involve numerous

complex legal and factual issues that would require extensive and costly expert testimony.  The

parties disagree on both liability and damages.  Among the many key issues about which the two

sides do not agree are: (1) whether Defendants made any statements that were materially false or

misleading, or made material omissions in violation of a duty to disclose or that are otherwise

actionable, under the federal securities laws; (2) whether any such statements or omissions were

made with the requisite level of intent or recklessness; (3) whether the alleged misstatements and

omissions influenced the trading prices of Gatos Securities during the relevant period; and (4) the

amount of damages (if any) that could be recovered at trial, including the average amount of

damages per share that would be recoverable if Plaintiffs prevailed on each claim alleged.

Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted

in the Litigation, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Plaintiffs and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Attorneys' Fees and Expenses**: Lead Counsel has not received any payment for its work investigating the facts, conducting this Litigation, and negotiating the Settlement on behalf of Plaintiffs and the Settlement Class. Lead Counsel will ask the Court for attorneys' fees not to exceed 28% of the Settlement Amount and expenses in an amount not to exceed $325,000, plus interest, to be paid from the Settlement Fund. In addition, Plaintiffs may request awards not to exceed $15,000 in the aggregate pursuant to 15 U.S.C. § 78u-4(a)(4) in connection with their representation of the Settlement Class. If the Court approves Lead Counsel's Fee and Expense Application in full, and if claims are submitted for 100% of the Gatos Securities estimated to be eligible to recover under the Settlement, the average amount of fees and expenses is estimated to be approximately $0.18 per share of Gatos common stock (or $0.16 for stock purchased in or traceable to the IPO or SPO), $0.13 per put option and $0.03 per call option. A copy of the Fee and Expense Application will be posted on www.gatossecuritieslitigation.com after it has been filed with the Court.

| Claims Administrator: | Lead Counsel: |
|---|---|
| Epiq Class Action and Claims Solutions, Inc. | Joseph A. Fonti, Esq. |
| | Bleichmar Fonti & Auld LLP |
| *Gatos U.S. Securities Litigation* | Times Square Tower |
| P.O. Box 5768 | 7 Times Square, 27th Floor |
| Portland, OR 97228-5768 | New York, NY 10036 |
| | Telephone: 212-789-1340 |
| | gatossettlement@bfalaw.com |

- **Your legal rights are affected whether you act or don't act. Read this Long-Form Notice carefully.**

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

**SUBMIT A CLAIM**     This is the only way to be eligible to receive a payment. If you are a Settlement Class Member, and do not exclude yourself from the

- 4 -

Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any "Released Claims" (as defined below) that you have against the Defendants and their "Related Parties" (as defined below).  **Proof of Claim and Release forms ("Proof of Claim") are available at www.gatossecuritieslitigation.com and must be postmarked (if mailed) or received (if submitted online) on or before _____, 2023.**

| | |
|---|---|
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that potentially allows you to participate in another lawsuit against the Defendants or their Related Parties relating to the Released Claims being released in this case.  Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and their Related Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Exclusions must be received on or before _____, 2023.** |
| **OBJECT** | You may write to the Court if you do not like this Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses.  You will still be a Member of the Settlement Class.  **Objections must be received by the Court and counsel for the Parties on or before _____, 2023.** |
| **GO TO A HEARING ON _____, 2023, at _____ _.m.** | **Submitting a written objection and notice of intention to appear by _____, 2023 allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses.**  If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection.[3] |
| **DO NOTHING** | **If you are a Member of the Settlement Class and you do not submit a Proof of Claim by _____, 2023, you will not be eligible to receive any payment from the Net Settlement Fund.**  You will, however, remain a Member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will still be bound by any judgments or orders entered by the Court in the Litigation. |

- These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement.  Payments to Authorized Claimants (described below) will be made if the Court approves the

---

[3]   The Court may change this date to a later date and/or time without further written notice to you. However, any different date or time will be posted on the Settlement website: www.gatossecuritieslitigation.com.

Settlement, after Proofs of Claim are processed, and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

**1.     Why Did I Receive This Long-Form Notice?**

The Court authorized that this Long-Form Notice be disseminated because you or someone in your family has been identified as a potential Settlement Class Member who may have purchased certain Gatos Securities (and/or sold put options on Gatos common stock).  The Court directed that this Long-Form Notice be made available to Settlement Class Members to explain the Litigation, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

**Receipt of this Long-Form Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment.  The Parties do not have access to your individual investment information.  If you wish to be eligible for a payment, you are required to timely submit the Proof of Claim available at www.gatossecuritieslitigation.com.**

The Court in charge of the case is the United States District Court for the District of Colorado, and the case is known as *Bilinsky v. Gatos Silver Inc. et al.*, No. 1:22-cv-00453-PAB-KLM.  The individuals that sued, Bard Betz and Jude Sweidan, are called the Plaintiffs.  Gatos and the individuals that the Plaintiffs sued, Stephen Orr, Roger Johnson, Philip Pyle, Janice Stairs, Ali Erfan, Igor Gonzales, Karl Hanneman, David Peat, Charles Hansard, and Daniel Muñiz Quintanilla, are called the Defendants.

**2.     What Is This Lawsuit About?**

This case was brought as a class action alleging violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") as well as §§ 11 and 15 of the Securities Act of 1933 (the "Securities Act") on behalf of a class of all Persons and entities who either (i) during the

Class Period (December 9, 2020 through January 25, 2022, both inclusive) purchased or otherwise acquired Gatos common stock listed on the NYSE, or, in domestic transactions, purchased or otherwise acquired publicly traded call options on Gatos common stock and/or sold publicly traded put options on Gatos common stock, and were damaged thereby; or (ii) purchased or otherwise acquired Gatos common stock pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, in domestic transactions or on the NYSE, and were damaged thereby. Among other things, the Amended Complaint alleges violations of the Exchange Act and the Securities Act premised on certain statements and omissions that Plaintiffs claim were false or misleading because they, *inter alia*, reported mineral resource and mineral reserve estimates for Gatos' Cerro Los Gatos mine that were allegedly materially inflated at the time the statements were made without disclosing the allegedly materially inflated resources and reserves. Plaintiffs contend that these allegedly false and misleading statements and/or omissions artificially inflated Gatos' stock price and when the alleged truth was eventually disclosed, the price of Gatos stock declined, resulting in substantial damages to the Settlement Class. Thus, Plaintiffs allege that Settlement Class Members overpaid for Gatos common stock (and traded in options on Gatos common stock at prices that allegedly were distorted by the allegedly inflated prices of Gatos common stock) during the relevant time period. Defendants have vigorously denied and continue to vigorously deny that they did anything wrong.

### 3. What Has Happened So Far in This Case?

On February 22, 2022, the initial Class Action Complaint for Violations of the Securities Laws (the "Complaint") was filed. On June 3, 2022, the Court entered an order appointing Bard Betz as Lead Plaintiff and approving Lead Plaintiff's selection of Bleichmar Fonti & Auld LLP as Lead Counsel.

The operative complaint in the Litigation, Plaintiffs' Amended Class Action Complaint for Violations of the Securities Laws (the "Amended Complaint"), was filed on August 15, 2022. On October 14, 2022, Defendants moved to dismiss the Amended Complaint. Plaintiffs opposed the motion, which was fully briefed as of December 23, 2022.

On April 13, 2023, the Parties submitted a Joint Motion to Stay Ruling on Defendants' Motion to Dismiss that among other things asked that the Court stay any disposition on the pending motion to dismiss while the Parties considered a path forward for the Litigation. On April 26, 2023, the Court granted the Parties' Joint Motion and agreed to postpone a ruling on the motion to dismiss until on or after June 16, 2023.

On June 13, 2023, the Parties participated in a full-day mediation session before Robert Meyer of JAMS. After arm's-length negotiations and the Parties' exchange of multiple demands and counteroffers, the same day, Mr. Meyer made a formal mediator's proposal that the case settle for $21 million. The Parties accepted the proposal and agreed to settle the Litigation for $21 million.

**4.     Why Is This a Class Action?**

In a class action, a class representative (in this case, the Court-appointed Lead Plaintiff Bard Betz) sues on behalf of people who have similar claims. Here, all these people are called the Settlement Class or Settlement Class Members. One court resolves the issues for all class members at the same time, except for those who timely and validly exclude themselves from the class (the process for which is described more fully in Question 14 below). Chief Judge Philip A. Brimmer is presiding over this class action.

**5.     Why Is There a Settlement?**

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way they avoid the cost and uncertainty of further litigation and a trial, and eligible Settlement Class Members who submit valid claims will receive compensation. Particularly in light

of the possibility that continued litigation could result in no greater recovery than the Settlement—or

no recovery at all—Plaintiffs and Lead Counsel believe the settlement is in the best interest of all

Settlement Class Members.

**WHO IS IN THE SETTLEMENT**

To see if you will receive money from this Settlement, you first have to determine if you are

a Settlement Class Member.

**6.      How Do I Know if I Am Part of the Settlement?**

The Settlement Class includes ***all Persons and entities who or which either (i) during the***

***period from December 9, 2020 to January 25, 2022, both inclusive (the "Class Period"),***

***purchased or otherwise acquired Gatos common stock listed on the NYSE, or, in domestic***

***transactions, purchased or otherwise acquired publicly traded call options on Gatos common***

***stock, and/or sold publicly traded put options on Gatos common stock, and were damaged thereby;***

***or (ii) purchased or otherwise acquired Gatos common stock pursuant or traceable to the 2020***

***Registration Statement or the 2021 Registration Statement, in domestic transactions or on the***

***NYSE, and were damaged thereby.***  Certain Persons and entities are excluded from this definition,

as described below.

**7.      What Are the Exceptions to Being Included?**

You are not a Settlement Class Member if you are a Defendant, a current or Class Period

officer or director of the Company, a member of the immediate family or the legal representative,

affiliate, heir, successor-in-interest, or assign of any such excluded person, any entity in which such

excluded persons have or had a majority interest, or the Electrum Group, LLC.   However, any

"Investment Vehicle" is not excluded from the Settlement Class.  "Investment Vehicle" means any

investment company, pooled investment fund, or separately managed account (including, but not

limited to, mutual fund families, exchange traded funds, funds of funds, private equity funds, real

estate funds, hedge funds, and employee benefit plans) in which the Underwriter Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity, but in which any of the Underwriter Defendants alone or together, with its, his, or her respective affiliates, is not a majority owner or does not hold a majority beneficial interest.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the requirements set by the Court.

**8.      I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator at www.gatossecuritieslitigation.com or by phone at 877-757-6172, or you can fill out and return the Proof of Claim described in Question 11, to see if you qualify.

**PLEASE DO NOT CALL THE COURT OR DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT**

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**9.      What Does the Settlement Provide?**

Gatos has agreed to cause to be paid $21 million in cash.  This amount, plus any interest earned thereon, constitutes the Settlement Fund.  The balance of this fund after payment of Court-approved attorneys' fees and expenses and any awards to Plaintiffs and the costs of claims administration, including the costs of distributing the Notice and the cost of publishing newspaper notice, and Taxes and Tax Expenses, is the "Net Settlement Fund."  The Net Settlement Fund will be divided among all eligible Settlement Class Members who send in timely and valid Proofs of Claim in accordance with the Plan of Allocation described below.

**10.     How Much Will My Payment Be?**

Your payment (if any) will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Settlement Class Members submit; the number

of Gatos Securities you purchased or acquired; how much you paid for those securities; when you purchased or acquired them; and if and when you sold your Gatos Securities and for how much. The Claims Administrator will apply the Plan of Allocation (appended below as Appendix A) to calculate the amount of your Recognized Claim, and your payment (if any) will be a portion of the Net Settlement Fund equal to your Recognized Claim divided by the total of all Authorized Claimants' Recognized Claims.

### 11. How Will I Obtain a Payment?

To qualify for payment, you must be an eligible Settlement Class Member, send in a timely and valid Proof of Claim, and properly document your claim as requested in the Proof of Claim. A Proof of Claim may be downloaded at www.gatossecuritieslitigation.com and is also available in paper form by contacting the Claims Administrator at www.gatossecuritieslitigation.com, by phone at 877-757-6172, or at *Gatos U.S. Securities Litigation*, P.O. Box 5768, Portland, OR 97228-5768. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it such that it is postmarked no later than _____, 2023, or submit it online by no later than _____, 2023. Proofs of Claim may be completed and submitted online at www.gatossecuritieslitigation.com.

### 12. When Will I Receive My Payment?

The Court will hold a hearing on _____, 2023, at __:__ __.m., to decide whether to approve the Settlement. If Chief Judge Brimmer approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time. It also takes time for all the Proofs of Claim to be processed. Please be patient.

### 13. What Am I Giving Up to Receive a Payment or Stay in the Settlement Class?

Unless you timely and validly exclude yourself, you are a Settlement Class Member, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or

any of their Related Parties about the Released Claims in this case. It also means that all of the Court's orders, including a judgment ("Judgment") dismissing the Litigation with prejudice on the merits, will apply to you and legally bind you and you will release all Released Claims in this case against the Defendants and their Related Parties.

"**Released Claims**" means any and all claims (including Unknown Claims as defined below), rights, demands, losses, suits, debts, obligations, damages, judgments, controversies, liabilities, or causes of action of every nature and description whatsoever, in law, equity, or otherwise (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether asserted or unasserted, accrued or unaccrued, fixed or contingent, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, to the fullest extent that the law permits their release in this Litigation against any of the Defendants or their Related Parties, which arise out of, are based on, or relate to both: (i) the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, statements, filings, events, representations, or omissions involved, set forth, alleged, or referred to in the Complaint, Amended Complaint, or the Litigation, or which could have been alleged in the Litigation; and (ii) the purchase, sale, holding, or other acquisition, disposition, or holding of Gatos Securities, whether on the NYSE or otherwise within the United States, between October 28, 2020 and January 25, 2022, both inclusive. Released Claims also include any and all claims (including Unknown Claims as defined below), rights, demands, losses, suits, debts, obligations, damages, judgments, controversies, liabilities, or causes of action of every nature and description whatsoever, in law, equity, or otherwise (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether asserted or unasserted, accrued or unaccrued, fixed or contingent, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or

regulation, whether class or individual in nature, which arise out of, are based on, or relate to the institution, prosecution, or settlement of the Litigation or the Released Claims against Defendants or their Related Parties. Released Claims shall not include claims to enforce the Settlement. For avoidance of doubt and without limitation to other claims or potential claims not released hereby, Released Claims do not include any breach of fiduciary duty, unjust enrichment, or waste claims by or on behalf of Gatos against the Individual Defendants or other individuals, which claims are referenced in or may arise from the litigation demand sent by Kathleen Marcus on April 27, 2023.

"**Unknown Claims**" means collectively (i) any Released Claims that Plaintiffs or Settlement Class Members do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties which, if known by him, her, or it, might have affected such Settlement Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement; and (ii) any Released Claims that Defendants and their Related Parties do not know or suspect to exist in his, her, or its favor at the time of the release, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of Plaintiffs, Plaintiffs' Counsel, and/or Settlement Class Members. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs, Defendants, and Defendants' Related Parties shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Plaintiffs, Settlement Class Members, Defendants, and Defendants' Related Parties may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs, Defendants, and Defendants' Related Parties shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs, Defendants, and Defendants' Related Parties acknowledge, and Settlement Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

"**Released Parties**" means each and all of Defendants, each and all of their respective Related Parties, Plaintiffs, Settlement Class Members, and Plaintiffs' Counsel.

"**Related Parties**" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a majority interest, any member of a Defendant's immediate family, any trust of which a Defendant is the

settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a majority interest (directly or indirectly).

"**Plaintiffs' Counsel**" means Lead Counsel Bleichmar Fonti & Auld LLP; Wheeler Trigg O'Donnell LLP; and The Schall Law Firm.

The Judgment will also provide that upon the Effective Date, without any further action by anyone, Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims (including, without limitation, Unknown Claims) against Defendants and their Related Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim or participates in the Settlement Fund. It is an important element of the Defendants' participation in the Settlement, which Plaintiffs have acknowledged, that Defendants and their Related Parties obtain the fullest possible legally enforceable release from further liability to any Settlement Class Member relating to the Released Claims, and it is the intention of the Parties that all further liability of the Defendants and each of their Related Parties relating to the Released Claims hereby be eliminated. These releases and waivers were separately bargained for and are essential elements of the Stipulation and the Settlement.

Moreover, upon the Effective Date, Plaintiffs and all Settlement Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Defendants and their Related Parties, and each of them.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this Settlement, and you want to keep the right to sue or continue to sue the Defendants or any of their Related Parties on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class.  This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class.

**If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.**

**If you are excluded from the Settlement Class and pursue your own individual action, you may also have to produce information and/or documents upon the Defendants' request (a process known as "discovery"), which could include, but not be limited to, providing testimony under oath.**

### 14.    How Do I Get Out of the Settlement Class?

To exclude yourself from the Settlement Class, you must submit a written request for exclusion to the Claims Administrator online at www.gatossecuritieslitigation.com or by mail to the following address:

*Gatos U.S. Securities Litigation*
P.O. Box 5768
Portland, OR 97228-5768

You cannot exclude yourself by telephone or email.  Your request for exclusion must state that you want to be excluded from *Bilinsky v. Gatos Silver Inc. et al.*, No. 1:22-cv-00453-PAB-KLM, and must: (i) include your or an entity's name, address, and telephone number; (ii) state that you or the entity wish to be "excluded from the Settlement Class" in this Litigation; (iii) include proof (such as stockbroker confirmation slips, stockbroker statements, or other documents)

adequately evidencing the date(s), price(s), and number(s) of all Gatos Securities purchased and/or sold during the Class Period or purchased or acquired pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement; and (iv) be signed by you or the entity requesting exclusion or their authorized representative (accompanied by proof of authorization).  No request for exclusion will be considered valid unless it is timely and provides all of the information described above.

**Your exclusion request must be submitted online or received by the Claims Administrator no later than _____, 2023.**

Do not submit a request for exclusion as well as an objection and/or Proof of Claim.  If you do so, your objection and/or Proof of Claim will be disregarded and you will be excluded from the Settlement Class.

**15.     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No.  Unless you timely and validly exclude yourself, you give up any right to sue the Defendants and their Related Parties for the Released Claims in this Settlement.  If you have a pending lawsuit against any of these parties, including the Defendants, speak to your lawyer in that case immediately.  Remember, the exclusion deadline is _____, 2023.

**16.     If I Exclude Myself, Can I Receive Money From This Settlement?**

No.  If you exclude yourself, you are not a Settlement Class Member and cannot submit a Proof of Claim.

**THE LAWYERS REPRESENTING YOU**

**17.     Do I Have a Lawyer in This Case?**

The Court appointed the law firm of Bleichmar Fonti & Auld LLP to represent you and other Settlement Class Members.  These lawyers are called Lead Counsel.  You will not be directly charged for these lawyers.  They will be paid from the Settlement Fund to the extent the Court

approves their application for fees and expenses.  If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18.     How Will the Lawyers Be Paid?

Lead Counsel will ask the Court for attorneys' fees not to exceed 28% of the Settlement Amount, and for expenses in an amount not to exceed $325,000, plus interest that is incurred on these amounts at the same rate as earned by the Settlement Fund.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for its efforts in achieving this Settlement and for its risk in undertaking this representation on a wholly contingent basis.  Lead Counsel has committed a substantial amount of time and significant expenses in litigating this case for the benefit of the Settlement Class.  To date, Lead Counsel has not been paid for its services in conducting this Litigation on behalf of Plaintiffs and the Settlement Class, nor for its expenses.  The fees requested will compensate counsel for its work in achieving the Settlement Fund for the benefit of the Settlement Class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 19.     How Do I Tell the Court That I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees or expenses.  You can state the reasons why you think the Court should not approve it.  The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Bilinsky v. Gatos Silver Inc. et al.*, No. 1:22-cv-00453-PAB-KLM, which must (1) include the objector's name, address, and telephone number; (2) provide documentation establishing the objector's membership in the Settlement Class, including documents showing the type and number of Gatos Securities purchased,

acquired, and sold during the Class Period or purchased or acquired pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, as well as the dates and prices of each such purchase, acquisition, and sale; (3) contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (4) identify any other class action settlement(s) in which the objector or the objector's attorney has objected; (5) include copies of any papers or other documents upon which the objection is based; and (6) include the objector's signature, even if represented by counsel.  Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be foreclosed from making any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.

Any objection *must* be mailed or delivered such that it is ***received*** by *each* of the following (not simply postmarked) *no later than _____, 2023*:

*Court:*

Clerk of the Court
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Alfred A. Arraj United States Courthouse
901 19th Street
Denver, CO 80294

*Lead Counsel*

Joseph A. Fonti
BLEICHMAR FONTI & AULD LLP
Times Square Tower
7 Times Square, 27th Floor
New York, NY 10036

Emailed copy to gatossettlement@bfalaw.com

*Counsel for Gatos and the Individual Defendants*:

Michael S. Flynn
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

Counsel for the Underwriter Defendants:

Audra J. Soloway
PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner

described above will be deemed to have waived any objection and shall be forever foreclosed from

making any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation, or

Lead Counsel's request for an award of attorneys' fees and expenses. Settlement Class Members do

not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

### 20. What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the Settlement.

You can object *only if* you stay in the Settlement Class. Excluding yourself is telling the Court that

you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to

object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend

and you may ask to speak, but you do not have to.

### 21. When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a fairness hearing at __:__ _.m., on _____, 2023, at the Alfred

A. Arraj United States Courthouse, in Courtroom A701, 901 19th Street, Denver, Colorado. At this

hearing the Court will consider whether the Settlement is fair, reasonable, and adequate, consider

any objections, and listen to people who have asked to speak at the hearing.[4] The Court may move

---

[4] The papers in support of approval of the Settlement, the Plan of Allocation, and Lead Counsel's Fee and Expense Application will be submitted to the Court no later than [thirty-five (35) calendar days] before the fairness hearing, and posted on the Settlement website, www.gatossecuritieslitigation.com.

the date or time of the fairness hearing to a later date and/or time without further written notice to you. If the date or time of the fairness hearing is changed, the new date and/or time will be posted at www.gatossecuritieslitigation.com.

**22.    Do I Have to Come to the Hearing?**

No. Lead Counsel will answer any questions the Court may have, and Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval. If you send an objection or statement in support of the settlement, you are not required to go to Court to discuss it; you may pay your own lawyer to attend, or attend at your own expense, but you are not required to do so.

**23.    May I Speak at the Hearing?**

If you have timely filed an objection, you may ask the Court for permission to speak at the fairness hearing. To do so, your written objection must (in addition to the information specified in Question 19 above) state your intention to appear at the hearing, and must include the identity of any witnesses you may call to testify and copies of any exhibits you intend to introduce into evidence at the fairness hearing. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

<strong>IF YOU DO NOTHING</strong>

**24.    What Happens If I Do Nothing at All?**

If you do nothing, you will be a Settlement Class Member. However, you will not receive any money from this Settlement unless you submit a Proof of Claim. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or their Related Parties about the Released Claims.

## GETTING MORE INFORMATION

### 25.     How Do I Get More Information?

This Long-Form Notice summarizes the proposed Settlement and does not describe all of the details of the Settlement.  More details are in the Stipulation dated July 13, 2023.  You can obtain a copy of the Stipulation by going to www.gatossecuritieslitigation.com or by calling or writing the Claims Administrator at 877-757-6172 or *Gatos U.S. Securities Litigation*, P.O. Box 5768, Portland, OR 97228-5768; by contacting Lead Counsel at gatossettlement@bfalaw.com, Joseph A. Fonti, Bleichmar Fonti & Auld LLP, Times Square Tower, 7 Times Square, 27th Floor, New York, NY 10036, (888) 879-9418; or by visiting the Clerk's office at the United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, during regular business hours.

### *DO NOT TELEPHONE THE DEFENDANTS OR THE COURT*
### *REGARDING THIS NOTICE*

If you have questions about the Settlement, you can contact the Claims Administrator by going to www.gatossecuritieslitigation.com, calling 877-757-6172, or writing to *Gatos U.S. Securities Litigation*, P.O. Box 5768, Portland, OR 97228-5768 or contact Lead Counsel at gatossettlement@bfalaw.com, Joseph A. Fonti, Bleichmar Fonti & Auld LLP, Times Square Tower, 7 Times Square, 27th Floor, New York, NY 10036, (888) 879-9418.

### APPENDIX A – PLAN OF ALLOCATION OF NET SETTLEMENT FUND

1.   In developing the Plan of Allocation, Plaintiffs' damages consulting expert calculated the estimated amount of artificial inflation in the per share closing price of Gatos common stock and Gatos call options, and calculated the estimated amount of artificial deflation in the per share closing price of Gatos put options (together, "Gatos Securities"), which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions.

2.   The calculations made pursuant to this Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended

to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

3. A "**Recognized Loss Amount**" will be calculated as set forth below (i) under the Exchange Act for each purchase of Gatos common stock between December 9, 2020 and January 25, 2022, both dates inclusive (the "Class Period"); (ii) under the Securities Act for certain purchases of Gatos common stock between October 28, 2020 and August 18, 2021 (both dates inclusive); and (iii) under the Exchange Act for each purchase of Gatos call options and each sale of Gatos put options during the Class Period, in each case to the extent that such transactions are listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to zero.

4. The **Recognized Loss Amount** for each qualifying purchase or acquisition of Gatos common stock is *the greater of* (a) the Securities Act Recognized Loss Amount calculated below, *or* (b) the Exchange Act Recognized Loss Amount calculated below.

## I. Securities Act Recognized Loss Amount Calculations

5. For shares of Gatos common stock purchased or acquired in or traceable to the 2020 Registration Statement for the October 28, 2020 Initial Public Offering of Gatos common stock (the "IPO") in a domestic transaction or on the NYSE, and:[5]

   a. sold prior to January 26, 2022, the Securities Act Recognized Loss Amount shall be zero.

   b. sold from January 26, 2022 through February 21, 2022, the Securities Act Recognized Loss Amount shall be *the lesser of*: (i) the purchase price per share (not to exceed the offering price of $7.00) *minus* the sale price; or (ii) $6.90.

   c. sold from February 22, 2022[6] through [the mailing date of the Notice], the Securities Act Recognized Loss Amount shall be *the lesser of*: (i) the purchase price per share (not to exceed the offering price of $7.00) *minus* the sale price per share (not to be less than $3.18, the closing price on the date the lawsuit was filed); or (ii) $6.90.

   d. held as of the closing on [the mailing date of the Notice], the Securities Act Recognized Loss Amount shall be *the lesser of*: (i) the purchase price per share (not to exceed the offering price of $7.00) *minus* $3.18, the closing price on the date the lawsuit was filed; or (ii) $6.90.

---

[5] Purchases and acquisitions of Gatos common stock will be considered to have been made in or traceable to the IPO only if they occurred between October 28, 2020 and July 14, 2021, both dates inclusive.

[6] February 22, 2022, the date of filing of the initial Section 11 complaint in the Action, is the date of suit.

6. For shares of Gatos common stock purchased or acquired in or traceable to the 2021 Registration Statement for the July 15, 2021 Secondary Public Offering of Gatos common stock (the "SPO") in a domestic transaction or on the NYSE, and:[7]

   a. sold prior to January 26, 2022, the Securities Act Recognized Loss Amount shall be zero.

   b. sold from January 26, 2022 through February 21, 2022, the Securities Act Recognized Loss Amount shall be *the lesser of*: (i) the offering price of $14.00 *minus* the sale price; or (ii) $6.90.

   c. sold from February 22, 2022[8] through [the mailing date of the Notice], the Securities Act Recognized Loss Amount shall be *the lesser of*: (i) the offering price of $14.00 *minus* the sale price (not to be less than $3.18, the closing price on the date the lawsuit was filed); or (ii) $6.90.

   d. held as of the closing on [the mailing date of the Notice], the Securities Act Recognized Loss Amount shall be *the lesser of*: (i) the offering price of $14.00 *minus* $3.18, the closing price on the date the lawsuit was filed; or (ii) $6.90.

7. To reflect the differences in the standard of proof under Securities Act claims and Exchange Act claims, the Securities Act Recognized Loss Amounts calculated in the previous paragraphs shall be multiplied by 1.10.

## II.     Exchange Act Recognized Loss Amount Calculations

8. In order to have recoverable damages under the Exchange Act, the disclosure of the allegedly misrepresented information must be the cause of the removal of artificial inflation (or deflation) from Gatos Securities. In this case, Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the price of Gatos common stock and call options and deflating the price of Gatos put options. Plaintiffs further allege that corrective information was released to the market on January 25, 2022 (after market close), which removed artificial inflation (artificial deflation) from the share prices of Gatos Securities on January 26, 2022.

9. Exchange Act Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation (deflation) in the prices of Gatos Securities at the

---

[7] Purchases and acquisitions of Gatos common stock will be considered to have been made in or traceable to the SPO only if they occurred between July 15, 2021 and August 18, 2021 (both dates inclusive), and were made (i) at the SPO offering price of $14.00 and/or (ii) directly from an underwriter for the SPO (BMO Capital Markets Corp., Goldman Sachs & Co. LLC, RBC Capital Markets, LLC, Canaccord Genuity Corp., and CIBC World Markets Corp.). Claimants must provide adequate documentation of these conditions.

Gatos's Q32021 Form 10-Q states: "On July 19, 2021, the Company completed a public offering of 8,930,000 shares of common stock at a price of $14.00 per share . . . . On August 18, 2021, the Company issued an additional 286,962 shares of common stock at a price of $14.00 per share, through the exercise of the over-allotment option . . . ."

[8] As stated in footnote 6, February 22, 2022, the date of filing of the initial Section 11 complaint in the Action, is the date of suit.

time of purchase or acquisition and at the time of sale, not to exceed the difference between the actual purchase/acquisition price and sale price.

### A.  Common Stock Calculations

10. For each share of Gatos common stock purchased or otherwise acquired on the NYSE from December 9, 2020 through and including January 25, 2022, and:

    a.  sold before January 26, 2022, the Exchange Act Recognized Loss Amount will be zero.

    b.  sold from January 26, 2022 through and including the close of trading on April 25, 2022, the Exchange Act Recognized Loss Amount will be *the least of*: (i) $6.90; (ii) the purchase/acquisition price *minus* the sale price; or (iii) the purchase/acquisition price *minus* the average closing price between January 26, 2022 and the date of sale as stated in Table A below.

    c.  held as of the close of trading on April 25, 2022, the Exchange Act Recognized Loss Amount will be *the lesser of*: (i) $6.90; or (ii) the purchase/acquisition price *minus* $4.04.[9]

---

[9] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Gatos common stock during the "90-day look-back period," January 26, 2022 through and including April 25, 2022. The mean (average) closing price for Gatos common stock during this 90-day look-back period was $4.04.

## B.  Options Calculations

11. Exchange-traded options are traded in units called "contracts," which entitle the holder to buy (in the case of a call option) or sell (in the case of a put option) 100 shares of the underlying security, which in this case is Gatos common stock.  Throughout this Plan of Allocation, all price quotations of exchange-traded options are per share of the underlying security (i.e., 1/100 of a contract).

12. Each option contract specifies a strike price and an expiration date. Contracts with the same strike price and expiration date are referred to as a "series."  Under the Plan of Allocation, the dollar artificial inflation per share (i.e., 1/100 of a contract) for each series of Gatos call options and the dollar artificial deflation per share (i.e., 1/100 of a contract) for each series of Gatos put options has been calculated by Plaintiffs' damages consulting expert.

13. Table B sets forth the dollar artificial inflation per share in Gatos call options during the Class Period.  Table C sets forth the dollar artificial deflation per share in Gatos put options during the Class Period. Tables B and C list only series of Gatos options that had open interest on the alleged corrective disclosure date, had reported trading volume during the Class Period, and expired on or after corrective disclosure date.  Any option position that was closed or expired prior to the market reaction to the alleged corrective disclosure has a Recognized Loss of zero.

14. For each exchange-traded Gatos call option purchased or acquired in domestic transactions from December 9, 2020 through and including January 25, 2022, and:

   A. closed (through sale, exercise, or expiration) prior to January 26, 2022, the Recognized Loss Amount for each such share shall be zero.

   B. open as of the close of trading on January 25, 2022, the Recognized Loss Amount for each such share shall be *the lesser of*:

      1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in Table B below; or

      2. the actual purchase/acquisition price of each such share *minus* the closing price on January 26, 2022 (i.e., the "Holding Price") as set forth in Table B below.

15. For each exchange-traded Gatos put option sold (written) in domestic transactions from December 9, 2020 through and including January 25, 2022, and:

   A. closed (through purchase, exercise, or expiration) prior to January 26, 2022, the Recognized Loss Amount for each such share shall be zero.

   B. open as of the close of trading on January 25, 2022, the Recognized Loss Amount for each such share shall be *the lesser of*:

      1. the dollar artificial deflation applicable to each such share on the date of sale (writing) as set forth in Table C below; or

      2. the closing price on January 26, 2022 (i.e., the "Holding Price") as set forth in Table C below *minus* the sale (writing) price.

## ADDITIONAL PROVISIONS

16. **Calculation of Claimant's "Recognized Claim":** A claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to Gatos common stock, call options, and put options. As stated above, the Recognized Loss Amount for each purchase or acquisition of Gatos common stock during the Class Period is *the greater of* the Securities Act Recognized Loss Amount (if any) *or* (b) the Exchange Act Recognized Loss Amount (if any).

17. **FIFO Matching:** If a Class Member made more than one purchase/acquisition or sale of a Gatos Security during the Class Period, all purchases/acquisitions and sales will be matched on a First-In, First-Out ("FIFO") basis. For Gatos common stock, sales after October 28, 2020 will be matched first against any holdings at October 28, 2020 and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made after October 28, 2020. For Gatos call options, Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period. For Gatos put options, purchases made during the Class Period will be matched first to close positions open as of the beginning of the Class Period and then against put options sold (written) in chronological order, beginning with the earliest put options sold (written) during the Class Period.

18. **"Purchase/Sale" Dates:** Purchases or acquisitions and sales of Gatos Securities will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Gatos Securities shall not be deemed a purchase, acquisition, or sale of Gatos Securities for the calculation of a claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Gatos Securities unless (i) the donor or decedent purchased or otherwise acquired or sold those Gatos Securities between October 28, 2020 and January 25, 2022 (both dates inclusive); (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Gatos Securities.

19. **Short Sales:** In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a transaction that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered is also zero.

20. In the event that a claimant has an opening short position in Gatos common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

21. If a claimant has "written" Gatos call options, thereby having a short position in the call options, the date of covering such a written position is deemed to be the date of purchase or acquisition of the call option. The date on which the call option was written is deemed to be the date of sale of the call option. In accordance with the Plan of Allocation, the earliest purchases or acquisitions of like call options during the Class Period shall be matched

- 27 -

against such short positions in accordance with the FIFO matching described above and any portion of such purchases or acquisitions that cover such short positions will not be entitled to recovery.

22. If a claimant has purchased or acquired Gatos put options, thereby having a long position in the put options, the date of purchase/acquisition is deemed to be the date of purchase/acquisition of the put option. The date on which the put option was sold, exercised, or expired is deemed to be the date of sale of the put option. In accordance with the Plan of Allocation, the earliest sales or dispositions of like put options during the Class Period shall be matched against such long positions in accordance with the FIFO matching described above and any portion of the sales that cover such long positions shall not be entitled to a recovery.

23. **Common Stock Purchased/Sold Through the Exercise of Options:** With respect to Gatos common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

24. **Domestic Transactions:** Solely for purposes of the Settlement and the Plan of Allocation, transactions in Gatos Securities denominated in U.S. dollars are deemed domestic transactions.

25. **Determination of Distribution Amount:** If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, *multiplied* by the total amount in the Net Settlement Fund.

26. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

27. If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

**TABLE A**
**90-Day Look-Back Table for Gatos Common Stock**
**Closing Price and Average Closing Price**
**January 26, 2022 through April 25, 2022**

| Date | Closing Price | Average Closing Price Between January 26, 2022 and Date Shown | Date | Closing Price | Average Closing Price Between January 26, 2022 and Date Shown |
|---|---|---|---|---|---|
| 1/26/2022 | $3.17 | $3.17 | 3/11/2022 | $4.63 | $3.53 |
| 1/27/2022 | $2.81 | $2.99 | 3/14/2022 | $4.42 | $3.55 |
| 1/28/2022 | $3.06 | $3.01 | 3/15/2022 | $4.69 | $3.59 |
| 1/31/2022 | $3.11 | $3.04 | 3/16/2022 | $4.94 | $3.63 |
| 2/1/2022 | $3.23 | $3.08 | 3/17/2022 | $5.18 | $3.67 |
| 2/2/2022 | $3.25 | $3.11 | 3/18/2022 | $5.27 | $3.71 |
| 2/3/2022 | $2.99 | $3.09 | 3/21/2022 | $4.95 | $3.74 |
| 2/4/2022 | $3.11 | $3.09 | 3/22/2022 | $4.68 | $3.77 |
| 2/7/2022 | $3.40 | $3.13 | 3/23/2022 | $4.60 | $3.79 |
| 2/8/2022 | $3.45 | $3.16 | 3/24/2022 | $4.73 | $3.81 |
| 2/9/2022 | $3.31 | $3.17 | 3/25/2022 | $4.36 | $3.83 |
| 2/10/2022 | $3.30 | $3.18 | 3/28/2022 | $4.13 | $3.83 |
| 2/11/2022 | $3.36 | $3.20 | 3/29/2022 | $4.39 | $3.84 |
| 2/14/2022 | $3.52 | $3.22 | 3/30/2022 | $4.24 | $3.85 |
| 2/15/2022 | $3.57 | $3.24 | 3/31/2022 | $4.32 | $3.86 |
| 2/16/2022 | $3.46 | $3.26 | 4/1/2022 | $4.44 | $3.88 |
| 2/17/2022 | $3.39 | $3.26 | 4/4/2022 | $4.64 | $3.89 |
| 2/18/2022 | $3.20 | $3.26 | 4/5/2022 | $4.49 | $3.90 |
| 2/22/2022 | $3.18 | $3.26 | 4/6/2022 | $4.40 | $3.91 |
| 2/23/2022 | $3.21 | $3.25 | 4/7/2022 | $4.49 | $3.93 |
| 2/24/2022 | $3.36 | $3.26 | 4/8/2022 | $4.72 | $3.94 |
| 2/25/2022 | $3.35 | $3.26 | 4/11/2022 | $4.56 | $3.95 |
| 2/28/2022 | $3.37 | $3.27 | 4/12/2022 | $4.76 | $3.97 |
| 3/1/2022 | $3.70 | $3.29 | 4/13/2022 | $5.13 | $3.99 |
| 3/2/2022 | $3.77 | $3.31 | 4/14/2022 | $5.01 | $4.01 |
| 3/3/2022 | $3.82 | $3.33 | 4/18/2022 | $4.70 | $4.02 |
| 3/4/2022 | $3.84 | $3.34 | 4/19/2022 | $4.69 | $4.03 |
| 3/7/2022 | $4.17 | $3.37 | 4/20/2022 | $4.61 | $4.04 |
| 3/8/2022 | $4.25 | $3.40 | 4/21/2022 | $4.32 | $4.04 |
| 3/9/2022 | $4.72 | $3.45 | 4/22/2022 | $4.03 | $4.04 |
| 3/10/2022 | $4.77 | $3.49 | 4/25/2022 | $3.84 | $4.04 |

**TABLE B**
**Gatos Call Option Artificial Inflation per Share and Holding Prices**

| Expiration Date | Strike Price | Artificial Inflation per Share | Holding Price |
|---|---|---|---|
| 2/18/2022 | $2.50 | $6.66 | $0.88 |
| 2/18/2022 | $5.00 | $4.94 | $0.18 |
| 2/18/2022 | $7.50 | $2.68 | $0.03 |
| 2/18/2022 | $10.00 | $0.88 | $0.03 |
| 2/18/2022 | $12.50 | $0.12 | $0.03 |
| 2/18/2022 | $15.00 | $0.07 | $0.03 |
| 2/18/2022 | $17.50 | $0.02 | $0.03 |
| 2/18/2022 | $20.00 | $0.02 | $0.03 |
| 2/18/2022 | $22.50 | $0.02 | $0.03 |
| 2/18/2022 | $25.00 | $0.02 | $0.03 |
| 2/18/2022 | $30.00 | $0.02 | $0.03 |
| 3/18/2022 | $7.50 | $2.65 | $0.15 |
| 3/18/2022 | $10.00 | $1.11 | $0.13 |
| 3/18/2022 | $12.50 | $0.34 | $0.08 |
| 5/20/2022 | $2.50 | $6.46 | $1.18 |
| 5/20/2022 | $5.00 | $4.74 | $0.43 |
| 5/20/2022 | $7.50 | $2.90 | $0.20 |
| 5/20/2022 | $10.00 | $1.60 | $0.13 |
| 5/20/2022 | $12.50 | $0.86 | $0.05 |
| 5/20/2022 | $15.00 | $0.32 | $0.13 |
| 5/20/2022 | $22.50 | $0.05 | $0.03 |
| 5/20/2022 | $25.00 | $0.05 | $0.03 |
| 8/19/2022 | $7.50 | $3.09 | $0.30 |
| 8/19/2022 | $10.00 | $1.94 | $0.20 |
| 8/19/2022 | $12.50 | $1.23 | $0.18 |
| 8/19/2022 | $15.00 | $0.74 | $0.10 |
| 8/19/2022 | $17.50 | $0.12 | $0.38 |
| 8/19/2022 | $20.00 | $0.15 | $0.20 |
| 12/16/2022 | $5.00 | $4.40 | $0.83 |
| 12/16/2022 | $7.50 | $3.27 | $0.43 |
| 12/16/2022 | $10.00 | $2.21 | $0.30 |
| 12/16/2022 | $12.50 | $1.38 | $0.38 |
| 12/16/2022 | $15.00 | $1.13 | $0.15 |
| 12/16/2022 | $17.50 | $0.76 | $0.10 |
| 12/16/2022 | $25.00 | $0.27 | $0.20 |

**TABLE C**
**Gatos Put Option Artificial Deflation per Share and Holding Prices**

| Expiration Date | Strike Price | Artificial Deflation per Share | Holding Price |
|---|---|---|---|
| 2/18/2022 | $7.50 | $4.25 | $4.40 |
| 2/18/2022 | $10.00 | $6.07 | $6.90 |
| 2/18/2022 | $12.50 | $6.88 | $9.45 |
| 2/18/2022 | $15.00 | $6.73 | $11.65 |
| 2/18/2022 | $17.50 | $6.68 | $14.15 |
| 3/18/2022 | $7.50 | $4.25 | $4.50 |
| 3/18/2022 | $10.00 | $5.35 | $6.50 |
| 5/20/2022 | $7.50 | $3.95 | $4.50 |
| 5/20/2022 | $10.00 | $5.28 | $6.90 |
| 5/20/2022 | $12.50 | $6.09 | $9.40 |
| 5/20/2022 | $15.00 | $6.58 | $11.95 |
| 5/20/2022 | $17.50 | $6.39 | $14.00 |
| 8/19/2022 | $7.50 | $3.78 | $4.65 |
| 8/19/2022 | $12.50 | $5.35 | $9.10 |
| 8/19/2022 | $17.50 | $6.53 | $14.45 |
| 12/16/2022 | $5.00 | $2.09 | $2.43 |
| 12/16/2022 | $7.50 | $3.59 | $4.70 |
| 12/16/2022 | $10.00 | $4.54 | $6.95 |
| 12/16/2022 | $12.50 | $5.45 | $9.60 |
| 12/16/2022 | $25.00 | $6.68 | $21.95 |

DATED:_____

BY THE COURT:

_____

Chief Judge Philip A. Brimmer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00453-PAB-KLM

MICHAEL BILINSKY, Individually and On Behalf of All Others
Similarly Situated,

            Plaintiff,

v.

GATOS SILVER, INC.,
STEPHEN ORR,
ROGER JOHNSON,
PHILIP PYLE,
JANICE STAIRS,
ALI ERFAN,
IGOR GONZALES,
KARL HANNEMAN,
DAVID PEAT,
CHARLES HANSARD, and
DANIEL MUÑIZ QUINTANILLA,

DEFENDANTS.

PROOF OF CLAIM AND RELEASE

EXHIBIT A-3

## I.    GENERAL INSTRUCTIONS

1.      To recover as a member of the Settlement Class based on your claims in the class action entitled *Bilinsky v. Gatos Silver Inc. et al.*, No. 1:22-cv-00453-PAB-KLM (the "Litigation"), you must complete and, on page 11 below, sign this Proof of Claim and Release form (the "Proof of Claim").[1]  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.  Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.      THIS PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED      HEREIN,      **MUST      BE      SUBMITTED      ONLINE      AT:** **WWW.GATOSSECURITIESLITIGATION.COM NO LATER THAN _____, 2023 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2023, ADDRESSED AS FOLLOWS:**

> *Gatos U.S. Securities Litigation*
> Claims Administrator
> P.O. Box 5768
> Portland, OR 97228-5768

If you are NOT a Member of the Settlement Class, as defined in the Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), or if you have submitted a request for exclusion, DO NOT submit a Proof of Claim.

3.      If you are a member of the Settlement Class and you do not timely request exclusion by _____, 2023, you are bound by and subject to the terms of any judgment entered in the Action,

---

[1]    The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated July 13, 2023 (the "Stipulation"), which can be viewed at www.gatossecuritieslitigation.com.  All capitalized terms not defined in this Claim Form have the same meanings as in the Stipulation.

including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM OR RECEIVE A PAYMENT.

4.     It is important that you completely read and understand the Long-Form Notice that accompanies this Proof of Claim, including the Plan of Allocation of the Net Settlement Fund set forth in the Long-Form Notice.  The Long-Form Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Long-Form Notice also contains the definitions of many of the capitalized terms used in this Proof of Claim.  By signing and submitting this Proof of Claim, you will be certifying that you have read the Long-Form Notice, including the terms of the releases described in it and provided for by the Settlement.

## II.     CLAIMANT IDENTIFICATION

1.     If you purchased or acquired Gatos Securities[2] and held the certificate(s) in your name, you are the beneficial owner as well as the record holder.  If, however, the certificate(s) were registered in the name of a third party, such as a brokerage firm or other nominee, you are the beneficial owner and the third party is the record holder.

2.     Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Gatos Securities that forms the basis of this claim, as well as the owner of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

3.     All joint owners must sign this claim. Executors, administrators, guardians, conservators, legal representatives, and trustees must complete and sign this claim on behalf of

---

[2]     "Gatos Securities" means Gatos common stock, call options of Gatos, and put options of Gatos.

persons represented by them and their authority must accompany this claim and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

4.       A claim should be submitted for each separate legal entity (*e.g.*, a Proof of Claim of joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity on one Proof of Claim, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Proof of Claim).

## III.       IDENTIFICATION OF TRANSACTIONS

1.       Use **Parts II and III** of this form entitled "Schedule of Transactions in Gatos Securities" to supply all required details of your transaction(s) in Gatos Securities. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.       On the schedules, provide all of the requested information with respect to your holdings, purchases, and sales of Gatos Securities, including whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

3.       List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4.       The date of covering a "short sale" is deemed to be the date of purchase of Gatos's publicly traded common stock. The date of a "short sale" is deemed to be the date of sale of Gatos common stock. A purchase or sale of Gatos common stock shall be deemed to have occurred on the

"contract" or "trade" date as opposed to the "settlement" or "payment" date; please provide any "contract" or "trade" dates in your claim.

5.      Purchases and acquisitions of Gatos common stock will be considered to have been made in or traceable to the 2021 Registration Statement for the July 15, 2021 Secondary Public Offering of Gatos common stock (the "SPO") only if they occurred between July 15, 2021 and August 18, 2021 (both dates inclusive), and were made (i) at the SPO offering price of 14.00 and/or (ii) directly from an underwriter for the SPO (BMO Capital Markets Corp., Goldman Sachs & Co. LLC, RBC Capital Markets, LLC, Canaccord Genuity Corp., and CIBC World Markets Corp.). Claimants must provide adequate documentation of these conditions.

6.      For each transaction, you must provide, together with this Proof of Claim, copies of broker confirmations, stockbroker statements, or other documentation adequately evidencing your transactions in Gatos Securities. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim. **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN GATOS SECURITIES**.

7.      The above requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required, and the failure to provide such information may delay processing of your claim or result in its rejection.

8.      NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Claimants MUST submit a signed Proof of Claim whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must visit www.gatossecuritieslitigation.com or contact the Claims Administrator at 877-757-6172 to obtain

- 4 -

the required file layout.  Any file not in accordance with the required electronic filing format will be subject to rejection.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

*Bilinsky v. Gatos Silver Inc. et al.*,

No. 1:22-cv-00453-PAB-KLM

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

_____, 2023

Please Type or Print

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN GATOS SECURITIES. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OR RESULT IN REJECTION OF YOUR CLAIM.**

**PART I – CLAIMANT IDENTIFICATION**

The Claims Administrator will use this information for all communications regarding this Proof of Claim. If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's First Name      MI      Beneficial Owner's Last Name

Co-Beneficial Owner's First Name      MI      Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

Address 1 (street name and number)

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

Address 2 (apartment, unit, or box number)

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

City            State    ZIP/Postal Code

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]   [ ][ ]   [ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

Foreign Country (only if not USA)      Foreign County (only if not USA)

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

Social Security Number (last four digits only)   Taxpayer Identification Number (last four digits)

[ ][ ][ ] - [ ][ ] - [ ][ ][ ][ ]   OR   [ ][ ] - [ ][ ][ ][ ][ ][ ][ ]

Telephone Number (home)      Telephone Number (work)

[ ][ ][ ] - [ ][ ][ ] - [ ][ ][ ][ ]      [ ][ ][ ] - [ ][ ][ ] - [ ][ ][ ][ ]

Email address

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

Account Number (if filing for multiple accounts, file a separate Proof of Claim for each account)

[ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ][ ]

## SCHEDULES OF TRANSACTIONS IN GATOS SECURITIES

**PART II:**  **TRANSACTIONS IN GATOS COMMON STOCK**

---

**1. BEGINNING HOLDINGS -** State the total number of shares of Gatos common stock held at the close of trading on December 8, 2020.  If none, write "0" or "Zero." (Must submit documentation.) _____

---

**2. PURCHASES**   Separately list each purchase or acquisition of Gatos common stock from October 28, 2020 through and including [the mailing date of the Notice]. Use the checkbox to indicate any transactions that were **not** denominated in U.S. dollars.  Use the checkbox to indicate any Gatos common stock purchased in or traceable to the SPO (as explained in Section III.5 above).  (Must submit documentation.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Purchased in Non-U.S. Currency | Was the Share Purchased in or Traceable to the July 15, 2021 SPO |
|---|---|---|---|---|---|
| | | | | | |
| | | | | ☐ | ☐ |
| | | | | ☐ | ☐ |
| | | | | ☐ | ☐ |
| | | | | ☐ | ☐ |

---

**3. SALES**   Separately list each and every sale of Gatos common stock from October 28, 2020 through and including [the mailing date of the Notice].  Use the checkbox to indicate any transactions that were **not** denominated in U.S. dollars.  (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) | Purchased in Non-U.S. Currency |
|---|---|---|---|---|
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |
| | | | | ☐ |

---

**4. HOLDINGS AT END OF 90-DAY LOOKBACK PERIOD** – State the total number of shares of Gatos common stock held as of the close of trading on April 25, 2022.  If none, write "0" or "Zero."  (Must submit documentation.) _____

---

**5. HOLDINGS AT [NOTICE MAILING DATE]** – State the total number of shares of Gatos common stock held as of the close of trading on [the mailing date of the Notice]. If none, write "0" or "Zero." (Must submit documentation.) _____

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE, ADD THE TRANSACTIONS, AND CHECK THIS BOX** ☐

## PART III: SCHEDULE OF TRANSACTIONS IN EXCHANGE-TRADED GATOS OPTIONS

### PURCHASES/REPURCHASES

A.     I made the following purchases/repurchases of exchange-traded options on Gatos common stock during the period from December 9, 2020 through and including January 25, 2022, inclusive:

| Option Type | Date(s) of transaction (List Chronologically) | Number of Option contracts acquired | Expiry Date (Month/Year) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Exercised Date |
|---|---|---|---|---|---|---|---|
| ☐ Put ☐ Call | MM DD YY | | MM YY | | | ☐ | MM DD YY |
| ☐ Put ☐ Call | | | | | | ☐ | |
| ☐ Put ☐ Call | | | | | | ☐ | |
| ☐ Put ☐ Call | | | | | | ☐ | |
| ☐ Put ☐ Call | | | | | | ☐ | |
| ☐ Put ☐ Call | | | | | | ☐ | |
| ☐ Put ☐ Call | | | | | | ☐ | |
| ☐ Put ☐ Call | | | | | | ☐ | |

### SALES/WRITTEN

B.     I sold/wrote the following exchange-traded put options on Gatos common stock during the period from December 9, 2020 through and including January 25, 2022, inclusive.

| Option Type | Date(s) of transaction (List Chronologically) | Number of Option contracts acquired | Expiry Date (Month/Year) | Strike Price | Transaction price per option contract | [X]expired [A]ssigned [E]xercised | Exercised Date |
|---|---|---|---|---|---|---|---|
| ☐ Put ☐ Call | MM DD YY | | MM YY | | | ☐ | MM DD YY |
| ☐ Put ☐ Call | | | | | | ☐ | |
| ☐ Put ☐ Call | | | | | | ☐ | |
| ☐ Put ☐ Call | | | | | | ☐ | |
| ☐ Put ☐ Call | | | | | | ☐ | |
| ☐ Put ☐ Call | | | | | | ☐ | |
| ☐ Put ☐ Call | | | | | | ☐ | |
| ☐ Put ☐ Call | | | | | | ☐ | |

**YOU MUST READ AND SIGN THE RELEASE ON PAGES 10-11. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENT

By signing and submitting this Proof of Claim, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Proof of Claim under the terms of the Plan of Allocation described in the accompanying Long-Form Notice. I (We) also submit to the jurisdiction of the United States District Court for the District of Colorado (the "Court") with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein. I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Gatos Securities, if required to do so. I (We) have not submitted any other claim covering the same transactions in Gatos Securities that are the subject of this claim and know of no other person having done so on my (our) behalf.

## V.     RELEASES, WARRANTIES, AND CERTIFICATION

By signing and submitting this Proof of Claim, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) as follows:

1.     I (We) hereby warrant and represent that I am (we are) a Settlement Class Member as defined in the Long-Form Notice, that I am (we are) not excluded from the Settlement Class, that I am (we are) not one of the "Released Parties" as defined in the accompanying Long-Form Notice.

2.     As a Settlement Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Released Claims as to each and all of the Defendants and their Related Parties (as these terms are defined in the accompanying Long-Form

- 10 -

Notice). This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

3.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

4.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Gatos Securities that occurred during the relevant periods and the number of Gatos Securities held by me (us), to the extent requested.

5.     I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

6.     I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

7.     Executed this _____ day of_____, 2023

_____
Signature of Claimant, if any

_____
Type or print name of Claimant

_____
Signature of Joint Claimant, if any

_____
Type or print name of Joint Claimant

_____
Signature of person signing on behalf
of Claimant

_____
Type or print name of person signing
on behalf of Claimant

_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g.,
Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

**REMINDER CHECKLIST:**

1.      You must sign this Proof of Claim.

2.      Remember to attach supporting documentation, if available.

3.      DO NOT HIGHLIGHT THE PROOF OF CLAIM OR YOUR SUPPORTING DOCUMENTATION.

4.      Attach only copies of supporting documentation, not originals, as these documents will not be returned to you.

5.      Keep a copy of your Proof of Claim for your records.

6.      If you move after submitting this Proof of Claim, please promptly notify the Claims Administrator of the change in your address; otherwise, you may not receive additional notices or payment.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00453-PAB-KLM

MICHAEL BILINSKY, Individually and On Behalf of All Others
Similarly Situated,

   Plaintiff,

v.

GATOS SILVER, INC.,
STEPHEN ORR,
ROGER JOHNSON,
PHILIP PYLE,
JANICE STAIRS,
ALI ERFAN,
IGOR GONZALES,
KARL HANNEMAN,
DAVID PEAT,
CHARLES HANSARD, and
DANIEL MUÑIZ QUINTANILLA,

   Defendants.


SUMMARY NOTICE

EXHIBIT A-4

TO:   **All Persons and entities that (i) during the period from December 9, 2020 and January 25, 2022, both inclusive (the "Class Period"), purchased or otherwise acquired Gatos common stock listed on the NYSE, or, in domestic transactions, purchased or otherwise acquired publicly traded call options on Gatos common stock, and/or sold publicly traded put options on Gatos common stock, and were damaged thereby; or (ii) purchased or otherwise acquired Gatos common stock pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, in domestic transactions or on the NYSE, and were damaged thereby (the "Settlement Class").**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT**.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the District of Colorado (the "Court") and Rule 23 of the Federal Rules of Civil Procedure, that a hearing will be held on _____, 2023, at __:__ _.m., before the Honorable Philip A. Brimmer, at the Alfred A. Arraj United States Courthouse, in Courtroom A701, 901 19th Street, Denver, CO 80294, for the purpose of determining: (1) whether the proposed settlement of the claims in the above-captioned litigation (the "Litigation") for the sum of $21,000,000 in cash (the "Settlement") should be approved by the Court as fair, reasonable, and adequate; (2) whether a Settlement Class should be certified for purposes of the Settlement; (3) whether, thereafter, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation of Settlement dated July 13, 2023 (the "Stipulation"); (4) whether the proposed Plan of Allocation is fair, reasonable, and adequate and therefore should be approved; and (5) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Litigation together with the interest earned thereon (and any payment to the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 in connection with his representation of the Settlement Class).   The Court may change the date of this hearing, or hold it remotely, without providing another notice.   You do NOT need to attend the hearing to receive a distribution from the Net Settlement Fund.

The Litigation has been preliminarily certified as a class action on behalf of a Settlement Class of all Persons or entities that (a) from December 9, 2020 through January 25, 2022, both inclusive, purchased or otherwise acquired Gatos common stock listed on the NYSE, or, in domestic transactions, purchased or otherwise acquired publicly traded call options on Gatos common stock or sold publicly traded put options on Gatos common stock, and were damaged thereby; or (b) in domestic transactions or on the NYSE, purchased or otherwise acquired Gatos common stock pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, and were damaged thereby, except for certain Persons or entities excluded from the Settlement Class, as defined in the full Long-Form Notice of Pendency and Proposed Settlement of Class Action ("Long-Form Notice"), which is available as described below.   If the Settlement is approved, it will resolve all claims in the Litigation.   Capitalized terms that are not otherwise defined herein shall have the meanings ascribed to them in the Long-Form Notice and/or Stipulation.

A detailed description of the Litigation, including important information about your rights and options, is in the detailed Long-Form Notice available at www.gatossecuritieslitigation.com or

by contacting the Claims Administrator at: *Gatos U.S. Securities Litigation*, Claims Administrator, P.O. Box 5768, Portland, OR 97228-5768, or 877-757-6172.

**If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must submit a Proof of Claim and Release form ("Proof of Claim") online at www.gatossecuritieslitigation.com or by mail postmarked no later than _____, 2023. Failure to timely submit a Proof of Claim will subject your claim to possible rejection and may preclude you from receiving any payment from the Settlement.**

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion electronically submitted or postmarked by _____, 2023, in the manner and form explained in the detailed Long-Form Notice referred to above. All Members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the terms and conditions of the Stipulation.

Any objection to the Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be mailed or delivered to the Clerk of Court and counsel for the Parties at the addresses below such that it is received no later than _____, 2023:

*Court*:

Clerk of the Court
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
Alfred A. Arraj United States Courthouse, Room A105
901 19th Street
Denver, CO 80294-3589

*Counsel for Plaintiffs*:

Joseph A. Fonti
BLEICHMAR FONTI & AULD LLP
Times Square Tower
7 Times Square, 27th Floor
New York, NY 10036
gatossettlement@bfalaw.com

*Counsel for Gatos and the Individual Defendants*:

Michael S. Flynn
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

Counsel for the Underwriter Defendants:

Audra J. Soloway
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**  If you have any questions about the Settlement, you may contact counsel for Plaintiffs at the address listed above, email gatossettlement@bfalaw.com, call (888) 879-9418, or go to the following website: www.gatossecuritieslitigation.com.


DATED:_____


                                          BY THE COURT:


                                          _____

                                          Chief Judge Philip A. Brimmer

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00453-PAB-KLM

MICHAEL BILINSKY, Individually and On Behalf of All Others
Similarly Situated,

       Plaintiff,

v.

GATOS SILVER, INC.,
STEPHEN ORR,
ROGER JOHNSON,
PHILIP PYLE,
JANICE STAIRS,
ALI ERFAN,
IGOR GONZALES,
KARL HANNEMAN,
DAVID PEAT,
CHARLES HANSARD, and
DANIEL MUÑIZ QUINTANILLA,

       Defendants.

[PROPOSED] FINAL JUDGMENT APPROVING SETTLEMENT

EXHIBIT B

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated _____, on the application of the Parties for approval of the settlement set forth in the Stipulation of Settlement dated September 12, 2023 (the "Stipulation"). Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Court has jurisdiction over the subject matter of the Litigation and over all Parties to the Litigation, including all Members of the Settlement Class.

2.     All defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

3.     For settlement purposes only, the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (i) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of Plaintiffs are typical of the claims of the Settlement Class; (iv) Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: that the claims of Settlement Class Members in the Litigation are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of individual actions; and it does not appear that there

is significant interest among Settlement Class Members in individually controlling the litigation of their claims.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for settlement purposes only, a Settlement Class defined as: all Persons and entities who or which either (i) during the period from December 9, 2020 to January 25, 2022, both inclusive (the "Class Period"), purchased or otherwise acquired Gatos common stock listed on the NYSE, or, in domestic transactions, purchased or otherwise acquired publicly traded call options on Gatos common stock, and/or sold publicly traded put options on Gatos common stock, and were damaged thereby; or (ii) purchased or otherwise acquired Gatos common stock pursuant or traceable to the 2020 Registration Statement or the 2021 Registration Statement, in domestic transactions or on the NYSE, and were damaged thereby.  Excluded from the Settlement Class are: Defendants, the current and Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, any entity in which such excluded persons have or had a majority interest, and the Electrum Group, LLC; *provided*, *however*, that any "Investment Vehicle" shall not be excluded from the Settlement Class.  "Investment Vehicle" means any investment company, pooled investment fund, or separately managed account (including, but not limited to, mutual fund families, exchange traded funds, funds of funds, private equity funds, real estate funds, hedge funds, and employee benefit plans) in which the Underwriter Defendants, or any of them, have, has, or may have a direct or indirect interest, or as to which its affiliates may serve as a fiduciary or act as an investment advisor, general partner, managing member, or in any other similar capacity, but in which any of the Underwriter Defendants alone or together, with its, his, or her respective affiliates, is not a majority owner or does not hold a majority beneficial interest.  Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from

the Settlement Class pursuant to the Notice Order. Pursuant to Rule 23, and for purposes of settlement only, the Court hereby affirms its determination in the Notice Order and finally certifies Plaintiffs as Settlement Class Representatives, and finally appoints the law firm of Bleichmar Fonti & Auld LLP as Settlement Class counsel.

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects fair, reasonable, and adequate, having considered and found that: (i) Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (ii) the proposal was negotiated at arm's length; (iii) the relief provided for the Settlement Class is adequate, having taken into account (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; (c) the terms of any proposed award of attorneys' fees, including timing of payment; and (d) any agreement required to be identified under Rule 23(e)(2); and (iv) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

6.      The Court hereby dismisses the Litigation and all Released Claims of Plaintiffs and the Settlement Class with prejudice, without costs as to any of the Released Parties, except as and to the extent provided in the Stipulation and herein.

7.      All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Order, pursuant to their terms.

8.      The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Settlement Class Members (regardless of whether or not any

individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

9.      Upon the Effective Date, Plaintiffs and each of the Settlement Class Members, and their heirs, executors, administrators, successors, and assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims (including, without limitation, Unknown Claims) against Defendants and their Related Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release or participates in the Settlement Fund.

10.     Upon the Effective Date, each of the Defendants and their Related Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, Plaintiffs' Counsel, each and all of the Settlement Class Members, and their employees, successors, and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of (i) the Litigation; or (ii) the Released Claims, except for those claims brought to enforce the Settlement.

11.     Upon the Effective Date, Plaintiffs and each of the Settlement Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Defendants and their Related Parties from all Released Claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Litigation or the Released Claims.  Claims to enforce the terms of the Stipulation are not released. For avoidance of doubt and without limitation to other claims or potential claims not released hereby, Released Claims do not include any breach of fiduciary duty, unjust enrichment, or waste

claims by or on behalf of Gatos against the Individual Defendants or other individuals, which claims are referenced in or may arise from the litigation demand sent by Kathleen Marcus on April 27, 2023.

12.     Upon the Effective Date, Plaintiffs and each of the Settlement Class Members who have not validly opted out of the Settlement Class, and anyone claiming through or on behalf of them, are forever barred and enjoined from commencing, instituting, intervening in, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Defendants and their Related Parties, and each of them.

13.     Upon the Effective Date, (i) all Persons shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any of the Defendants or their Related Parties of any claims for contribution or indemnity where the alleged injury to that Person is that Person's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Litigation, arising from or related to the claims and allegations asserted by Plaintiffs in the Litigation, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and (ii) the Defendants and their Related Parties shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Person of any claims for contribution or indemnity where the alleged injury to any of the Defendants or their Related Parties is such Person or entity's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Litigation, arising from or related to the claims and allegations asserted by Plaintiffs in the Litigation, whether arising under state, federal, or foreign law as claims, cross-claims, counterclaims, or third-party claims, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or

other forum in the United States or elsewhere; provided, however, that nothing herein shall release or alter the contractual rights, if any, under the terms of any bylaws or other written agreement between any of the Individual Defendants, Gatos, and/or the Underwriter Defendants.

14.     Notwithstanding paragraphs 9 through 13 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

15.     The dissemination of the Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class ("Notice"), Long-Form Notice of Pendency and Proposed Settlement of Class Action, and Summary Notice in accordance with the Notice Order entered on _____, 2023 complied with the terms of the Stipulation and the Notice Order and was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process. No Settlement Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Members of the Settlement Class are bound by this Order and Final Judgment, except those persons listed on Exhibit 1 to this Final Judgment.

16.     Gatos has complied with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.* ("CAFA"). Gatos timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Gatos has complied in all respects with the notice requirements of CAFA.

17.     Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

18.     Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Litigation, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of Defendants; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any Defendant; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, proceeding or other forum or tribunal.

19.     Defendants and their Related Parties may file the Stipulation and/or this Judgment in any action in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

20.     The Court shall retain jurisdiction for the purposes of enforcing the terms of this Judgment.  Except as necessary to enforce the terms of this Judgment, this Litigation and the Amended Complaint, as well as all of the Released Claims, are hereby dismissed with prejudice.

21.     The Court finds that during the course of the Litigation, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

22.     Without further approval from the Court, Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Settlement.

23.     If the Settlement is terminated as provided in the Stipulation, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and Defendants, all of whom shall revert to their respective positions in the Litigation as of June 13, 2023.

24.     The Claims Administrator shall administer the claims administration process, including the calculation of claims submitted by Settlement Class Members and distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Court-approved Plan of Allocation. All Settlement Class Members shall submit a Proof of Claim and Release ("Proof of Claim") under penalty of perjury by the date set forth in the Notice sent to Settlement Class Members. Lead Counsel may, in its discretion, accept for processing any late-submitted Proof of Claim so long as the distribution of the Net Settlement Fund is not materially delayed.

25.     If a Proof of Claim is deficient, the Claims Administrator shall send the Settlement Class Member a deficiency letter which will give the Settlement Class Member twenty calendar (20) days to cure the deficiency. If the Settlement Class Member fails to cure the deficiency within the

twenty (20) calendar-day period, the Claims Administrator shall send the Settlement Class Member a letter notifying the Settlement Class Member that the Proof of Claim has been rejected.  The rejection letter will advise the Settlement Class Member of the reason (s) for the rejection of the Claim and his, her, or its right to review the determination of the Proof of Claim.  If the Proof of Claim is still rejected, the Settlement Class Member must move this Court within twenty (20) days to have the Proof of Claim accepted by Lead Counsel and the Claims Administrator; this deadline may be extended at Lead Counsel's discretion to facilitate resolving any disputes before their presentation to the Court.

26.     There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.


DATED:_____

                              BY THE COURT:


                              _____

                              Chief Judge Philip A. Brimmer